# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOYCE BEATTY,<br><br>       *Plaintiff*,<br><br>  v.<br><br>DONALD J. TRUMP *et al.*,<br><br>       *Defendants*. | No. 25-cv-4480 (CRC) |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's Motion for Limited Temporary Restraining Order and for Preliminary Injunction. This Order addresses only the aspect of the motion seeking a Temporary Restraining Order, for ruling at a later date, pursuant to LCvR 65.1(d).

Having reviewed Plaintiff's First Amended Complaint and the Memorandum of Law, declarations, and other evidence and argument submitted in support of the Motion, as well as any opposition thereto, and in accordance with Federal Rule of Civil Procedure 65, the Court finds that Plaintiff has satisfied the requirements for the issuance of a temporary restraining order. Plaintiff has established (1) a substantial likelihood of success on the merits of her claims that she is lawfully entitled, as an ex officio trustee, to fully participate in meetings of the John F. Kennedy Center for the Performing Arts ("Kennedy Center") Board of Trustees (including the upcoming meeting scheduled for March 16, 2026), and is legally entitled to documents and information necessary for her to perform her fiduciary duties as a trustee, including as relevant to the decision at issue in the March 16, 2026 meeting, *to wit*, the closure and rebuilding of the Kennedy Center; (2) Plaintiff will be irreparably harmed, absent a TRO enjoining her exclusion

from meaningful participation at that meeting, issued before that meeting is held; and (3) that the public interest and balance of the equities strongly favor entry of a temporary restraining order.

It is hereby ORDERED that a TEMPORARY RESTRAINING ORDER is ENTERED in this case. It is further ORDERED that:

1) Defendants, together with their employees, agents, and anyone acting in concert with them, are ENJOINED from:

    a)    Holding a meeting of the Board of Trustees of the Kennedy Center to consider closing and rebuilding the Kennedy Center without allowing Plaintiff to attend—whether in person or by remote electronic means—and to fully participate in the meeting;

    b)    from muting or otherwise preventing Plaintiff from speaking or being heard at the meeting of the Board of Trustees to consider the proposal to close and rebuild the Kennedy Center, currently scheduled for March 16, 2026 ("the upcoming Board meeting");

    c)    preventing Plaintiff from voting at the upcoming Board meeting, or from counting her vote any differently from any other member of the Board;

    d)    withholding from Plaintiff relevant documents and information about the announced plan to close and rebuild the Kennedy Center, including:

        i.    Documents setting forth the intended renovations, construction, and/or rebuilding, including proposed timelines for various steps; supporting plans, drawings, and blueprints; identities of the contractors or proposed contractors to complete the work; contracts or proposed contracts for the work; and details regarding the specific sources and amounts of funding for the project;

        ii.    A list of all contracts the Center has in place that would be affected by the two-year closure, including but not limited to performance contracts;

      iii.   A list of all contractors, musical experts, art institutions, and other advisors and consultants President Trump (or others acting on his behalf) consulted during the "one year review" described by President Trump in his public announcement;

      iv.   All reports and communications from any contractors, musical experts, art institutions, and other advisors and consultants received by Defendants in connection with the above-referenced inquiry and/or regarding the Kennedy Center's continued operation, its closure, or plans for renovation or rebuilding;

      v.   Any analysis conducted on the necessity to close the Center during the period of renovation and documentation related to the costs of such closure.

2) Defendants are also ORDERED to provide to Plaintiff, as far in advance of the upcoming Board meeting as possible, the documents described above in 1(d), to the extent they exist and are within Defendants' possession, custody, or control.  Defendants shall not knowingly move any such documents out of their possession, custody, or control after entry of this Order for the purpose of avoid turning them over to Plaintiff.

3) The Court, in its discretion, waives the requirement for Plaintiff to post bond under Federal Rule of Civil Procedure 65(c), because requiring one would have the effect of denying Plaintiff her right to judicial review of governmental action.

SO ORDERED this _____ day of March, 2026.


                                        _____
                                        HONORABLE JUDGE CHRISTOPHER COOPER
                                          UNITED STATES DISTRICT JUDGE