**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOYCE BEATTY, | |
| *Plaintiff,* | |
| v. | No. 25 Civ. 4480 (CRC) |
| DONALD J. TRUMP *et al.*, | |
| *Defendants.* | |

**<u>MOTION FOR SCHEDULING ORDER OR A SCHEDULING CONFERENCE</u>**

The Board of Trustees of the Kennedy Center met on March 16, 2026, and voted to shut down the Center for two years, consistent with the plan announced by President Trump on February 1, 2026.  The parties subsequently conferred about a proposed schedule for briefing Plaintiff's pending motion for preliminary injunction regarding the shutdown and "rebuilding," ECF No. 13, but were unable to reach an agreement.  Accordingly, the parties explain their respective positions and proposed schedules below and respectfully request that the Court set a briefing schedule.  In the alternative, the parties move for a scheduling conference with the Court.

**A. Plaintiff's Position**

Plaintiff believes her motion for preliminary injunction requires speedy resolution, consistent with the presumptive timelines under the Local Rules, to avoid the irreparable harm that will occur absent a preliminary injunction.  Local Rule 65.1 provides, as a default, that oppositions to PI motions should be filed within 7 days of service, and a hearing held within 21 days.

Sticking as closely as possible to this schedule is both appropriate and necessary here given the exigencies.  As Plaintiff explained in her motion, Defendants' actions are causing ongoing irreparable harm right now.  Adopting a lengthy briefing schedule will make it impossible to un-

ring the bell—even if the Court rules in Plaintiff's favor *before* the July shutdown date. As our filings detailed, Defendants either are currently undertaking or will shortly be taking (*i.e.*, as soon as April) steps to shut down the Kennedy Center, such as (i) laying off staff, (ii) canceling previously scheduled performances, and (iii) losing a crucial window to secure performances for the upcoming 2026-2027 season. This will cause severe and irreparable harm to the Kennedy Center's relationships with performers, employees, donors, and patrons—well before the July shutdown date. And as the declarations accompanying the motion show, once these injuries occur, it will be incredibly difficult if not impossible to remedy them, even if Plaintiff succeeds on the merits.[1]

At the same time, Plaintiff would like to supplement the record to incorporate the documents and declarations produced by Defendants in response to the Court's March 14 temporary restraining order, so that the Court may consider the analysis (or lack thereof) that Defendants undertook in ruling on Plaintiff's motion. Accordingly, Plaintiff respectfully requests that the Court set the following schedule:

1) Plaintiff's supplemental materials in support of the preliminary injunction shall be due on March 18, 2026;

---

[1] *See, e.g.*, Declaration of Mallory Miller ¶ 18 ("[T]hese harms will start occurring well in advance of the July closure. In fact, they are already materializing. Employees of the Center with institutional knowledge are likely to start departing in anticipation of layoffs. Based on conversations with employees, I am aware that employees expect layoffs to begin in April 2026 . . . . The performing companies that would otherwise be committing to the Kennedy Center's next season during the current booking window are not making those commitments. Every week that passes without resolution makes recovery less likely."); Declaration of Edwin Andrew Taylor ¶ 12 ("[The presenting and venue rental decisions for the fall season are typically being confirmed right now, in March and April. . . . By July, those alternate commitments have generally been confirmed, and the Kennedy Center would struggle to unwind them."); Declaration of Joshua Borenstein ¶ 23 ("The harms which I have described are already beginning to materialize as the closure announcement creates uncertainty about the Kennedy Center's future. Artists, their representatives, and producing organizations making decisions about touring schedules and venue commitments for future seasons are doing so right now, without confidence about whether the Kennedy Center will be open to receive them.").

2)  Defendants' opposition to the motion shall be due on March 25, 2026; and

3)  Plaintiff's reply shall be due on April 1, 2026.

Plaintiff also notes that, in the interest of reaching a consensus regarding the briefing schedule, shortly before the filing of this motion, Plaintiff proposed to Defendants that the parties could adopt Defendants' lengthier schedule if Defendants agreed to forego announcing or undertaking layoffs, canceling contracts, or canceling performance negotiations before the Court ruled on the PI.  Defendants responded that they are "not able at this time to make specific commitments about the timing of any potential layoffs, contract cancellations, or performance negotiations, to the extent that such activities are planned at all for the near future."

Recognizing that the Court has expressed a preference for resolving as many issues as possible on a similar timeline, Plaintiff would be prepared to move for partial summary judgment on the issue of the Center's name change by March 25, 2026, and agree to a briefing schedule that allowed the partial summary judgment motion to be addressed in a single hearing with the PI motion.  Plaintiff submits that it would be premature, however, to resolve claims about the closure and "rebuilding" through summary judgment at this stage, because Defendants may dispute material issues of fact.  Accordingly, a timely ruling on her motion for a preliminary injunction is needed to prevent irreparable harm—and preserve the status quo—until the merits of those claims can be finally resolved.

## B. Defendants' Position

Plaintiff served her complaint on Defendants on December 31, 2025, such that an answer to the complaint was originally due on March 2, 2026 by operation of Federal Rules of Civil Procedure 6(a)(1)(C) and 12(a)(2). The Court granted Defendants' unopposed request for a two-week extension to Defendants deadline to serve an answer or other response to Plaintiff's complaint, which would have been due on March 16, 2026. *See* Min. Order (Feb. 25, 2026). On

March 6, 2026, Plaintiff amended her complaint and filed a combined motion for temporary restraining order and a preliminary injunction.

