**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BEATTY,

                Plaintiff,

  v.

TRUMP, *et. al.*,

             Defendants.

No. 1:25-cv-04480-CRC

**AMENDED MOTION OF FOR LEAVE TO FILE *AMICI CURIAE*
BRIEF IN SUPPORT OF PLAINTIFF**

Pursuant to Local Civil Rule 7(o), a group of former members of advisory bodies dedicated to the John F. Kennedy Center for the Performing Arts or dedicated to advising the president on cultural policy, together with the Committee for the First Amendment (jointly "Proposed *Amici*"), hereby move for leave to file the attached amicus brief in support of Plaintiff Joyce Beatty's Motion for Preliminary Injunction and Motion for Partial Summary Judgment. In support of this motion, Proposed *Amici* state as follows:

1.      Under Rule 7(o) of the Local Rules of this Court, a motion for leave to file an *amicus* brief should state the nature of the movant's interest; identify the party or parties supported; and set forth reasons why an *amicus* brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case. LCvR 7(o)(2). A motion for leave to file an *amicus* brief should also be "filed in a timely manner, such that it does not unduly delay the Court's ability to rule on any pending matter. *Id.* For the reasons set forth below, the *amicus* brief proposed here satisfies these requirements.

1

2.      *Amici* include individual alumni of the Kennedy Center Board of Trustees and the President's Advisory Committee on the Arts ("PACA"), two advisory bodies dedicated to the John F. Kennedy Center for the Performing Arts ("the Center"). These entities have provided the governance, arts advocacy, cultural diplomacy, and institutional expertise that form the backbone of the Center's leadership, enabling it to fulfill its mandate as a national cultural institution and living memorial to President Kennedy. *Amici* also include individual alumni of the President's Committee on the Arts and the Humanities ("PCAH"), a more broadly-oriented advisory body on cultural policy to the president and the heads of the National Endowment for the Arts, National Endowment for the Humanities, and Institute of Museum and Library Services. *Amici*, drawn from across these bodies and constituencies, have served as loyal stewards of the Center and share a demonstrated commitment to its success, prosperity, and longevity.

3.      Proposed *Amici* also include the Committee for the First Amendment, relaunched by Jane Fonda, a collective of artists, storytellers, and cultural leaders standing together to defend free expression against government repression, industry complicity, and intimidation.

4.      Together, Proposed *Amici* are uniquely positioned to advise the Court on how Defendants' intended closure and renovation are injurious to responsible performing arts management and would have devastating and irreversible ramifications for the Center's long-term viability. Preventing such closure is of paramount importance to the performing arts community, the American public, and the nation's cultural heritage. Proposed *Amici* are able to illuminate the injuries inflicted by the renaming of the Center and how Court intervention will rehabilitate this cherished institution and living memorial to President Kennedy.

5.      Thus, Proposed *Amici* provide a unique understanding of the importance of the Kennedy Center's name, reputation, and ongoing operations. Their information and insights will help the Court better understand why Defendants' actions are so damaging and why preliminary

relief is necessary. In short, Proposed *Amici* offer perspectives on this case that the existing parties cannot provide, which will aid the Court in its resolution of the present dispute.

6.      This motion is timely. Plaintiff Beatty filed her moving papers just seven days ago. Proposed *Amici* have proceeded diligently to prepare the attached brief on a timeline that will enable Defendants to address the arguments contained therein in their forthcoming response brief and at a hearing, if one is scheduled.

7.      Pursuant to Local Rules 7(m) and (o), counsel for Proposed *Amici* have contacted counsel for both Plaintiff and Defendants. Plaintiff consented to the filing of this brief. Although the Department of Justice Manual indicates that the Government should freely consent to amicus briefs, Defendants conditioned their consent on submission of the proposed brief by March 30. Proposed *Amici* were unable to acquiesce to that timeline but maintain that the Defendants still have adequate opportunity to respond to the points raised in Proposed *Amici*'s brief, whether in their response brief or at a hearing.

8.      Proposed *Amici* originally filed this Motion on April 1, 2026 and are refiling their papers now to correct the appendix to the proposed brief; Proposed *Amici* have made no other changes to their submission.

For the foregoing reasons, Proposed *Amici* respectfully request that they be granted leave to file the proposed *amicus curiae* brief.  A proposed order granting the request is attached.

Dated: April 7, 2026

Respectfully submitted,

*/s/ Lila Miller*
Lila Miller (DC Bar # 1643721)
Brenna Kearns (DC Bar # 172541) *
RELMAN COLFAX PLLC
1225 19th St. NW #600
Washington, DC 20036
Tel: (202) 728-1888
lmiller@relmanlaw.com
bkearns@relmanlaw.com

*\*Pro hac vice* application pending

*Counsel for Amici*

4