**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOYCE BEATTY, | |
| *Plaintiff,* | |
| v. | Civil Action No. 25-4480 (CRC) |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants.* | |

## <u>MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION</u>

Defendants respectfully move under Local Civil Rule 65.1(c) for leave to file the attached supplemental declaration, which bears on the equitable factors governing Plaintiff's request for a permanent injunction regarding the Board's adoption of a secondary name.  "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).  Therefore, even if the Court agrees that Plaintiff has standing and wins on the merits, which is not the case here, the Court must still consider, among other things, "the balance of the hardships between the plaintiff and defendant" and whether a permanent injunction would be in "the public interest." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Defendants have previously explained why these factors favor them.  *See, e.g.*, ECF 34-1 at 43-45.

The supplemental declaration bolsters Defendants' position.  Only some of the Center's functions are funded "through Federal appropriations."  Ex. A (Floca Decl.) ¶ 2.  "The budget for

1

all other functions—including administrative staff, certain educational initiatives, programming, and fundraising itself—is funded through private donations and grants." *Id.* To support these functions, President Donald J. Trump, also the Chair of the Center's Board of Trustees, has raised "tens of millions of dollars," and "has committed to raise $150 million on [the Center's] behalf from private donors over the next two years." *Id.* ¶¶ 2, 4. The Board "voted to permanently add" the President's name to the Center to recognize his contributions. *Id.* ¶ 3. If the President's name were removed from the Center, a significant decrease in fundraising would likely follow. *Id.* ¶ 5. This decrease would destabilize "the Center's development efforts," severely impair the Center's "trust-funded artistic programming," and render "the continuation of ongoing trust-funded operations financially nonviable." *Id.*

Because this projected decline in fundraising would inflict more harm on the Center than the adoption of the secondary name will on Plaintiff, *see* ECF 34-1 at 43, the supplemental declaration reaffirms that the balance of the equities and the public's interest in a thriving Center weigh heavily against Plaintiff's requested permanent injunction. The Court should therefore deny it.[1]

---

[1] Defendants conferred with Plaintiff's counsel, and Plaintiff's position is as follows: "Plaintiff opposes the motion on the grounds of untimeliness and the serious prejudice it would cause Plaintiff if the Court were to consider new facts in connection with the parties' cross-motions for summary judgment that she has not had an opportunity to review, test, or respond to. Plaintiff understands the new information relates to fundraising, a matter within Defendants' exclusive control. Plaintiff submits that the filing of new allegations related to fundraising and the renaming of the Center is untimely, and, to the extent Defendants claim it impacts the equities, the public interest is never served by violating the law. In any event, this new information does not impact the preliminary injunction motion and therefore should not be the basis for a delay in a ruling on that emergency motion."

**CONCLUSION**

For the foregoing reasons, and for good cause shown, the Court should grant leave to file

the attached supplemental declaration.

Dated: May 26, 2026                                  Respectfully submitted,

                                                     BRETT A. SHUMATE
                                                     Assistant Attorney General

                                                     YAAKOV M. ROTH
                                                     Principal Deputy Assistant Attorney General

                                                     ERIC J. HAMILTON
                                                     Deputy Assistant Attorney General

                                                     /s/ *Brantley Mayers*
                                                     BRANTLEY MAYERS
                                                     (FL Bar. No. 1039996)
                                                     Counsel to the Assistant Attorney General
                                                     U.S. Department of Justice
                                                     Civil Division
                                                     950 Pennsylvania Avenue, N.W.
                                                     Washington, DC 20530
                                                     Brantley.T.Mayers@usdoj.gov
                                                     (202) 890-9874

                                                     WILLIAM S. JANKOWSKI
                                                     Trial Attorney
                                                     Civil Division, Federal Programs Branch

                                                     *Attorneys for Defendants*