**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOYCE BEATTY,

          *Plaintiff,*

      v.

DONALD J. TRUMP *et al.*,

          *Defendants.*

No. 25 Civ. 4480 (CRC)

**MOTION FOR MISCELLANEOUS RELIEF REGARDING COMPLIANCE**

Plaintiff alerts the Court to a serious concern that Defendants may not be complying with the Court's preliminary injunction order. The Court has already ordered Defendants to file, on June 12, 2026, "a sworn declaration from a responsible official of the Kennedy Center certifying compliance with" its summary judgment order. Summary Judgment Order, ECF No. 49 at 3. Plaintiff respectfully requests that the Court also order Defendants to contemporaneously file a sworn declaration from a responsible official of the Kennedy Center outlining the steps they have taken and plan to take to comply with the preliminary injunction order. This will ensure transparency and provide Plaintiff with assurance that Defendants are complying with the Court's order in good faith.

On June 4, 2026, news outlets reported that a memo was distributed to the entire Kennedy Center about the Court's decision. That memo has now been publicly released to *Politico* and is attached as Exhibit A. In that memo, purportedly from the Kennedy Center's General Counsel, all staff were told "[t]he Court did not rule that the Center must stay open during the renovations, and did not require that the Center present any particular programming on-site during the renovations," and that the "Center is considering its options."

1

That statement is impossible to square with this Court's preliminary injunction order, which unambiguously states that: "Defendants, together with their employees, agents, and anyone acting in concert with them, are hereby preliminarily ENJOINED from enforcing or implementing the John F. Kennedy Center for the Performing Arts Board of Trustees' March 16, 2026 decision to 'wind-down' programming activities and 'close' the Center's 'doors entirely effective July 5, 2026, for such time as is required to complete the repair and restoration funded by Section 60025 of the One Big Beautiful Bill Act.'" PI Order, ECF No. 48 (emphasis removed).

This Court did not dictate what performances the Center must present. But absent this Court "dissolving or modifying" its order, the order is clear: The Center cannot close its doors completely, as originally planned. *Id.* In other words, contrary to Defendants' memo to staff, "the Center must stay open" and present performances for the public. Obviously, in order to do that, steps must be taken now to book acts for the period following July 5, 2026, when Defendants had previously unlawfully intended the Center to go dark. It appears, unfortunately, that Defendants may intend to proceed—full steam ahead—with the shutdown, or simply to effectuate a shutdown by inertia. There is serious reason for concern, therefore, that Defendants are not undertaking a good faith effort to comply with the Court's order and maintain operations after July 5, 2026.

On June 4, 2026, Plaintiff's counsel approached Defendants' counsel with these concerns. Counsel for Defendants initially said they could not speak to the meaning of the memorandum to Kennedy Center staff. Defendants' counsel also stated that they were not in a position to represent whether Defendants are taking any concrete steps or are planning to take any concrete steps to ensure that meaningful operations—including, most notably, any performances—continue after July 5, 2026.

The parties agreed that Defendants would provide a position on Plaintiff's motion. It was Plaintiff's understanding that Defendants' counsel would attempt to receive clarity on the meaning

of the memorandum from their clients.  Plaintiff's counsel emphasized their view of the seriousness of the matter.

On the evening of June 4, 2026, Defendants' counsel stated by email that they oppose this motion.  Defendants further stated the following position: "Plaintiff's motion is utterly without merit.  The Center's memo correctly represented this Court's holding—not that the Center is legally required to stay open during renovations, only that the Board's procedures leading to the March closure vote were inadequate and that the Board's decision therefore could not stand.  The Board will need to meet to determine next steps, and that has not yet occurred.  The Board expects to schedule one or more meetings in the coming weeks to coalesce around a plan for construction while the Center's management compiles comprehensive briefing on the Center's financial, programmatic, and capital-repair needs.  In the interim, the Center is complying with the Court's order by not taking any further action to effectuate the now-vacated closure decision."

That same evening, Plaintiff's counsel replied by email.  Plaintiff's counsel noted that they had understood Defendants' counsel would attempt to clarify the meaning of the all-staff memo with their clients to avoid needing to take further steps with the Court.  But that does not seem to have occurred.  Instead, Defendants' stated position mirrors the statements in the memo that gave rise to Plaintiff's concerns.  In addition, Defendants' position stated what the Court's "holding" was, and Plaintiff is concerned that Defendants appear to be taking sentences from the opinion out of context to circumvent the order.  The order is what governs Defendants' conduct and it prohibits Defendants from proceeding with their unlawful plan to shut down the Center after July 5, 2026.

To further clarify Defendants' position on their obligations pursuant to the Court's order, Plaintiff's counsel requested that Defendants explain whether they "take the position that under the preliminary injunction order—so long as the Board will consider a new vote regarding closure in the coming weeks—they have no obligations to take any steps to keep the Center open after

3

July 5." Plaintiff's counsel again explained that, given the seriousness of the issue, counsel thought it was important for the parties to clarify this matter for the Court.

In response, Defendants' stated: "We acknowledge receipt of your email. Our position remains as set forth in our prior communication."

The unwillingness to confirm that Defendants will do *anything* to keep the Center open after July 5, 2026—which is just a few weeks away—unfortunately heightens Plaintiff's concerns. To be clear: Plaintiff is not asking the Court to superintend or micro-manage the Kennedy Center. But it appears that Defendants' General Counsel has told all staff that Defendants need not do *anything* to ensure the Center remains meaningfully operational after July 5, 2026, and can instead implement a total closure via inertia. Plaintiff respectfully requests that the Court order Defendants to file a sworn declaration from a responsible official of the Kennedy Center outlining any concrete plans they have taken or intend to take to continue operations after July 5, 2026, including the booking of performances. Such a declaration would provide transparency, ensure that Defendants are taking good faith steps to comply with the Court's order, and dispel any concerns that Defendants are implementing the decision to close the Center's doors entirely effective July 5, 2026.

The parties will work toward submitting a joint status report today, consistent with the Court's order. But mindful of the seriousness of this matter, Plaintiff's counsel thought it prudent to bring this matter to the Court's attention immediately. Plaintiff's counsel also stand ready to appear for any hearings or status conferences regarding compliance the Court deems necessary.

4

Dated: June 5, 2026                               Respectfully submitted,

/s/ Norman Eisen                                  /s/ Nathaniel A.G. Zelinsky
NORMAN EISEN                                       NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 435051)                              (D.C. Bar No. 1724093)
STEPHEN JONAS                                      KYLE R. FREENY
  (D.C. Bar No. 90037069)                            (D.C. Bar No. 1684764)
DAVID OGDEN                                        ALEXANDER KRISTOFCAK
  (D.C. Bar No. 375951)                              (D.D.C. Bar No. NY0717)

DEMOCRACY DEFENDERS ACTION                         WASHINGTON LITIGATION GROUP
600 Pennsylvania Avenue SE #15180                  1717 K Street, NW, Suite 1120
Washington, D.C. 20003                             Washington, D.C. 20006
202-594-9958                                       202-521-8750
norman@democracydefenders.org                      nzelinsky@washingtonlitigationgroup.org


*Attorneys for Plaintiff Joyce Beatty*

5