**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY, | |
| *Plaintiff*, | |
| v. | Civil Action No. 25-4480 (CRC) |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's preliminary-injunction order granting in part Plaintiff's Motion for Preliminary Injunction (ECF No. 13) and requiring the parties to "meet and confer and file a joint status report by June 5, 2026, proposing a schedule (or competing schedules) for further proceedings in this case," ECF No. 48 at 2, the parties hereby respectfully provide their respective positions on further proceedings in this litigation.

**A.     Plaintiff's Position:**

Discovery will be appropriate and necessary to the final resolution of the case.  Plaintiff is prepared to begin discovery immediately pursuant to an appropriate schedule, followed by a date for cross-motions on summary judgment and a trial date.  But Defendants have not provided Plaintiff with any concrete details about how Defendants intend to proceed in response to the preliminary injunction order, and thus Plaintiff cannot take a position on a discovery timeline at this juncture.  Depending on Defendants' plan, extremely expedited discovery may be necessary or, alternatively, a less expedited approach may be feasible.

At this juncture, however, Plaintiff has serious concerns regarding Defendants' ongoing compliance with the Court's preliminary injunction order, as detailed in Plaintiff's motion for

1

relief regarding compliance (ECF No. 51). That pending motion requests that the Court order Defendants to provide, on Friday, June 12, 2026, a declaration outlining the steps they have taken and plan to take to comply with the preliminary injunction order. Plaintiff respectfully requests that the parties then provide a Joint Status Report on Monday, June 15, 2026. This schedule would allow the parties to propose a timeline for discovery that takes into account any information Defendants provide, should the Court order Defendants to submit a declaration on June 12, 2026.

It bears emphasis: There is no good reason to delay the start of discovery. Even if Defendants may undertake a new vote at some point in the future, there is discovery the parties can conduct today that will remain relevant to the resolution of this case. Plaintiff is willing to wait to propose a schedule until June 15, 2026, however, in the interests of finding a middle ground with Defendants.

Finally, Defendants state below that they are "currently proceeding under an operational campus model." But as discussed in the motion for relief regarding compliance, Defendants have declined to commit to taking any concrete steps to ensure that, after July 5, 2026, the Kennedy Center remains operational, and continues to present performing arts programs suitable for a national center for the performing arts. As a result, this current statement rings hollow. Because Defendants canceled all programming to effectuate their unlawful order and took other steps to shutter the Kennedy Center, absent concrete steps on Defendants' part there will not be an "operational campus" after July 5, 2026. Plaintiff is therefore deeply concerned that Defendants are attempting to effectuate their shutdown—which the Court enjoined—through inertia.

**B.      Defendants' Position:**

Defendants continue to assess the impact of the Court's order preliminarily enjoining Defendants from "further effectuat[ing]" the Board of Trustees' March 16, 2026 decision to "wind-

down" programming and "close" the Center's "doors entirely effective July 5, 2026." ECF No. 48 at 1 (quoting ECF No. 34-5 at 8). Defendants understand the Court's order and accompanying opinion to contemplate several potential actions Defendants might take. *Id.*; *see also* ECF No. 50 at 88 (noting that the Court's preliminary injunction "should not be understood to enjoin the necessary maintenance and repair work" that Congress authorized under the 2025 reconciliation bill and that such work "may move forward"); *id.* (noting that the Board might "reconsider[] the closure issue in a prudent manner," consistent with its fiduciary duties); *id.* at 86 (noting that "limited closures of spaces in and around the remedial work" authorized by law are "inherent in the construction plans laid out" in the Comprehensive Building Plans).

Defendants are currently contemplating how to proceed with management activities at the Center, given that the Board's closure decision has been enjoined but that the Center retains the ability to proceed, under the congressional appropriation, with the construction and renovation plans that it presented to the Board. Defendants also continue to assess their litigation strategy. As it stands, Defendants are moving forward immediately with critical capital repairs. In accordance with the Court's guidance, design and construction activities are currently proceeding under an operational campus model—*i.e.*, with operations at the campus continuing pending the issuance of any court order that modifies or dissolves the preliminary injunction against closure. The Center's management is currently compiling a comprehensive briefing for the Center's Board of Trustees related to the financial, programmatic, and capital metrics associated with the Center's construction activities. As the project moves forward, the Board will review these metrics to make informed, independent determinations about the sequencing of construction activities, public safety, and the Board's fiduciary responsibilities, including whether any temporary facility closures might be necessary.

The Board expects to schedule one or more meetings in the coming weeks to coalesce around a plan for the Center's construction activities. Defendants hope to be able to provide Plaintiff and the Court further detail on the Center's construction and Board activities in the coming weeks. Accordingly, Defendants respectfully request that the Court enter an order requiring the parties to file a Joint Status Report advising on proposed next steps in two weeks, on June 19, 2026.

As to Plaintiff's request for discovery, it is Defendants' position that discovery is premature at this time. Until the Board decides how to move forward the Board should be given a fair opportunity to evaluate the Court's opinion and determine next steps rather than being subjected to burdensome and distracting discovery that could soon become moot. Last, regarding Plaintiff taking issue with the manner and timing in which the Center schedules its programming—it would be irrational and unreasonable for the Center's staff to start to engage with prospective performers and schedule programming before the Board determines in the coming weeks on how to move forward.

Dated: June 5, 2026

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 1724093)
KYLE R. FREENY
  (D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
  (D.C. Bar No. 90045623)

WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

NORMAN EISEN
  (D.C. Bar No. 435051)
STEPHEN JONAS
  (D.C. Bar No. 90037069)
DAVID OGDEN
  (D.C. Bar No. 375951)

DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
PIERCE ANON
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*

5

**CERTIFICATE OF SERVICE**

I, Nathaniel A.G Zelinsky, hereby certify that on June 5, 2026, I electronically filed the foregoing, and all its attachments, using the Court's CM/ECF system, which automatically serves this document upon all counsel of record, in keeping with LCvR 5.4(d).

/s/ Nathaniel A.G. Zelinsky
Nathaniel A.G. Zelinsky

*Counsel for Defendants*