**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOYCE BEATTY,

     *Plaintiff,*

    v.

DONALD J. TRUMP *et al.*,

     *Defendants*.

No. 25 Civ. 4480 (CRC)

**OPPOSITION TO STAY PENDING APPEAL**

The Court should deny Defendants' eleventh-hour request for a stay pending appeal. *See* Stay Mot., ECF No. 55. The Court provided Defendants with an ample fourteen-day window to comply with its order or instead appeal to the D.C. Circuit. Defendants initially chose to comply, declined to appeal, and began restoring the Kennedy Center's digital and physical footprint, consistent with the Court's instructions. But the night before the deadline, Defendants reversed course. At nearly the last possible moment, after filing a notice of appeal, they moved the Court for the "exceptional relief" of a stay pending appeal. *KalshiEx LLC v. CFTC*, 119 F.4th 58, 63 (D.C. Cir. 2024). This latest gambit is frivolous. The Court should deny the motion.

When evaluating whether to issue a stay, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quotation marks omitted). Moreover, a "stay is not a matter of right," but an "exercise of judicial discretion," "the propriety of" which "is dependent upon the circumstances of the particular case." *Id*. at 434 (cleaned up). Defendants fall

short on each of the four traditional factors.   And in "the circumstances" present here, in which Defendants waited two weeks to appeal, it would be deeply inappropriate to grant them a stay.  *Id*. at 433 (quotation marks omitted).

*First*, Defendants cannot come close to making the requisite "strong showing" of success on appeal necessary to receive a stay.  *Id*. at 426.  This alone is reason enough to deny the motion. This Court issued a thorough 93-page decision that painstakingly analyzed and refuted each of Defendants' arguments.  At the end, the Court correctly held that "Congress gave the Kennedy Center its name, and only Congress can change it."  Mem. Op., ECF No. 50 at 2.  This is not a close call.  Defendants defied the law, breached their basic fiduciary duties, and defaced a sacred memorial to a fallen President.

Defendants are also simply wrong when they argue that Plaintiff lacks Article III standing. Stay Mot. at 3.  As the Court's opinion detailed, Beatty has a fiduciary duty to protect the Kennedy Center, which provides "her a personal stake in this dispute," Mem. Op. at 34 (quotation marks omitted), "Supreme Court precedent also lends clear support to the notion that trustees have Article III standing," *id*. at 35, and if that "were not enough, history and tradition confirm that Beatty's is the type of case that Article III empowers federal courts to consider," *id*. at 40 (quotation marks and brackets omitted).

*Second*, even if the "merits" were "close and difficult" (to be clear, they aren't) Defendants may receive a stay only if they demonstrate "irreparable harm" in the absence of one.  *KalshiEx*, 119 F.4th at 64 ("[A] showing of irreparable harm is a necessary prerequisite for a stay.").  They fail on this prong as well.  Indeed, Defendants were in the midst of complying with the Court's order.  They had already removed Donald Trump's name from the digital and physical realms.  *See* Office of Gen. Counsel, Mem. to Staff, Doc. No. 51-2 at 1; *see also* Kit Maher, *Trump's Name*

*Removed from Kennedy Center Website Branding*, CNN.com (June 8, 2026), https://www.cnn.com/2026/06/08/politics/kennedy-center-trump-name. Defendants will suffer no harm whatsoever if they finalize their compliance with the Court's order. And in the unlikely event Defendants do prevail on appeal, they can put Donald Trump's name back up. There is no urgency requiring a stay, indeed no real injury whatsoever that will accrue if Defendants finish restoring the Kennedy Center to its original congressionally designated name.

Defendants suggest that they will lose "time and money" from restoring the name. Stay Mot. at 2. This grasps at straws. As the Court has explained, "[t]he cost of removing the 'Trump Kennedy' name from the Center's façade, website, and official materials are *de minimis* and, of course, stem from the Board's own unlawful decision." Mem. Op. at 57. Defendants also provide no support for their naked assertion that restoring the name will "impede the Center's fundraising efforts." Stay Mot. at 2. This Court already found that there "is no proof that current or future donations hinge on President Trump's name being on the building." Mem. Op. at 57 n.24.

Moreover, Defendants' own conduct—waiting *two weeks* and within hours of the deadline for compliance before seeking extraordinary relief from the Court—underscores that they suffered no harm. S*ee, e.g.*, *Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) (Marshall, J., in chambers) ("The applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm."); *Fund for Animals v. Friwestzzell*, 530 F.2d 982, 987 (D.C. Cir. 1975) (per curiam) ("Our conclusion that an injunction should not issue is bolstered by the delay of the appellants in seeking one."). A party that sincerely believes it might suffer irreparable harm does not run out the clock in this manner.

*Third*, a stay would deepen the ongoing harms Plaintiff is suffering every day. As the Court noted, Congresswoman "Beatty's inability to administer the trust in accordance with its

governing statute is an irreparable injury." Mem. Op. at 56. Moreover, "the renaming has caused" considerable "damage" "to the trust *res* that Beatty is charged with protecting." *Id.* at 56 n.23. "Following the renaming, many artists canceled upcoming performances," ticket sales "experienced a precipitous drop as compared to prior years, as did viewership of the Kennedy Center Honors broadcast which took place a few days after the renaming." *Id.* (cleaned up). There is only one way to remedy this harm: To halt the unlawful renaming and restore the Kennedy Center to its central purpose, as a living memorial to its namesake and no one else.

*Fourth*, the public interest would be greatly harmed by a stay. As a general matter, the public is *never* served by allowing the government to violate the law. *Id.* at 57 (citing *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016)). It would do considerable damage to issue a stay and send the message that Defendants can willfully violate a crystal-clear statute with impunity. It should go without saying that the Court can, and should, reject out of hand Defendants' rather silly suggestion that enforcing the law would be "incredibly confusing for the public." Stay Mot. at 2.

Finally, the particular "circumstances" of this case strongly counsel against a stay. *Nken*, 556 U.S. at 433. As Plaintiff has detailed, she has serious concerns Defendants are not complying with the Court's preliminary injunction halting their unlawful shutdown. *See* Mot. for Compliance, ECF No. 51. As a matter of basic fairness, Defendants should not receive discretionary relief from one order while failing to comply with another. Moreover, Defendants' litigation conduct—jamming the Court with a last-minute stay—strongly counsel against awarding them special dispensation from the ordinary judicial process.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' request for a stay of the Court's order.

Dated: June 12, 2026                                    Respectfully submitted,


NORMAN EISEN                                        /s/ Nathaniel A.G. Zelinsky
  (D.C. Bar No. 435051)                            NATHANIEL A.G. ZELINSKY
STEPHEN JONAS                                        (D.C. Bar No. 1724093)
  (D.C. Bar No. 90037069)                          KYLE R. FREENY
DAVID W. OGDEN                                       (D.C. Bar No. 1684764)
  (D.C. Bar No. 375951)                            ALEXANDER KRISTOFCAK
DEMOCRACY DEFENDERS ACTION                           (D.C. Bar No. 90045623)
600 Pennsylvania Avenue SE #15180                  WASHINGTON LITIGATION GROUP
Washington, D.C. 20003                             1717 K Street, NW, Suite 1120
202-594-9958                                       Washington, D.C. 20006
norman@democracydefenders.org                      202-521-8750
                                                   nzelinsky@washingtonlitigationgroup.org
                                                   kfreeny@washingtonlitigationgroup.org
                                                   akristofcak@washingtonlitigationgroup.org

*Attorneys for Plaintiff Joyce Beatty*