IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOYCE BEATTY,<br><br>       *Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, *et al.,*<br><br>       *Defendants.* | Civil Action No. 25-4480 (CRC) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT**

Defendants Donald J. Trump, *et al.*, respectfully submit the following Answer to Joyce Beatty's ("Plaintiff's") First Amended Complaint, ECF No. 12. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendants respectfully refer the Court to all referenced external documents as the best evidence of their contents. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the First Amended Complaint become known to Defendant through the course of this litigation.

Defendants respond to the separately numbered paragraphs of the First Amended Complaint as follows:

**INTRODUCTION**

1. Admitted that Plaintiff brings this action with respect to the John F. Kennedy Center for the Performing Arts ("the Kennedy Center" or "the Center"). The remaining allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, the remaining allegations are denied.

1

2.      Admitted that Plaintiff serves on the Center's Board of Trustees by virtue of her position in Congress. Admitted that Plaintiff was muted and prevented from speaking at the December 18, 2025 Board meeting. The remaining allegations in this paragraph consist of legal conclusions and Plaintiff's characterization of her claims, to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

3.      Admitted that workers installed President Donald Trump's name above President Kennedy's name on the exterior of the Center's building the day after the December 18, 2025 Board meeting and that, from then until the effective compliance date resulting from the Court's summary-judgment order in Plaintiff's favor, the Center branded itself "The Trump Kennedy Center." The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

4.      The first sentence reflects Plaintiff's characterization of public news reporting, to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this sentence. Admitted that President Trump announced on February 1, 2026 that the Center would cease entertainment operations for approximately two years. The remaining allegations in this paragraph are denied.

5.      This paragraph consists of Plaintiff's characterization of statements made by President Trump. Defendants refer the Court to those remarks for a complete and accurate statement of their contents and deny any inconsistent allegations.

6.      The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

7. The first two sentences of this paragraph consist of Plaintiff's characterization of an unrelated action to which no response is required. The allegations in the third sentence are denied.

8. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that congressional authorization is not required to close the Center for construction and that such a closure would not categorically violate the Board's statutory duties. To the extent a response is required, this paragraph is denied.

9. The allegations in this paragraph consist of legal conclusions and of Plaintiff's characterization of this action and requests for relief, to which no response is required.

## JURISDICTION AND VENUE

10. The allegations in this paragraph consist of legal conclusions to which no response is required.

11. Admitted that Defendants are not colluding with Plaintiff to bring this action. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

12. Admitted that one or more Defendants reside in the District of Columbia, that a substantial part of the events occurred in the District of Columbia, and that a substantial part of property that is the subject of the action is situated in the District of Columbia. Otherwise, the allegations in this paragraph consist of legal conclusions to which no response is required.

## PARTIES

13. Admitted.

14. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

15.     Admitted.

16.     Denied. Richard Grenell served as President of the Center at the time this suit was brought. Charles Matthew Floca now serves as Executive Director and Chief Operating Officer of the Center and has succeeded Richard Grenell as the seniormost executive officer of the Center. Mr. Floca has been substituted automatically as a Defendant pursuant to Federal Rule of Civil Procedure 25(d).

17.     The allegations in this paragraph consist of legal conclusions to which no response is required.

## LEGAL BACKGROUND

18.     Admitted that Congress established the National Cultural Center in 1958. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

19.     The allegations in this paragraph consist of legal conclusions to which no response is required.

20.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent that a response is required, this paragraph is denied.

21.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent that a response is required, this paragraph is denied.

22.     The allegations in this paragraph consist of legal conclusions to which no response is required.

23.     The allegations in this paragraph consist of legal conclusions to which no response is required.

4

24.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent that a response is required, this paragraph is admitted.

## FACTUAL BACKGROUND

25.    Admitted that President Trump fired the Board's chair in February 2025; removed general trustees; and replaced those general trustees with other individuals. The remaining allegations in this paragraph consist of Plaintiff's characterization of those events, to which no response is required. To the extent that a response is required, the remaining allegations in this paragraph are denied.

26.    Admitted.

27.    Admitted that the Board fired the Center's President and replaced her with Richard Grenell. Admitted that Mr. Grenell has replaced certain staff at the Center. The remaining allegations in this paragraph consist of Plaintiff's characterization of those actions, to which no response is required.

28.    The allegations in this paragraph constitute Plaintiff's characterization of a news article, to which no response is required. Defendants refer the Court to that article for a complete and accurate statement of its contents. To the extent any further response is required, admitted that President Trump made the statements cited in the first, second, and third sentences in this paragraph.

