IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOYCE BEATTY,

*Plaintiff*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

No. 25 Civ. 4480 (CRC)

**JOINT STATUS REPORT**

Pursuant to the Court's July 1, 2026 Order, the parties met and conferred on July 7, 2026, and provide the following joint report, pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d), in advance of the July 28, 2026 initial scheduling conference.

**1.     Brief statement of the case and the statutory basis for causes of action and defenses.**

**a.  Plaintiff's Position:** Plaintiff Joyce Beatty is an *ex officio* trustee of the John F. Kennedy Center for the Performing Arts (the "Kennedy Center") and brought this action to challenge numerous breaches of duty and *ultra vires* actions by Defendants, including enacting bylaws amendments that purported to strip *ex officio* trustees of voting rights; renaming the Kennedy Center to add President Trump's name before President Kennedy's; planning to close the Kennedy Center and take steps in advance to effectuate that plan; as well as denying information to Plaintiff and other board members about the planned closure. *See* ECF No. 12. Following the parties' cross-motions for summary judgment, the Court granted summary judgment to Plaintiff on the renaming (Count One) and voting (Count Three) claims, and denied Defendants' cross-motion for summary judgment on those claims. The Court also denied Defendants' summary

1

judgment motion on the closure claim under 20 U.S.C. § 76*l* (Count Two), and granted Defendants' motion on the Administrative Procedure Act claim (Count Six). *See* ECF Nos. 49 & 50. Further, the Court granted Plaintiff's motion for a preliminary injunction with respect to her fiduciary breach claim about closure (Count Two). *See* ECF Nos. 48 & 50. Finally, the Court largely reserved judgment on the ultra vires and mandamus claims (Counts Four and Seven). *See* ECF No. 49 (reserving judgment on these claims); *see also* ECF No. 50 at 55 (stating that Beatty deserves judgment on the *ultra vires* claim with respect to renaming). Plaintiff's remaining claims are premised on 20 U.S.C. § 76h *et seq.*, the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202, and mandamus.

b. **Defendants' Position:** Following the Court's resolution of the parties' cross-motions for summary judgment, *see* ECF No. 50, the only claims remaining before this Court are the portions of Plaintiff's Counts Four and Seven regarding the March 16, 2026 decision by the Board of Trustees ("the Board") of the John F. Kennedy Center for the Performing Arts ("the Center") to close the Center for two years to conduct repairs contemplated under Congress's $257 million appropriation in July 2025. Defendants believe that these claims will either be mooted or be susceptible to summary judgment in Defendants' favor following the Board's next meeting, in which it will consider various options for construction. *See* ECF No. 60-1 ¶ 7. As Defendants indicated to the Court in a recent filing in the related case, that Board meeting will tentatively take place in the first week of August 2026. *See* Declaration of Matt Floca ¶ 3, *D.C. Pres. League v. Bd. of Trs. of the John F. Kennedy Ctr. for the Performing Arts*, No. 26-cv-981 (CRC) (D.D.C. July 15, 2026), ECF No. 56.

2. **General statement with respect to discovery.** The parties disagree with respect to the next steps in the litigation. Plaintiff contends that discovery should commence immediately

and has proposed a discovery plan that would permit prompt resolution of the case on a proper factual record.  Defendants contend that discovery should be stayed pending the next meeting of the Center's Board, in which it will consider various options for the repair of the Center contemplated by Congress. Defendants anticipate moving for summary judgment following the Board's next meeting, based on the record generated for and considered by the Board at that meeting.

### a.   Plaintiff's position:

Discovery in the case should commence irrespective of the Kennedy Center leadership's intent to conduct another Board meeting to vote on closing the Center, and should certainly not be stayed pending any hypothetical future motion for summary judgment by the Defendants, which would necessarily be premised on a one-sided and untested factual record.

