**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br><br>*Plaintiff*,<br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | No. 25-CV-4480 (CRC) |

**DECLARATION OF CONGRESSWOMAN JOYCE BEATTY**

I, Congresswoman Joyce Beatty, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I represent Ohio's Third Congressional District in the United States House of Representatives. By virtue of my elected position in Congress, I serve ex officio on the Board of Trustees (the "Board") of the John F. Kennedy Center for the Performing Arts ("the Kennedy Center"). I submit this declaration based on my personal knowledge of the Board's August 13, 2026 meeting, at which I was present throughout.

2. I have been consistently clear that I oppose Defendants' efforts—begun in December 2025 and continuing through to today—to desecrate the Kennedy Center by turning it into a vanity project for Donald Trump, in violation of the Center's organic statute and the Board of Trustee's fundamental obligation to honor the memory of John F. Kennedy.

3. At the most recent August 13 meeting of the Board of Trustees, I unequivocally voted "no" on the resolution to re-apply Donald Trump's name to the Kennedy Center in multiple different ways, re-affixing his name multiple times on the front portico and by renaming the Center grounds after him.

4. I did not receive any advance notice that the Board would be asked to vote on this resolution—or any draft resolution approving the re-application of Donald Trump's name to the Center—at that August 13 meeting. The written agenda circulated to Board members contained no hint that the Board would be asked to vote on such a consequential change. No draft resolution was circulated to me before the meeting. Neither was any summary, supporting materials, or legal analysis provided.

5. The resolution was introduced from the floor by one of the trustees appointed by President Trump near the end of the meeting. The resolution was thus presented to the Board for the first time at the meeting, and was then moved, seconded, discussed, and voted upon within minutes.

6. During the Board's all-too-short discussion of the proposed resolution, I was very clear that I had concerns about its legality. When I and other trustees asked whether the resolution complied with the Center's governing statute, the General Counsel declined to provide a legal analysis, while simultaneously claiming that he had obtained an opinion from DOJ that the resolution was lawful. As a result, no legal opinion was provided to the Board before the vote.

7. I stated plainly that placing President Trump's name back on the Center's façade would be unlawful. In the moment, faced with a redux of the Board's prior rush to rename the Center, I tried to explain that I was not categorically opposed to recognizing Trump in some very limited way, for example, inside the building or with a modest bench or plaza. Even still, I emphasized that my willingness to consider alternatives was expressly conditioned on the lawfulness of any final action.

8. My statements during the discussion at the Board meeting, as I reacted in real time to a proposal I had no opportunity to even see in advance, were not intended to communicate

approval of any part of the resolution. Instead, they reflected an effort to respond constructively to the circumstances as they unfolded. My stated willingness, in that moment, to consider a more limited alternative was a good-faith effort to steer the Board away from actions I strongly suspected to be unlawful. And as I made clear at the time, any willingness on my part was conditioned on the lawfulness of the final action.

9. Had I received the proposed resolution in advance, I would have had an opportunity to give it the full deliberation it deserved, consult with my advisors, and prepare a more polished and fulsome response for discussion with other Board members. The manner in which the resolution was sprung on the Board deprived me of that opportunity, and deprived the Board of the opportunity for informed deliberation about whether the proposal was consistent with the Center's organic statute and Board's fiduciary duties.

10. Regardless, there can be no doubt about my opposition to the resolution, which I ultimately voted against in its entirety. Any suggestion to the contrary is gamesmanship. I firmly believe that the resolution violates the Center's organic statute, and this massive attempt to rebrand the entire complex after President Trump is a breach of our fiduciary duties as trustees. And I find it particularly galling that President Trump is seeking to be recognized in this manner when the funds were appropriated by Congress and paid for by the American people, and when President Trump has not successfully renovated the Kennedy Center.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of August, 2026.

Signed by:
[signature]
5FF036F6B82241D...

Joyce Beatty