**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOYCE BEATTY,

*Plaintiff*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

Civil Action No. 25-4480 (CRC)

**DEFENDANTS' RESPONSE TO MOTION TO UNSEAL**

In the August 18, 2026, Joint Status Report, Defendants "apprise[d] the Court of [the] pertinent factual developments as to plans for future construction and operations at the Kennedy Center." Doc. 64 at 1-5. Plaintiff, on the other hand, improperly attempted to use the Joint Status Report as an opportunity to pre-litigate the issues that remain. *See id.* at 5-24; Doc. 60 at 1 n.1 (explaining that legal arguments are not "within the function of a status report"). For that reason, Plaintiff asked for the public attachment of the two documents at issue, the JLL Plan and the Delta PowerPoint. *See* Doc. 74 at 3. But the Board of Trustees must fulfill its duties "consistent with common-law standards of prudence," Doc. 50 at 3, and cannot, in the light of that requirement, publicly disseminate "confidential and privileged" materials at the drop of a hat. Therefore, Defendants filed both documents under seal. *See* Doc. 64 at 4 n.1.

Plaintiff agreed to filing the JLL Plan under seal for purposes of the status report, *see* Doc. 64 at 6 n.2, but she now moves to unseal both documents, s*ee* Doc. 74. With respect to one document, the Delta PowerPoint, Defendants do not at present oppose unsealing. Rather than cause for "embarrassment," Doc. 64 at 6 n.2, the PowerPoint is yet another piece of evidence that supports the Board's decision to temporarily close the Center, a decision the prudence of which is only becoming more apparent by the day.[1] But with respect to the JLL Plan, Defendants strongly oppose unsealing. At the threshold, the JLL Plan, at present, might not qualify as a judicial record. In any case, the factors that inform the propriety of sealing a judicial record clearly favor continued sealing here. Indeed, this Court has already concluded as much. *See* Minute Order (Aug. 31, 2026), *DC Preservation League v. Board of Trustees of the John F. Kennedy Center*, 26-cv-981 (D.D.C.). This Court should therefore deny Plaintiff's motion with respect to the JLL Plan.

[1] *See* Steven Portnoy, *Piece of the Kennedy Center's ceiling falls amid heavy rain in DC area*, ABC News (Sept. 5, 2026), https://perma.cc/VDA9-ARSP.

1. The public enjoys a common-law right of public access to judicial records. *See United States v. El-Sayegh*, 131 F.3d 158, 161 (D.C. Cir. 1997). "Yet not all documents filed with courts are judicial records." *S.E.C. v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). "Rather, whether something is a judicial record depends on the role it plays in the adjudicatory process." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017) (quotation omitted). If a document is intended to "influence a judge's decisionmaking," *CNN v. FBI*, 984 F.3d 114, 116, 118 (D.C. Cir. 2021), then it qualifies. For example, in *In re Los Angeles Times Communications LLC*, the D.C. Circuit concluded that a memorandum the government filed in opposition to a motion to unseal "is a classic example of a document intended to influence judicial decision-making and is therefore a judicial record." 28 F.4th 292, 296 (D.C. Cir. 2022); *see League of Women Voters of United States v. Newby*, 963 F.3d 130, 136 (D.C. Cir. 2020) (explaining that, with one possible exception, "every part of every brief filed to influence a judicial decision qualifies as a 'judicial record'"). As another example, the D.C. Circuit has held that "[a]pplications for electronic surveillance orders and their supporting documents" qualify as judicial records. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1128 (D.C. Cir. 2020).

This case is different from these precedents. Here, at Plaintiff's request, Defendants attached the JLL Plan to the Joint Status Report. As relevant, that Report was meant only to inform the Court about "pertinent factual developments as to plans for future construction and operations at the Kennedy Center." Doc. 64 at 1. The Report was not a motion, and not a vehicle for any judicial decision. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). And because the Joint Status Report did not ask this Court to make any decision, it cannot plausibly be considered "a submission intended to influence a judge's decisionmaking."

Doc. 74 at 6. Even so, Defendants intend to move for summary judgment on the closure issue, and in doing so, intend to attach and rely on the JLL Plan, among other things. *See* Doc. 64 at 4 n.1. Therefore, Defendants will proceed on the assumption that the JLL Plan is, or soon will be, a judicial record.

2. To guide sealing determinations, the D.C. Circuit has crafted a "six-factor test to balance the interests presented by a given case." *Metlife*, 865 F.3d at 665. These factors, drawn from the D.C. Circuit's decision in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), are: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings," *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). Consideration of these factors in this case demonstrates that "competing interests [exist] that compel [the] conclusion that justice requires maintaining [the] seal." *In re Leopold*, 964 F.3d at 1129.

