**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br>*Plaintiff*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | No. 25 Civ. 4480 (CRC) |

**REPLY IN SUPPORT OF MOTION TO UNSEAL**

Defendants improperly filed two documents under seal in this case, which is of enormous public interest. Defendants now agree one of those documents—the Delta Consulting Group PowerPoint—must be unsealed in its entirety. Defendants continue to advocate sealing the JLL Plan, but their belated efforts to justify sealing that document are unavailing. Defendants barely address five of the six *Hubbard* factors that govern motions to seal in this Circuit. *See United States v. Hubbard*, 650 F.2d 293, 317-322 (D.C. Cir. 1980). At bottom, Defendants merely invoke nebulous security concerns they insist are associated with unsealing the JLL Plan, without offering any factual support whatsoever.

Rather than provide concrete details justifying sealing, Defendants simply point to a Government Services Administration ("GSA") order. But the GSA cautions that building plans should *not* be reflexively sealed and instead instructs that only truly sensitive information should be withheld, such as "counterterrorism methods" and the location of "holding and detention cells." To describe that highly sensitive information is to underscore why the far more mundane details of the Kennedy Center's renovations should be made public.

Defendants also insist that the Court should seal the entire JLL Plan because the "mosaic of information could create unforeseen threats." Defs.' Resp. at 6, ECF No. 80. This is nonsense and has no basis in reality. Accepting this kind of conclusory assertion from the government, devoid of any factual support, would gut the right of public access to judicial records, which is "a fundamental element of the rule of law." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017).

The Court should reject Defendants' efforts to hide the facts from the public. It should grant Plaintiff's motion to unseal or, at the very least, require Defendants to propose and justify limited redactions to the JLL Plan.

**ARGUMENT**

Start with the easiest route to resolving the motion to unseal: Defendants failed to justify their noncompliance with the Local Rules, which require Defendants to first seek leave to seal before filing a motion under seal. *See* LCvR 5.1(h)(1).

Defendants cannot justify their failure to follow the rules. They instead invite the Court to exercise its discretion and excuse their violation. Defs.' Resp. at 4. But the case Defendants cite in support of their plea stands for the exact opposite proposition. In *Texas v. United States*, 798 F.3d 1108 (D.C. Cir. 2015), the D.C. Circuit endorsed the district court's exercise of discretion in stringently interpreting the Local Rules. *Id.* at 1113-1115. As the Circuit explained, "[r]ules are rules, and basic fairness requires that they be applied evenhandedly to all litigants." *Id.* at 1114. "[A] material failure to follow the rules in district court can doom a party's case." *Id.* In short: Defendants' failure to follow this Court's rules itself requires unsealing.

The Court can stop there. But if the Court looks past their default, Defendants fare no better on their analysis of the *Hubbard* factors.[1]

With respect to the first factor, Defendants have no response to the mountain of precedent establishing that the need for public access is at its apex where the government or public officials are a party to the litigation. *See EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996); *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022). That case law is controlling here. All parties to the litigation are public officials, and the dispute implicates the use of appropriated public funds.

Defendants instead contend that the first *Hubbard* factor favors sealing because "the public is already well-informed about the Board's decision." Defs.' Resp. at 4. But the first *Hubbard* factor asks about "the need for public access." *Metlife*, 865 F.3d at 665 (quoting *EEOC*, 98 F.3d at 1409). Defendants' argument actually speaks to the second factor, which evaluates "the extent of previous public access." *Id.* And Defendants get the law precisely backwards. That the public is well-informed as a result of media coverage weighs *against* sealing. *See Hubbard*, 650 F.2d at 318 (explaining that "previous access . . . weigh[s] in favor of subsequent access"); *In re L.A. Times*, 28 F.4th at 298 (finding "extensive media reporting" supports unsealing). Indeed, just hours before this filing, *Bloomberg News* published an article analyzing the contents of the JLL Plan at length. Kriston Capps, *Inside Trump's Kennedy Center Renovation Plan*, Bloomberg News (Sept. 22, 2026), https://www.bloomberg.com/news/articles/2026-09-22/trump-s-kennedy-center-renovation-plan-is-thin-on-key-details. The public deserves to read that document for themselves.

---

[1] Defendants agree that the JLL Plan "is, or soon will be, a judicial record" to which the *Hubbard* factors apply. Defs.' Resp. at 3.

The third *Hubbard* factor—the absence of third-party objections to sealing—also weighs against sealing, a point Defendants do not contest. Defs.' Resp. at 5.

With very little to say about the first three *Hubbard* factors, Defendants rely almost exclusively on the fourth *Hubbard* factor, "the strength of any property and privacy interests asserted."[2] Defendants describe the unsealing of the JLL Plan as "unprecedented." Defs.' Resp. at 3. Not so. The Kennedy Center is a public institution and, accordingly, the public already possesses access to substantial information regarding the building. In this case alone, other plans relating to the Center have been placed in the public record. *See, e.g.*, ECF No. 29-15 (2022 Comprehensive Building Plan); ECF No. 29-16 (2021 Comprehensive Building Plan-Presentation of Facts and Findings); ECF No. 29-17 (2022 Soffit Failure Report); ECF Nos. 29-18, 19, 20 (2024 Leak Investigation Report); ECF No. 88-3 (2021 Comprehensive Building Plan).

