# Exhibit A

| | |
|---|---|
| **From:** | Kyle Freeny |
| **To:** | Lynch, Christopher M. (CIV); Jankowski, William S (CIV); Mayers, Brantley T (CIV) |
| **Cc:** | Nathaniel Zelinsky; Alexander Kristofcak; Norman Eisen; David Ogden; Erin Wenokur; Ashley Knott |
| **Subject:** | RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices |
| **Date:** | Thursday, September 24, 2026 2:55:00 PM |

Hi Chris—
What time works for a call tomorrow (morning is better for me)?

We appreciate your offer to identify categorical relevance (or similar) objections as promptly as possible. If you already have one or more (but potentially not all) identified, please let us know whatever you have today. For example, we are confident that the time frame covered by the requests, which is tied to Defendants' Statement of Material Facts, is appropriate. We are also confident that we are entitled to discovery on the topics of Trump's statements about demolition and conditioning renovation on renaming or other recognition. If you disagree (separate and apart from a discussion on burden, which should not result in categorically withholding), we would like to know that asap.

Thanks,
-Kyle

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

---

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Thursday, September 24, 2026 1:56 PM
**To:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Hi Kyle,

I think we can have a more productive discussion tomorrow, as we have said from the beginning. I don't think we can say at this time whether we will have any or no categorical objections (and it may depend on how one interprets that term) or that we can guarantee a response by the end of the day on that, but we will endeavor to respond as to those issues (and

all issues) as promptly as we can.

In the meantime, I can confirm that we have no categorical objection to providing communications with Delta or financial information. Hopefully that addresses your primary issue and we look forward to discussing further tomorrow.

Best,
Chris

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Thursday, September 24, 2026 1:06 PM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Hi Chris—
If you are saying we can have a more productive call tomorrow morning about what Defendants think is manageable, then let's talk tomorrow. As mentioned, you can rely on the ordering of the requests as a rough prioritization, but we cannot say that there are not manageable things Defendants can and therefore should produce from the very last RFPs. That needs to be a discussion. But it is a discussion that we are happy to have. We want to make sure this discovery schedule is successful all around.

**However**, if there are types of information that Defendants **categorically do not plan to produce**, for example based on a relevance objection, we need to know that today. That is a legal question, not a question of burden. We believe all our requests relate to issues presently before the Court on Defendants' motions. If you do not, we need to know that **today** so there is sufficient time to confer and, if necessary, seek Court involvement. This includes, but is not limited to, the two categories of documents that came up during last Monday's conference, that is, the Center's communications with Delta (which you had previously suggested might be categorically privileged, but it was not clear on Monday that was still your position) and the financial info (analysis of which was before the Board in September and that the Center has put before the Court).

Accordingly, please let us know any categorical objections today. If, as you go through production, you discovery new objections you could not reasonably anticipate from the face of

the requests, I'm not suggesting you would waive those. But that possibility should not stop identification of categories apparent from the face of the requests. I also am flexible for a call tomorrow re: scope (and to confer on any categorical objections). We are also happy to discuss our own relevance objections to Defendants' discovery request.

Regards,
-Kyle

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

---

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Thursday, September 24, 2026 12:17 PM
**To:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]g>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

We are happy to discuss ways to narrow, and I do not necessarily insist on 15 as the number. But I am quite confident that the Court would not view your requests as tailored or reasonable in the circumstances. The "all communications" point isn't really much of a limiting principle, as we would certainly have proceeded in that manner anyway.

We told you we could talk tomorrow, or you can start **significantly** limiting the requests, and then we can talk today. Let us know what you would prefer.

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Thursday, September 24, 2026 12:12 PM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott <[redacted]g>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Chris—

Your demand that we limit our RFPs to a specific number is not unreasonable nor consistent with the scheduling order, which did not limit the number of RFPs in such an artificial manner. As I mentioned in my cover email, we expected that you would say that could not fully respond to all requests, especially knowing they are couched as "any and all document"—even though that is typical discovery language. The RFPs are specifically targeted to what we need to respond to both your motion to lift the PI and your motion for summary judgment, which Defendants elected to file even after the Court indicated it would prefer Defendants to wait.

We also did order the RFPs and Rogs roughly in order of priority in the interests of efficiency and transparency. But if you are saying that you are only willing to respond to the first 15 and will not discuss what you produce within the others by next week, then, subject to the views of the test of my team, I see no other option but to go to the Court.

Defendants have asymmetrical information about what they *can* respond to, which means that Plaintiff had no choice but to ask for we think we need and then discuss what, within that universe, what Defendants think they can produce (and also what you categorically object to, so we can consider whether to raise the issue with the Court). Accordingly, we need to know from Defendants what you think you can produce. If there are some RFPs you think are easier or harder than others, that is precisely why a discussion will be important. If we cannot complete that convo this afternoon, that's fine; we can continue to confer as your work to respond progresses. But what we cannot do is wait until tomorrow to start discussing. Frankly, to me, that sounds like stonewalling.

Based on our call on Monday and what you seemed to regard as relevant or not to the recent Board decisions, we are also fairly concerned that you plan to mount categorical relevance objections, even within the initial RFPs, that we want to start conferring about now so we have time to go to the Court. As mentioned, we highlighted two categories more than a week ago, and tried to confer about the Delta "privilege" issue earlier this week. If that is going to be an issue, we need to go to the Court asap.