The Court held a scheduling conference on March 6, 2026, to set a schedule to brief Plaintiff's motion for temporary restraining order, reserving briefing for Plaintiff's motion for a preliminary injunction for a later date. *See* Mar. 6 Hr'g Tr. at 8:10–14. At that conference, the Court indicated that it preferred to proceed with Plaintiff's remaining requests for relief "all at one time, if that's possible." *Id.* at 9:15–16. The Court entered a scheduling order thereafter. *See* Min. Order (Mar. 6, 2026). Pursuant to the Court's scheduling order, the parties completed briefing on Plaintiff's motion for temporary restraining order on March 11, *see* ECF No. 20, and participated in a hearing before the Court on March 12, *see* Min. Entry (Mar. 12, 2026). On March 14, 2026, the Court granted in part and denied in part Plaintiff's request for a temporary restraining order. *See* ECF No. 24. On March 16, 2026, following the Board of Trustees meeting that formed the crux of the dispute addressed in the Court's March 14 temporary restraining order, counsel for Defendants contacted Plaintiff's counsel with a proposal for a consolidated briefing schedule, considering the Center's impending closure on July 7, 2026. Defendants' proposal, as outlined here, would have Defendants respond to Plaintiff's motion for a preliminary injunction and, in the same filing, move for summary judgment on Plaintiff's amended complaint. With briefing complete by May 8, 2026, Defendants' proposal also would ensure the parties file consolidated briefing to address Plaintiff's remaining request for emergency relief and any other threshold issues that may have the potential to resolve this entire litigation, in accordance with the Court's expressed desire at the March 6 scheduling conference to avoid seriatim briefing in this litigation. Defendants' proposal is more efficient and comprehensive than Plaintiff's. To date, given the exigencies of Plaintiff's primary emergency request and the Court's order that Defendants respond only to Plaintiff's motion for temporary restraining order, Defendants have not yet prepared a

response to Plaintiff's amended complaint that would adequately advance all of Defendants' interests in this litigation.

Plaintiff argues that a faster schedule is necessary. Plaintiff proposes to file a supplemental brief on March 18, that Defendants file any opposition to Plaintiff's preliminary-injunction motion by March 25, and that Plaintiff file a reply in support of her preliminary-injunction by April 1. Next, Plaintiff proposes to file a separate partial motion for summary judgment on the issue of the Center's name by March 25, 2026.

Plaintiff's proposal requires briefing on two tracks. It does not provide an opportunity for the Court to resolve most issues attendant to this litigation—including threshold jurisdictional issues—all at once, without resorting to seriatim briefing. Since Plaintiff's asserted harms tie directly to closure of the Center, which will not occur until July 2026, Defendants' marginally lengthier proposal will not prejudice Plaintiff. *See* LCvR 65.1(d). Indeed, "expedition" is not "essential," under LCvR 65.1(d), for exactly that reason. And, moreover, the Court already determined that the default timeline in LCvR 65.1(d) should not apply in this case, given the Court's desire to address the claims underlying Plaintiff's motion for temporary restraining order—and only those claims—first. Defendants' proposal means that by early May, briefing will be complete on both Plaintiff's preliminary-injunction motion and on threshold jurisdictional and merits issues that might resolve the entire litigation.  This plan provides adequate time for judicial review sufficient to address the alleged harms for which Plaintiff seeks redress. Indeed, even the imminent harms that Plaintiff purports to identify—all of which should instead be asserted by other individuals and institutions, not by Plaintiff herself—show no certainty of occurring far enough in advance to warrant briefing over the next two weeks. *See, e.g.*, Taylor Decl. ¶ 12 (noting that alternate commitments are "generally . . . confirmed" "[b]y July"), ECF No. 13-20; Miller Decl. ¶ 18 (noting her belief that employees may "start departing" in "anticipation of layoffs"), ECF No.

13-22. Further, consolidated briefing would conserve judicial resources and permit the Court to address Plaintiff's and Defendants' threshold and merits legal arguments without the need to resort to multiple rounds of seriatim briefing.

Accordingly, for good cause shown, Defendants respectfully request that the Court enter the following schedule governing further proceedings in this litigation:

- March 25, 2026: Plaintiff files supplemental brief on preliminary-injunctive relief and motion for partial summary judgment

- April 17, 2026: Defendants file combined response to Plaintiff's motions for a preliminary injunction and for partial summary judgment and cross-motion for summary judgment

- May 1, 2026: Plaintiff files reply in support of preliminary-injunction and partial summary-judgment motions and response to Defendants' cross-motion for summary judgment

- May 8, 2026: Defendants file reply in support of cross-motion for summary judgment

Defendants defer to the Court's discretion in setting any or all motions for hearing on some date thereafter. Defendants further request that the Court stay Defendants' deadline to answer or otherwise respond to Plaintiff's amended complaint pending resolution of the forthcoming motions.

*    *    *

For the foregoing reasons, the Parties respectfully request that the Court set a schedule governing further proceedings or set a scheduling conference with the Court.

Dated: March 16, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 1724093)

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

/s/ Kyle R. Freeny
KYLE R. FREENY
  (D.C. Bar No. 247857)

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER KRISTOFCAK*

DIANE KELLEHER
Branch Director

WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006

STEPHEN M. ELLIOTT
Assistant Branch Director

202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

/s/ William S. Jankowski
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Admitted only in California and New York; practicing under the supervision of D.C. Bar members*

/s/ Norman Eisen
NORMAN EISEN
  (D.C. Bar No. 435051)
STEPHEN JONAS
  (D.C. Bar No. 90037069)
DAVID OGDEN
  (D.C. Bar No. 375951)

*Counsel for Defendants*

DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*