29.    The allegations in the first sentence of this paragraph, except to the extent they concern the Board's amendment to the Center's bylaws, consist of legal conclusions to which no response is required. Admitted that the Board amended the Center's bylaws in May 2025. The second sentence in this paragraph is admitted. The third sentence in this paragraph is admitted.

5

The allegations in the fourth sentence of this paragraph consist of Plaintiff's characterization of the bylaw amendment, to which no response is required.

30.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action and legal conclusions, to which no response is required. Admitted that certain artistic figures cut their ties to the Center and related entities. The third sentence is admitted. The allegations in the fourth sentence consist of Plaintiff's characterization of public reporting included in the fifth sentence of the paragraph, to which no response is required. Defendants refer the Court to the news reporting included in the fifth sentence for a complete and accurate statement of their contents and deny any inconsistent allegations. To the extent any further response is required, Defendants admit that, by October 2025, nearly half of the Center's tickets were going unsold.

31.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. The allegations in the second and third sentence are admitted.

32.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. The allegations in the second sentence are admitted.

33.     Admitted.

34.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. The second sentence is admitted except to the extent that "nothing would or could change [Defendants'] minds," which is denied.

35. The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. To the extent a response is required, the first sentence is denied. The second and third sentences are admitted. The fourth sentence is admitted with the exception that the description of meeting attendees as "loyalists" reflects Plaintiff's characterization of those attendees, to which no response is required. The fifth sentence is admitted with the exception that the description of meeting attendees as "loyalists" who "purported" to solicit feedback reflects Plaintiff's characterization of those attendees and their solicitation of feedback, to which no response is required. To the extent a response is required, those characterizations are denied.

36. Admitted as to the first, second, third, fourth, and fifth sentences. Admitted as to the sixth sentence except to the extent that Board members "falsely" declared that the vote had been unanimous, which reflects Plaintiff's characterization of Board members' description of the vote—which had no votes recorded against the contemplated proposal—and to which no response is required. To the extent a response is required, denied as to the characterization of the declaration of the result of the vote. The seventh sentence is denied.

37. Admitted that there was no discussion about potential risks or downsides of the vote to adopt a secondary name for the Center. Admitted that there was no discussion about any potential conflict of interest that might result from the vote. The remaining allegations in this paragraph consist of Plaintiff's characterization of the events in this lawsuit, to which no response is required.

38. The allegations in this paragraph consist of Plaintiff's characterization of a press release, to which no response is required. Defendants refer the Court to the press release cited in

the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations.

39.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

40.     The allegations in this paragraph consist of Plaintiff's characterization of a social-media post, to which no response is required. Defendants refer the Court to the post cited in the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations.

41.     The allegations in this paragraph consist of Plaintiff's characterization of a social-media post, to which no response is required. Defendants refer the Court to the post cited in the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations.

42.     The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. The remaining allegations in this paragraph consist of Plaintiff's characterization of public reporting, to which no response is required. Defendants refer the Court to the reporting cited in the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations.

43.     The allegations in this paragraph consist of Plaintiff's characterization of public reporting, to which no response is required. Defendants refer the Court to the reporting cited in the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations. To the extent a response is required, the allegations in this paragraph are admitted.

44.    Admitted.

45.    The allegations in this paragraph consist of Plaintiff's characterization of public reporting and legal conclusions, to which no response is required. Defendants refer the Court to the reporting cited in the paragraph for a complete and accurate statement of its contents and deny any inconsistent allegations.

46.    The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of events outside of this action, to which no response is required. The second sentence is admitted to the extent that President Trump made the quoted statement. Defendants refer the Court to the source cited in the paragraph for a complete and accurate recording of the statement and deny any inconsistent allegations. The allegations in the third sentence consist of Plaintiff's characterization of events in an unrelated action and legal conclusions, to which no response is required.

47.    Admitted that President Trump's February 1, 2026 announcement about closure was made without presenting any plans, analyses, timelines, or funding information to his co-trustees and without any Board vote. Admitted that documentation underlying the "review" had not been made available to Plaintiff. The remaining allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, denied that federal law requires any mandatory regulatory approvals for the contemplated construction and that any review took place outside the confines of the Board's official considerations.

48.    The allegations in the first sentence of this paragraph consist of Plaintiff's characterization of the events in this action, to which no response is required. Admitted as to the remaining allegations in the paragraph.