*First*, this Court already rejected Defendants' request, as set forth in a prior Joint Status Report (ECF No. 60 at 4), to stay the commencement of discovery simply because Defendants stated an intent to hold a new meeting and/or vote about closure.  As Plaintiff noted in that JSR, there are outstanding issues of fact that can be resolved only through discovery, and even if the Board considers the question of closure anew, discovery that is sought about the original decision will inevitably be relevant to that new decision.  For example, Plaintiff has alleged that the decision to close the Kennedy Center was a pretextual maneuver to hide the Kennedy Center's deteriorating financial performance.  Because the Court concluded at the PI stage that "the Board's decision fell short of its trust duties," it did not need to "consider this possibility" at that time.  Mem. Op. at 82 n.34, ECF No. 50.  But whether the original decision was pretextual or genuine will continue to be highly relevant to an evaluation of any future Board actions, including whether any subsequent Board approval was a true exercise of fiduciary judgment or was (like the prior vote) only an

"afterthought" to ratify a decision pre-made by President Trump and/or Defendant Floca for undisclosed or even illegitimate reasons. *Id.* at 82.

And in any event, as this Court has already implicitly recognized, any new Board decision will not be based on a "blank slate" but will necessarily be made against the backdrop of the prior history in this case. Mem. Op. at 80. Accordingly, discovery into the original factual basis for closing the Center—including what happened during the "purported four-month incubation period" between when Floca claims to have decided on the need to close and the February 1, 2026 date that closure was announced, *id.*, as well as what actually precipitated the "180-degree change in plans," *id.* at 82—bears directly on the remaining issues in this case.

*Second*, it is all the more extraordinary and inappropriate that Defendants now seek to stay discovery not just until a new Board meeting is held (which should occur by July 31), but until after they have a *second* opportunity to move for summary judgment *and have that motion adjudicated*. In short, Defendants seek explicit permission to have their summary judgment motion adjudicated on an incomplete and one-sided factual record—something that would turn Rule 56(d) on its head. The request is all the more inappropriate because the factual record they would base their motion on has not even happened yet. The most efficient and fair resolution of this case, given the mixed and incomplete factual record, would be to have a concise period of discovery, like the one Plaintiff proposes in Part 4 below, focused on the state of facts when the complaint was filed and relevant developments since that time, followed by briefing on cross-motions for summary judgment. But *even if* no limits were placed on the filing of summary judgment motions and Defendants moved immediately following the conduct of a new Board vote, Plaintiff has every reason to expect she would invoke Rule 56(d) to permit her to develop the necessary factual record. After all, despite Plaintiff's role as an *ex officio* board member,

4

Defendants have a monopoly on much of the relevant information, and they previously refused to comply with her requests for information relevant to the closure.  Defendants' effort to foreclose Plaintiff's development of *any* factual record even as to a *new* Board decision—and presumably force her to defend summary judgment on a one-sided presentation of facts (a "stacked deck," to borrow the Court's phrase, Mem. Op. at 79)—would be profoundly prejudicial and is therefore plainly untenable.  And in any event, Plaintiff has already identified disputed issues of fact that would prevent summary judgment in Defendants' favor, ECF Nos. 36-39, making Defendants' stay proposal nothing more than a delay tactic.

*Finally*, Defendants conflate final judgment with lifting of the existing preliminary injunction.  The Court held that Defendants might be able to effectuate closure of the Center *if* the Board reaches a new decision to close the Center that comports with the parameters set forth in the Court's Memorandum Opinion, *and* the Court "issues a further Order dissolving or modifying [the] preliminary injunction."  ECF No. 60 at 1.  Should Defendants file a motion to lift the PI in the wake of a new decision, Plaintiff anticipates seeking limited expedited discovery to allow her to respond.  But that limited discovery, should it be granted, would be much narrower than the discovery necessary and appropriate for final judgment, which would require resolution of several additional claims that did not form the basis for the Court's PI decision.  For example, separate and apart from a breach of the duty of prudence, Plaintiff has also alleged that the shutdown violated the Board's statutory duty to maintain the Kennedy Center as a "living memorial" that "present[s] . . . performing arts," "programs," and "facilities for other civic activities." 20 U.S.C. 75h(a)(1), j(a)(1).  The Court found that the "factual record" on this question was "mixed" at the PI stage. Mem. Op. at 71.  Plaintiff must be afforded the opportunity to develop the factual record on this issue before final judgment is entered.