Start with the fourth and fifth factors, the interests in favor of sealing and the prejudice that would result from disclosure. Both are significant. The Plan includes sensitive information concerning the Center, a federal public building with high foot traffic in the D.C. area, including structural schematics, floor plans, points of ingress and egress, utility and maintenance infrastructure, and detailed information on restricted access areas. The security concerns are self-evident. The public release of this kind of physical information of a federal public building of this nature would be unprecedented and could pose a material security risk to the building and those within. These "specific reasons" that warrant sealing, *Johnson v. Greater Se. Cmty. Hosp. Corp.*,

951 F.2d 1268, 1278 (D.C. Cir. 1991), are sufficient for this Court to exercise its discretion regarding Local Rule 5.1(h)(1) and decline Plaintiff's motion with respect to the JLL Plan, *cf. Texas v. United States*, 798 F.3d 1108, 1114 (D.C. Cir. 2015) (recognizing judicial discretion with respect to another local rule).

Indeed, a relevant order from the General Services Administration demonstrates as much. *See* GSA, Security for Sensitive Building Information Related to Federal Buildings, Grounds, or Property, https://perma.cc/8LN4-V8RG. Although the GSA does not control the Center, its order on this matter provides helpful guidance. And the information contained in the JLL Plan falls squarely within the criteria that the GSA has designated as Controlled Unclassified Information ("CUI"). CUI is defined to include the "[l]ocation and details of secure functions or secure space in a building, location or space," "information regarding structural analysis," and "[r]isk assessments," *id.* at 13, and the JLL Plan includes such information. The GSA's order makes clear that "CUI building information must not be presented in public forums unless required by jurisdictions having authority." *Id*. Instead, "CUI building information must be controlled so that building information in electronic and hardcopy formats is made available only to individuals who have a Lawful Government Purpose." *Id*.

The GSA's order confirms what should be obvious—sensitive information concerning a widely-used public building should not be disseminated to the public writ large. And the other *Hubbard* factors do not lead to any other conclusion. With respect to the first factor, although the public has an interest in the Board's decision, *see* Doc. 74 at 8, this does necessarily not translate into a heightened interest in every document in the Board's possession, especially when, as Plaintiff notes, *id.*, the public is already well-informed about the Board's decision. And, with respect to the second factor, which evaluates whether the public "has already had access to court

records," *Hubbard*, 650 F.2d at 318, the fact of public reporting does not cut in favor of unsealing either, *contra* Doc. 74 at 8. Unlike *In re Los Angeles Times Communications LLC*, in which the D.C. Circuit was evaluating the propriety of sealing records related to a search warrant after the subject of the warrant publicly acknowledged the investigation, 28 F.4th at 298, public reporting on the existence of the JLL Plan in no way reduces the manifest interest in keeping the document sealed for security reasons.

As for the third factor, which considers the fact of objection and identity of the objector, it is true that the D.C. Circuit in *Hubbard* concluded that a third-party objection weighed in favor of non-disclosure. *See* 650 F.2d at 320. But the absence of a third-party in this case is not close to dispositive, especially given Defendants' "[s]trong objections." *Id.* at 319. And finally, the sixth factor, which evaluates the "purposes for which the documents were introduced during the judicial proceedings," *Nat'l Children's Ctr., Inc.*, 98 F.3d 1409, does not warrant unsealing either. To be sure, Defendants will use the JLL Plan to defend the prudence of the Board's decision. But like in *Hubbard*, the context of this proceeding is essential. It "would be ironic indeed" if, to defend the decision to temporarily close the Center to make the changes necessary to secure its safety, the Board had to publicly reveal information that would make the Center less safe and secure. 650 F.2d at 321. This Court should not countenance such a double-edged sword.

For these reasons, maintaining this information under seal is the most prudent option. Indeed, this Court has already concluded just that. *See* Minute Order (Aug. 31, 2026), *DC Preservation League v. Board of Trustees of the John F. Kennedy Center*, 26-cv-981 (D.D.C.).

3. Finally, select redactions would be an insufficient remedy. *Contra* Doc. 74 at 10. Although Defendants previously indicated that targeted redactions might be possible, Doc. 64 at 4 n.1, upon further review, only a full seal will appropriately protect the sensitive information

contained within the Plan. The information contained in the JLL Plan ranges from the general to the highly specific. While some of the more generalized information may seem innocuous in isolation, collectively, such information could furnish a roadmap for nefarious actors to exploit physical site vulnerabilities. That kind of mosaic of information could create unforeseen threats. For this reason, the most prudent course would be to maintain this information under seal. And this Court has already agreed. *See* Minute Order (Aug. 31, 2026), *DC Preservation League v. Board of Trustees of the John F. Kennedy Center*, 26-cv-981 (D.D.C.). No reason exists to conclude otherwise in this proceeding. *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 510 (2018) ("[L]ike cases should generally be treated alike.").

**CONCLUSION**

For the reasons stated above, the Court should deny Plaintiff's motion with respect to the JLL Plan.

Dated: September 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

/s/ Brantley T. Mayers
BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 890-9874
brantley.t.mayers@usdoj.gov

STEPHEN M. ELLIOTT
Assistant Branch Director
WILLIAM S. JANKOWSKI

Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch

*Counsel for Defendants*