Defendants muster only a single authority in support of their claim that disclosure of the JLL Plan would pose "a material security risk to the building," Defs.' Resp. at 3, an order by the GSA, which, as Defendants acknowledge, "does not control the Center." Defs.' Resp. at 4. More importantly, the GSA order makes clear that "all building drawings or building information should **not** be designated, automatically, as CUI [Controlled Unclassified Information]." GSA Order, *Security for Sensitive Building Information Related to Federal Buildings, Grounds, or Property* (Mar. 21, 2021), at 3 (emphasis in original). The GSA order instead provides examples of the type of sensitive information that merits CUI status, such as the location of "detention or holding cells,"

---

[2] Defendants also purport in the same section to address the fifth *Hubbard* factor. Besides a bare assertion of "prejudice," Defs.' Resp. at 3, Defendants do not offer any argument as to how "the disclosure of the relevant material causes . . . *legal* prejudice." *Michaels v. NCO Fin. Sys. Inc.*, No. 16 Civ. 1339 (ACR) (ZMF), 2023 WL 4857413, at *5 (D.D.C. July 31, 2023) (quoting *United States v. All Assets Held at Bank Julius Baer & Co.*, 520 F. Supp. 3d 71, 85 (D.D.C. 2020)) (emphasis added).

"[c]ounterterrorism methods," and "security camera layout." *Id.* at 13. Defendants' conclusory assertion that "the JLL Plan includes such information," Defs.' Resp. at 4, beggars belief on its face, and without more cannot overcome the strong presumption of public access. *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1278 (D.C. Cir. 1991).

Finally, on the sixth *Hubbard* factor, the JLL Plan is central to Defendants' arguments in support of their motions for partial summary judgment and to dissolve the preliminary injunction. *See* Defs.' Mots. for Partial Summ. J. & to Dissolve the Prelim. Inj. at 9-11, 30-32, 39, 44, ECF No. 88-1. The situation here is therefore not at all "like" *Hubbard*. Defs.' Resp. at 5. In that case, the documents at issue "were not determined by the trial judge to be relevant" nor were they "used in the subsequent 'trial' " nor "described or even expressly relied upon by the trial judge." *Hubbard*, 650 F.2d at 321. The JLL Plan, in contrast, "is intended to play a crucial role in the court's analysis" and "should be accessible to the public." *See In re McCormick & Co.*, 316 F. Supp. 3d 455, 466 (D.D.C. 2018). Indeed, the D.C. Circuit has held that the sixth *Hubbard* factor "carr[ies] great weight" "when a sealed document is considered as part of judicial decisionmaking." *Cable News Network, Inc. v. FBI*, 984 F.3d 114, 120 (D.C. Cir. 2021).

Unable to explain why any specific information in the JLL Plan should be protected from disclosure, Defendants resort to a novel "mosaic" theory. Defs.' Resp. at 6. Defendants concede that portions of the JLL Plan contain "innocuous" information but nevertheless contend that this information could "collectively . . . furnish a roadmap for nefarious actors." *Id.* But Defendants offer not a single example of such "unforeseen threats," nor any evidence to support their "mosaic" theory. *Id.* "Security" is not a magic talisman that rebuts the presumption of public access. Defendants must offer more to merit the extraordinary measure of sealing a government document in high-profile litigation of enormous interest.

Defendants also notably cannot cite any decisions that have endorsed sealing otherwise innocuous information on such thin security concerns. For good reason. Specificity is the touchstone of the sealing case law. *See Johnson*, 951 F.2d at 1278 ("[A sealing] order should be no broader than is necessary to protect those specific interests identified as in need of protection."); *In re McCormick*, 316 F. Supp. 3d at 468 ("[R]edactions must be narrowly tailored and specifically supported."). If parties could prevent disclosure on the basis of "innocuous" information or "unforeseen threats," wholesale sealing would become the norm in litigation, not the rare exception. Defendants' "mosaic" theory would destroy the right of public access to judicial records that is "fundamental to a democratic state." *Hubbard*, 650 F.2d at 315 n.79.

Finally, Defendants contend that this Court concluded in the companion case that the *Hubbard* factors support sealing of the JLL Plan. Defs.' Resp. at 5. That is not accurate. The motion to seal in *DC Preservation League* appears to have been unopposed, so there was no opportunity to fully ventilate the issues in that case. *Cf. King & Spalding, LLP v. United States Dep't of Health & Hum. Servs.,* No. 16 Civ. 1616, 2020 WL 1695081 (APM), at *1-3 (D.D.C. Apr. 7, 2020) (denying a motion to seal and vacating a previous minute order granting the motion on the mistaken belief that the motion was unopposed).

**CONCLUSION**

For the foregoing reasons and those in the initial motion, Plaintiff respectfully requests that the Court enter an order unsealing the exhibit or, at a minimum, requiring Defendants to propose and substantiate with specific justifications any narrowly tailored redactions.

Dated: September 22, 2026

Respectfully submitted,

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
(D.C. Bar No. 1724093)
KYLE R. FREENY
(D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
(D.C. Bar No. 90045623)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

NORMAN EISEN
(D.C. Bar No. 435051)
STEPHEN JONAS
(D.C. Bar No. 90037069)
DAVID W. OGDEN
(D.C. Bar No. 375951)
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*