Please let us know whether Defendants plan on arrogating to themselves a cut-off of 15 RFPs or whether you are willing to get on a call this afternoon to start discussing a manageable scope in conjunction with us.

Regards,
-Kyle

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Thursday, September 24, 2026 11:52 AM
**To:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott <[redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Kyle, frankly, your requests are all grossly disproportionate to the needs of the case and the limited discovery Judge Cooper ordered. If you want to talk today, please identify no more than 15 RFPs that you actually want/need. There is likely no way we can do more in the short time, and spending that time discussing things with you makes it even more untenable.

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Thursday, September 24, 2026 11:49 AM
**To:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Will—
Happy to get on a call tomorrow *also*, but we need to have a call this afternoon as well. Responses are due in a week, so it does not work within that timeframe if Defendants are going to take more than 24 hours to "digest" the requests. Let's have a call this afternoon and a second one tomorrow morning for any follow-up. That will allow us to still be able to get on a call with the Court tomorrow afternoon to discuss any disagreement, which your email below strongly suggests there will be. We think Judge Cooper expects no less.

Among other things, I see no reason Defendants cannot give us their position on Delta communications and financials, two issues we mentioned at the status conference last week.

As noted, I can do anytime between 3 and 5:30pm. I'm also flexible for a follow-up call tomorrow morning.

Regards,
-Kyle

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

---

**From:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>
**Sent:** Thursday, September 24, 2026 11:40 AM
**To:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Hi Kyle,

We're still digesting Plaintiff's voluminous discovery requests and, frankly, will need additional time to come to ground on any further discussions we hope to have with you about their scope. Are you available tomorrow for a call? Again, the afternoon is likely preferable for us.

Will

**William S. Jankowski**
Federal Programs Branch
Phone: (202) 353-7578
Cell: (202) 598-5325

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Wednesday, September 23, 2026 6:04 PM
**To:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott <[redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Will—Just FYI on timing of our call tomorrow, I am available only 3-5:30pm in the afternoon. Also available in the morning. I'll let others weigh in separately with any scheduling limitations.

**Kyle R. Freeny**

Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

---

**From:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>
**Sent:** Wednesday, September 23, 2026 5:49 PM
**To:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott [redacted]>
**Subject:** RE: [External] Beatty v. Trump - Discovery Requests & Depo Notices

Counsel,

Thank you—received. We should tentatively be able to meet tomorrow afternoon; we'll get back to you on the best timing for us. We'll endeavor to have objections to your requests, should they arise, communicated to you as quickly as possible.

Attached are the government's written discovery requests. Attached also is one deposition notice.

Best,
Will

**William S. Jankowski**
Federal Programs Branch
Phone: (202) 353-7578
Cell: (202) 598-5325

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Wednesday, September 23, 2026 5:26 PM
**To:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>; Norman Eisen <norman@democracydefenders.org>; David Ogden <david@democracydefenders.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; Ashley Knott <[redacted]g>
**Subject:** [EXTERNAL] Beatty v. Trump - Discovery Requests & Depo Notices

Counsel—

Attached are Plaintiff's written discovery requests and deposition notices in connection with Court's recent scheduling order. We recognize that the Court's schedule requires both sides to conduct substantial discovery on an unusually compressed timetable. In particular, written

discovery responses are due September 30, depositions must be completed by October 7, and discovery closes October 9. Defendants' decision to seek summary judgment on the same timetable makes it particularly important that Plaintiff receive the discovery necessary to respond meaningfully to that motion.

With that in mind, we are available to discuss reasonable ways to prioritize production and narrow or sequence particular requests where doing so would facilitate production within the Court's schedule. We do not intend the breadth of a request—for example, a request for "all" responsive documents—to delay production of readily identifiable, responsive materials. If Defendants believe that fully responding to a particular request by September 30 presents a burden or scope issue, please identify the issue promptly and produce the responsive materials that can reasonably be produced in the meantime. We are happy to discuss prioritization, custodians, search parameters, or other practical means of completing production without delaying the discovery that Plaintiff needs for the upcoming depositions and summary-judgment briefing.

We also wanted to reiterate our anticipated approach to the Rule 30(b)(6) deposition. As I mentioned to Will earlier today, we expect that Mr. Floca, as Executive Director, may have personal knowledge sufficient to address many of the noticed topics, and he will also be deposed in his individual capacity. For the sake of efficiency, we presently anticipate taking his individual deposition first. To the extent his personal testimony satisfactorily provides the information Plaintiff seeks on a noticed 30(b)(6) topic, we do not anticipate unnecessarily duplicating that examination in a subsequent 30(b)(6) deposition. If, however, Mr. Floca lacks sufficient personal knowledge on a noticed topic, the Center will of course need to prepare him to testify to the information or designate another witness who can do so. We hope this approach will substantially reduce the time and burden associated with the 30(b)(6) deposition while ensuring that the noticed topics are adequately covered.

Given the schedule, please also identify as soon as practicable any **categorical objections or limitations** you intend to assert—whether based on relevance, privilege, temporal scope, burden, or otherwise—so that we can confer promptly rather than first learning of a significant limitation in Defendants' September 30 responses.

We are available to meet and confer promptly regarding any such issue, including during the call we discussed having tomorrow afternoon. Would 3pm work?

Regards,
-Kyle

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

---

---

---

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.