9

49. The allegations in this paragraph consist of Plaintiff's characterization of events in this action and legal conclusions, to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

50. Admitted.

51. The allegations in the first sentence of this paragraph are denied as overtaken by events, including by the Court's issuance of a temporary restraining order and a permanent injunction. The allegations in the second sentence are admitted except to the extent that the Board approved a closure in March 2026 and that such activities have been paused since the May 29, 2026 issuance of the Court's preliminary injunction. The allegations in the third sentence are admitted. The allegations in the fourth sentence consist of Plaintiff's characterization of the events in the previous sentence, to which no response is required. The allegations in the fifth sentence are admitted except to the extent that the Board approved a closure in March 2026 and that such activities have been paused since the May 29, 2026 issuance of the Court's preliminary injunction.

52. The allegations in this paragraph consist of Plaintiff's characterization of events in this action and legal conclusions, to which no response is required. To the extent a response is required, this paragraph is denied.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation about when Plaintiff learned of the March 16 Board meeting. Otherwise, the allegations in the first sentence are admitted. The allegations in the second and third sentence are admitted. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation of Plaintiff's anticipation. Otherwise, the allegations in the fourth sentence are denied.

54.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

55.     The allegations in this paragraph consist of legal conclusions to which no response is required.

56.     The allegations in the first sentence of this paragraph are admitted. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in the second sentence are denied.

57.     The allegations in the first, second, and third sentences of this paragraph are admitted. The allegations in the fourth sentence consist of Plaintiff's characterization of events in this and an unrelated action as well as legal conclusions, to which no response is required. To the extent a response is required, the allegations in the fourth sentence are denied.

58.     The allegations in this sentence consist of legal conclusions to which no response is required.

59.     The allegations in the first sentence of this paragraph are admitted. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that the project announced by Defendants is not covered by the National Historic Preservation Act. To the extent a response is required, the allegations in the second sentence are denied.

60.     The allegations in the first, second, and third sentence of this paragraph are admitted, with the exception that Defendants have engaged informally with the Advisory Council on Historic Preservation and the State Historic Preservation Officer. Admitted that Defendants have not complied with the Section 106 process. The allegation that any Section 106 process is mandatory and must be completed for "any such project" to "lawfully proceed" consists of a legal

conclusion to which no response is required. The Court has already preliminarily determined that the Section 106 process is not mandatory for the project at issue in this action to lawfully proceed. To the extent a response is required, the remaining allegations in the fourth sentence are denied.

61.    The allegations in this paragraph consist of legal conclusions to which no response is required.

62.    The allegations in this paragraph consist of legal conclusions to which no response is required.

63.    The allegations in the first and second sentence of this paragraph consist of legal conclusions to which no response is required. The allegations in the third sentence of this paragraph are admitted.

64.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

65.    The allegations in this paragraph consist of Plaintiff's characterization of events described in a memorandum of agreement cited in the paragraph, to which no response is required. Defendants refer the Court to the memorandum cited in the paragraph for a complete and accurate statement of its contents.

66.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

67.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that a two-year closure does not categorically violate the law. To the extent a response is required, the allegations in this paragraph are denied.

12

68. The allegations in this paragraph consist of legal conclusions to which no response is required.

69. The allegations in this paragraph consist of Plaintiff's characterization of the events in this action and legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

70. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in the first sentence of this paragraph about what Plaintiff sought to prevent. Admit the allegation in the first sentence that Plaintiff was prevented from voicing her opposition at the December 2025 Board meeting. Admit the allegation in the second sentence that, as of the filing of the First Amended Complaint, Plaintiff sought to procure information without success. The remaining allegations in this paragraph consist of Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, the remaining allegations in this paragraph are denied.

## CLAIMS FOR RELIEF

71. Defendants incorporate by reference their responses to the above paragraphs.

72. The allegations in this paragraph consist of legal conclusions to which no response is required.

73. The allegations in this paragraph consist of legal conclusions to which no response is required.

74. The allegations in this paragraph consist of legal conclusions to which no response is required.

75.     The allegations in the first sentence of this paragraph are denied. The allegations in the second sentence of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in the second sentence are denied.

76.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

77.     Defendants incorporate by reference their responses to the above paragraphs.

78.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

79.     The allegations in this paragraph consist of legal conclusions to which no response is required.

80.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

81.     The allegations in this paragraph consist of Plaintiff's characterization of the facts of this action and legal conclusions, to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

82.     The allegations in the first and second sentences of this paragraph consist of legal conclusions to which no response is required. The allegations in the third sentence are admitted as to the full Board of Trustees being consulted or providing approval prior to the filing of the First Amended Complaint, and are otherwise denied. The allegations in the fourth and fifth sentences consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in the first, second, fourth, and fifth sentences in this paragraph are denied.