Plaintiff has proposed the most aggressive schedule for discovery that she believes is feasible, in light of the presumptive 30-day deadlines for responding to written discovery under the Federal Rules and her expectation that the government will be unable to comply with a more aggressive schedule.   But Plaintiff is open to a more expedited schedule that would allow Defendants to move for summary judgment sooner, *if* Defendants are able and willing to produce discovery and make witnesses available for deposition under a more compressed timeframe.

**b.  Defendants' position:**

Additional discovery—beyond the production of record evidence being generated for the Board's consideration and that will be considered by the Board in connection with its forthcoming vote on closing the Center while construction is ongoing—is unnecessary. Defendants intend to move for summary judgment on Plaintiff's remaining claims (concerning the outstanding issue of whether the Board's vote to close the Center during construction violated its fiduciary duties) after the Board undertakes its new vote. Defendants intend to move to dissolve the preliminary injunction in the same filing. Following the Board meeting, Defendants intend to ask that the Court enter a scheduling order governing a summary-judgment schedule, with the first brief due 45 days after the Board's meeting occurs.

The remaining question of whether the Board satisfied its fiduciary duties is, at its core, a legal one and can be decided on the basis of the record that is generated for the Board's consideration in taking the action at issue. Indeed, as the Court recognized, the common law affords boards of trustees substantial "discretion"—which receives ample "deference" from courts—to "rely on committees, staff, legal counsel, and other experts to inform their decision-making." ECF No. 50 at 92. And the sufficiency of the information the Board considers is also a legal threshold—once that threshold is passed, the decision based on that information merits

deference from this Court. Further discovery, beyond the production of the information directly or indirectly considered by the Board in reaching its forthcoming decision, is unnecessary and unduly burdensome.

Beyond her pretext allegations, Plaintiff identifies no other legal issue for which additional factual discovery (again, beyond the compilation of information generated for the Board at its upcoming meeting) will be necessary to decide. And, although the Court did not decide whether pretext might be relevant to assessing Plaintiff's closure claim, *see* ECF No. 50 at 82 n.34, the Court also recognized that—under their common-law discretion—boards of trustees "may ratify past actions after *bona fide* consideration," *id.* at 82. All that matters to decide the legal question of whether the Board acted within its fiduciary duties is whether the *new* consideration underlying the *new* vote was *bona fide*. Defendants expect to argue that the Board's forthcoming consideration is and will be *bona fide*, meaning that the question of pretext—and any questions related to the prior vote and decision of the Board challenged by Plaintiff, which will be superseded by any new decision—will not be material to the legal issues remaining to be decided. The "four-month incubation period" that Center management took to consider options for the Board's prior vote has no bearing on whether the Board's *current* consideration is *bona fide*, especially because live factual testimony concerning that period was already elicited under oath in court. Like in an agency-review case, the relevant question remaining is whether the information the Board considers in its upcoming meeting supports the decision it reaches *at that time* and reflects *bona fide* consideration of the issues required by the Board's fiduciary duties. Forthcoming record evidence will suffice to answer that question.[1]

---

[1] Plaintiff's entire position on discovery prejudges the results of that future decision and improperly presumes that it will be defective in some way. Of course, as a member of the Board, Plaintiff will be permitted to participate in the meeting and will have any materials for the meeting

As a final matter, Defendants have not "conflate[d]" final judgment with their likely forthcoming motion to dissolve the preliminary injunction. To the contrary: Defendants expect that the record generated to support such a motion will also support their request for judgment as a matter of law and will preclude any genuine issue of material fact. Defendants intend to rely on this record to seek final judgment, and wish to preserve the Court's and the parties' resources by limiting any extraneous proceedings while their request for final judgment is adjudicated.

### 3.  Matters discussed pursuant to Local Civil Rule 16(c):

a.  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

There are no dispositive motions pending.

Plaintiff believes that the Court should entertain cross-summary judgment motions following the close of discovery.  Plaintiff notes that Defendants have already had one opportunity to move for summary judgment in this case and were unsuccessful.  For all the reasons stated above, Plaintiff believes it would be inappropriate and highly prejudicial to adjudicate a second such motion before Plaintiff has an opportunity to develop an appropriate factual record.