83.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

14

84.     Defendants incorporate by reference their responses to the above paragraphs.

85.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

86.     Admitted except to the extent that Board members "falsely" declared that the vote had been unanimous, which reflects Plaintiff's characterization of Board members' description of the vote—which had no votes recorded against the contemplated proposal—and to which no response is required. To the extent a response is required, denied as to the characterization of the declaration of the result of the vote. Denied, to the extent this paragraph can be read to incorporate the allegation in paragraph 85 that any action in this paragraph "violated Plaintiff's rights as a trustee."

87.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Denied, to the extent this paragraph can be read to incorporate the allegation in paragraph 85 that any action in this paragraph "violated Plaintiff's rights as a trustee."

88.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Denied, to the extent this paragraph can be read to incorporate the allegation in paragraph 85 that any action in this paragraph "violated Plaintiff's rights as a trustee."

89.     The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Denied, to the extent this paragraph can be read to incorporate the allegation in paragraph 85 that any action in this paragraph "violated Plaintiff's rights as a trustee."

90.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation of Plaintiff's anticipation. The remaining allegations in this paragraph are denied as overtaken by events, including by the Court's issuance of a temporary restraining order.

91.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

92.    Defendants incorporate by reference their responses to the above paragraphs.

93.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in the third sentence are denied.

94.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a permanent injunction finding the naming vote to be without legal effect. To the extent a response is required, the allegations in this paragraph are denied.

95.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that a closure is not categorically unlawful. To the extent a response is required, the allegations in this paragraph are denied.

96.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that the planned project is not categorically unlawful. To the extent a response is required, the allegations in this paragraph are denied.

97.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already preliminarily determined that the planned project is not categorically unlawful. To the extent a response is required, the allegations in this paragraph are denied.

98.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a permanent injunction finding the May 2025 bylaw amendment to be null and void. To the extent a response is required, the allegations in this paragraph are denied.

99.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a temporary restraining order requiring that Defendants share sufficient information with Plaintiff to participate meaningfully in Board governance related to the proposed project. To the extent a response is required, the allegations in this paragraph are denied.

100.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a permanent injunction requiring that Defendants permit Plaintiff to participate in Board governance decisions. To the extent a response is required, the allegations in this paragraph are denied.

101.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

102.    Defendants incorporate by reference their responses to the above paragraphs.

103.    The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, the allegations in this paragraph are denied. Defendants further deny that Plaintiff is entitled to the relief requested, or any relief.

104.    Defendants incorporate by reference their responses to the above paragraphs.

105.    The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that the Board and the Center

17

are not federal agencies subject to the requirements of the Administrative Procedure Act (APA). To the extent a response is required, the allegations in this paragraph are denied.

106. The allegations in this paragraph consist of legal conclusions to which no response is required.

107. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that the Board's and Center's actions do not constitute final agency actions reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

108. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that action identified in this paragraph does not constitute a final agency action reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

109. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that actions identified in this paragraph do not constitute a final agency action reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

110. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that action identified in this paragraph does not constitute a final agency action reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

111. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that withheld action

identified in this paragraph does not constitute an agency action reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

112. The allegations in this paragraph consist of legal conclusions to which no response is required. The Court has already issued a final judgment concluding that actions taken by the Board and the Center are not agency actions reviewable under the APA. To the extent a response is required, the allegations in this paragraph are denied.

113. Defendants incorporate by reference their responses to the above paragraphs.

114. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

115. The allegations in this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or any relief.

The remainder of the First Amended Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, Defendants specifically deny that Plaintiff is entitled to any of the relief sought or to any other relief in this action. Any allegation not specifically responded to is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject-matter jurisdiction over one or more claims or requests for relief in the First Amended Complaint.

2. One or more claims or requests for relief in the First Amended Complaint fails to state a claim upon which relief can be granted.

3.      Defendants reserve the right to raise any affirmative defense—including, but not limited to, those expressly found in Federal Rule of Civil Procedure 8(c)—that may be supported by the record.

Dated: June 29, 2026                            Respectfully submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General, Civil Division

                                                ERIC J. HAMILTON
                                                Deputy Assistant Attorney General

                                                BRANTLEY MAYERS
                                                Counsel to the Assistant Attorney General

                                                STEPHEN M. ELLIOTT
                                                Assistant Branch Director

                                                CHRISTOPHER M. LYNCH
                                                Chief Litigation Counsel

                                                */s/ William S. Jankowski*
                                                WILLIAM S. JANKOWSKI
                                                D.C. Bar No. 90021524
                                                Trial Attorney
                                                U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20530
                                                (202) 353-7578
                                                william.s.jankowski@usdoj.gov

                                                *Counsel for Defendants*