Defendants intend to move for summary judgment on Plaintiff's remaining claims—related to the Board's fiduciary duties in considering whether to close the Center for renovation—following the Board's reconsideration of its duties and based on the record generated for and considered by the Board in reaching any decision it eventually makes. The Court's opinion made

---

made available to her when they are made available to the rest of the Board. Given the current posture of the proceedings, in which the prior decision that Plaintiff challenged has been preliminarily enjoined, there is no exigency with respect to discovery regarding that decision, particularly as Defendants anticipate that the decision will be superseded in the near term. In light of that posture, the Board should be permitted to do its work in the ordinary course. Plaintiff may make her views heard at the next Board meeting and—should she deem it necessary—in this Court in response to Defendants' motion for summary judgment thereafter.

clear that the vast majority of the questions presented in this litigation are legal questions that do not depend on disputes of material fact, including the question of whether the Board's proposed construction plans, as established by the existing record and to be affirmed following the forthcoming Board vote, violate their statutory obligations. *See* ECF No. 50 at 69–75. The remaining issue—whether the Board violated its fiduciary duties—will be supported by factual evidence produced following the Board's forthcoming meeting, after which Defendants expect there to be no genuine issues of material fact for the Court to resolve. Defendants contend, as noted above, that additional discovery would be unduly burdensome and unnecessary, given that the factual record following the upcoming Board meeting will enable the Court to assess the questions of law that remaining outstanding in this litigation, and because any forthcoming decision by the Board will supersede the challenged decision about which Plaintiff purports to need discovery and moot any claim related to that specific decision.

b. <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

The parties do not believe additional parties will be joined or that the pleadings will need to be amended to add claims. The parties agree that formal amendment of the First Amended Complaint will be unnecessary to allow the Court to consider any new Board vote regarding closure. The remaining issues have been narrowed by the motions already decided by the court and the parties do not believe they can be further narrowed by agreement.

c. <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

The parties agree that the matter should not be assigned to a magistrate judge.

d. <u>Whether there is a realistic possibility of settling the case.</u>

The parties do not currently foresee a realistic possibility of settling the case at this time.

e. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The parties discussed ADR with their clients and do not believe that the case could benefit from ADR at this time.

f. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties refer the Court to their responses in subpart (a).

g. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Plaintiff does not believe that any changes to initial disclosures are necessary.

Defendants believe that initial disclosures are unnecessary in this litigation. The parties have already litigated the majority of Plaintiff's claims in cross-motions for summary judgment, and through that process Plaintiff has received significant information about the individuals likely to have discoverable information in this lawsuit. To the extent that the Court requires initial disclosures notwithstanding the substantial amount of litigation to date, Defendants request that initial disclosures be due by 21 days after the initial scheduling conference, *i.e.*, by August 18, 2026.

h. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Plaintiff proposes the discovery schedule detailed below in Part 4.

Defendants propose that entering a discovery schedule at this stage is premature, as noted above, because they intend to seek summary judgment on the one remaining issue in this litigation. As noted below in Part 4, should the Court determine that genuine issues of material fact preclude summary judgment, Defendants ask that the Court order the parties to consider an appropriate discovery schedule at that time.

> i. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

The parties agree that electronically stored information, including ephemeral messaging, be preserved and produced in the ordinary course of discovery. To the extent practicable, electronically stored information should be produced in reasonably usable form with associated metadata preserved where relevant. The parties are prepared to confer in good faith regarding any issues concerning the form of production or custodians as discovery proceeds.

> j. Any issues about claims of privilege or of protection as trial-preparation materials, including- if the parties agree on a procedure to assert these claims after production- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

The parties are not presently aware of any unusual issues concerning privilege or work-product protection. The parties agree that any privilege disputes be addressed in the ordinary course of discovery and is prepared to confer regarding an appropriate Federal Rule of Evidence 502 order. The absence of such an order, however, should not delay the parties' discovery obligations.

> k. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

Plaintiff does not believe that the requirement should be modified but reserves the right to argue about whether expert reports are required once Plaintiff has review Defendants' expert disclosures.  In the interests of orderly sequencing of discovery, Depositions of experts should occur after the close of fact discovery.

Defendants object to any expert discovery at this stage, as they believe that their forthcoming dispositive motion will obviate the need for additional discovery.

> l.  In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

> m.  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Plaintiff: The schedule proposed below is focused on discovery necessary to reach final judgment. As noted above, in the event Defendants seek to dissolve or lift the preliminary injunction following a new board decision on closure, Plaintiff would seek limited discovery into the new board decision on a separate, expedited schedule.

Defendants: As noted above, Defendants contend that no further discovery—beyond the disclosures that will occur following the Board's upcoming meeting—is necessary. Defendants take the position that further bifurcation of discovery or the bifurcation of trial is not necessary.

> n.  The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Plaintiff proposes that a pretrial conference  be set 30 days after disposition of summary judgment motions. Defendants respectfully submit that this matter should be decided on motions for summary judgment and that no pretrial conference should be necessary. To the extent the Court

ultimately decides otherwise, Defendants believe that scheduling the date for any trial now is premature.

      o.   <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

Plaintiffs propose that a trial date (if necessary) be set after disposition of cross-summary judgment motions in accordance with the proposed schedule set forth in Part 4 below. Defendants respectfully submit that this matter should be decided on motions for summary judgment and that no pretrial conference should be necessary. To the extent the Court ultimately decides otherwise, Defendants believe that scheduling the date for any trial now is premature.

      p.   <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

Plaintiffs request that the scheduling order include an on-going requirement for Defendants to promptly update Plaintiff about any decisions by the Board, any committee of the Board, or the Kennedy Center management with respect to the issues relevant to this matter, including but not limited to the closure of the Kennedy Center, programming changes, staffing changes, and construction/renovation plans. Defendants contend that the updates Plaintiff requests are unnecessary while the Board considers its closure options and while the potential for the Court to enter final judgment on all of Plaintiff's claims in the coming months exists. Defendants intend to provide all necessary documentation to Plaintiff in the ordinary course in her capacity as a member of the Board and to the Court in connection with Defendants' forthcoming dispositive motion and any combined motion to dissolve the preliminary injunction. Any additional reporting requirements are unduly burdensome and unnecessary.

13

**4. Proposed scheduling order.**

    a. Plaintiff recommends that the Court follow its "standard" discovery schedule with some modifications as follows:

        i. <u>Initial disclosures</u> – 7 days after the Scheduling Order[2]

        ii. <u>Motion to add parties or amend pleadings</u> – 14 days after Scheduling Order

        iii. <u>Deadline for production of documents and responses to interrogatories and requests for admission</u> – 30 days after service of request

        iv. <u>Close of fact discovery</u> – 60 days after Scheduling Order

        v. <u>Proponent's R. 26(a)(2) statements</u> – 90 days after Scheduling Order

        vi. <u>Opponent's R. 26(a)(2) statements</u> – 120 days after Scheduling Order

        vii. <u>All discovery closed</u> – 134 days after Scheduling Order

        viii. <u>Limits on numbers of interrogatories per side</u> – 25

        ix. <u>Limits on number of depositions per side</u> – 5 plus number of designated experts (including rebuttal experts)

---

[2] To the extent there remains uncertainty about the date of the forthcoming Board meeting, which Defendants now represent will take place, "tentative[ly]," the first week of August rather than by July 31, Plaintiff's proposed discovery deadlines could be keyed to the date that meeting occurs (*e.g.*, initial disclosures by 7 days after the date the meeting occurs).

    x.  <u>Cross-Motions for Summary Judgment</u> – 30 days after close of all discovery

    b.  Defendants contend that entering a discovery schedule is unnecessary at this stage of the litigation. To the extent that the Court determines genuine issues of material fact preclude summary judgment in considering Defendants' forthcoming motion, Defendants ask that the Court order the parties to consider an appropriate discovery schedule at that time.

Dated: July 17, 2026

/s/ *Kyle R. Freeny*
NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 1724093)
KYLE R. FREENY
  (D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
  (D.C. Bar No. 90045623)

WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

NORMAN EISEN
  (D.C. Bar No. 435051)
STEPHEN JONAS
  (D.C. Bar No. 90037069)
DAVID OGDEN
  (D.C. Bar No. 375951)

DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

/s/ *William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*