# Exhibit B

| | |
|---|---|
| **From:** | Jankowski, William S (CIV) |
| **To:** | Kyle Freeny; Nathaniel Zelinsky; Lynch, Christopher M. (CIV); Mayers, Brantley T (CIV) |
| **Cc:** | Norman Eisen; Rosa Baum; Erin Wenokur; David Ogden; Alexander Kristofcak |
| **Subject:** | RE: [External] Beatty deposition |
| **Date:** | Friday, October 2, 2026 4:51:08 PM |

Kyle,

Thanks for responding. Regarding Judge Cooper's statement that you mention in your email, we'll note that, in our view, the proper means to get that relief from the court—*i.e.*, to reopen or extend the deposition beyond seven hours—would be to "[f]ile a motion to compel" "if a witness declines to answer a question." Tr. at 32:5, 32:12. In that event, the parties could proceed to an orderly "briefing schedule" on any issues that may arise. *Id.* at 32:3. And, further, we'll note that Judge Cooper expressly endorsed exactly the kind of limitation the government has been enforcing in its depositions thus far: "[W]e took Your Honor's limitation to direct the limits to the decisions surrounding closure, which excludes that resolution that was withdrawn. THE COURT: Right." *Id.* at 36:7–11. We hope there aren't any further concerns raised in this vein.

To your discovery questions: forthcoming shortly is another supplemental production that contains an Excel workbook with supporting data underlying the FY27 scenarios that were developed for the Board. The workbook contains profit-and-loss data from recent years and, importantly, was used by the Center to directly inform the scenario projections shared with Delta and later to the Board.

Beyond that, it appears to us that your requests seek to elicit the production of information that would typically only be required for use in a full financial audit. The scope of such requests far exceeds what is reasonable or proportional given the needs of the case, both because of the nature of the claims and the limited scope of review of a Board's exercise of its fiduciary duties and because of the specific context of limited, expedited discovery. With respect to the FY26 information in particular, the Center updated the systems it uses to store financial data at the beginning of the current fiscal year, and the data currently stored is neither reasonably accessible nor necessarily verified at this point in time. Producing meaningful, substantially complete, and materially correct FY26 financial information at this stage would be unduly burdensome. Although information can be generated from the accounting system, the fiscal year recently closed, and the resulting data would not yet reflect all transactions, reconciliations, year-end adjustments, management reviews, or other procedures ordinarily required to prepare the information for external use. Production of that incomplete and unreviewed information could result in misunderstandings or conclusions that do not fairly reflect the Center's financial position or results. Completing the necessary work on an accelerated basis would impose a substantial burden given the delayed FY25 audit, the implementation of a new accounting system and accounting processes, personnel turnover, and related delays.

Further, we understand that certain recent financial information has been made public over the course of this litigation. Given that Plaintiff has access to that information, it would not be proportional to the needs of the case to require Defendants to produce any similar information now.

Will

**William S. Jankowski**
Federal Programs Branch
Phone: (202) 353-7578
Cell: (202) 598-5325

---

**From:** Kyle Freeny <kfreeny@washingtonlitigationgroup.org>
**Sent:** Friday, October 2, 2026 3:48 PM
**To:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Norman Eisen <norman@democracydefenders.org>; Rosa Baum <rbaum@washingtonlitigationgroup.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; David Ogden <david@democracydefenders.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>
**Subject:** RE: [External] Beatty deposition

Hi Will—
On the issue of holding open the depositions next week or recalling witnesses in the event that Plaintiff is unable to obtain relevant information as a result of the government's withholding of information or instructions not to answer, we think Judge Cooper was pretty clear about this at yesterday's conference (a transcript of which we have reviewed). At least as it relates to any dispute about the proper scope of discovery under the Scheduling Order, "the government runs the risk of having [the witness] recalled" if it instructs the witness not to answer. Tr. at 33:3-16 ("And so the downside, Mr. Jankowski, of not playing ball in some of these categories is that Mr. Floca may have to come back for a second deposition.").

Regarding outstanding records responsive to our discovery requests, we do think Judge Cooper expects Defendants to produce additional financial records asap, including financial data for FY26. Below we have identified categories of financial records we think are responsive to our requests (and within the scope we previously discussed last Friday), and that we anticipate may be reasonably identifiable. We understand the time constraints, so we have listed these in order of priority. The Center will know for sure which of these exist and are readily available, and we would ask that those be produced asap as well (and if necessary, we will probe the availability of these documents with Mr. Floca and/or the 30(b)(6) witness).

Our top priority is the first category (general ledger, trial balances, and chart of accounts for FY 2025 and FY2026), which corresponds to RFP 28 (focused on the two years of highest interest). My understanding, from prior experience, is that the GL should be readily identifiable and producible, as basic financial controls require an organization to maintain and be able to access its general ledger in the ordinary course of business. **We would ask the Center to prioritize that and produce general ledger, trial balances, and chart of accounts for**

**FY 2025 and FY2026 asap in native format.**

***

1. The Kennedy Center's detailed general ledger, trial balances, and chart of accounts, in native electronic format, for FY2025 through the present (including all details available).
2. Unaudited Monthly and YTD FY2026 Balance Sheet, Statement of Activities (income statement), Statement of Cash Flows.
3. Unaudited FY2025 Balance Sheet (Statement of Financial Position), Statement of Cash Flows.
4. Any analyses, memorandums, forecasts, presentations, or other documents concerning liquidity, financial sustainability, cash needs, operating deficits, or the organization's ability to continue operations.
5. Detailed accounts payable aging reports for FY2026, including vendor name, invoice number and description, amount due, and age of each outstanding payable.
6. Detailed YTD annual payroll registers from FY2024, FY2025 and FY2026, including the YTD summary of payroll with name, gross pay, deductions, withholdings, taxes, and net pay, in an Excel-friendly format.
7. Detailed accounts receivable aging reports for FY2025 and FY2026, including customer name, amount due, and age of each outstanding receivable.
8. Bank and investment-account statements and reconciliations from January 1, 2025, through the present (in an Excel-friendly format, if available).
9. Detailed approved budgets from FY2024 through FY2027, including any revised budgets, forecasts, or projections prepared during those periods.
10. Monthly and YTD budget to actual reports for FY2024 through FY2026, including explanations for significant variances.
11. To the extent it exists, a schedule or other document showing significant donors who reduced, discontinued, or withdrew their financial support during any point in FY2024 through FY2026.
12. To the extent it exists, a schedule or other document showing pledges that were canceled, reduced, written off, or determined to be uncollectible during FY2024 through FY2026. For each pledge, please include the donor name, original pledge amount, amount canceled, reduced, or written off, date of the change, reason for the change, if known, and any remaining outstanding balance.

**Kyle R. Freeny**
Principal | Washington Litigation Group | (202) 521-8790
www.washingtonlitigationgroup.org

**From:** Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>
**Sent:** Friday, October 2, 2026 12:08 PM
**To:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>; Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Norman Eisen <norman@democracydefenders.org>; Kyle Freeny <kfreeny@washingtonlitigationgroup.org>; Rosa Baum <rbaum@washingtonlitigationgroup.org>; Erin Wenokur <ewenokur@washingtonlitigationgroup.org>; David Ogden <david@democracydefenders.org>; Alexander Kristofcak <akristofcak@washingtonlitigationgroup.org>
**Subject:** RE: [External] Beatty deposition

Nathaniel,

We note your position on Representative Beatty's deposition. We'll continue to be in touch to determine how best we might accommodate her schedule in the coming weeks.

On bifurcation, given that the parties agree that the depositions currently scheduled should proceed, we see no reason to go back to the Court on the scheduling issue. If you intend to reserve some time in the seven hours allocated for your deposition of Matt (or the seven hours for the 30(b)(6) witness) to hold the deposition open pending the resolution of any issues that may arise and can be briefed for the Court when ripe, we can discuss that further with you, though as it stands we reserve the right to declare the deposition closed upon the completion of the testimony on each day. And we do not waive our right to limit each deposition to the allocated seven hours under the Federal Rules regardless of whether Plaintiff believes certain responses were improperly withheld under a privilege assertion or due to the court-ordered limitation on discovery.

Again, we noted our efforts on the production of financial information last night, and as of today we're continuing to assess the feasibility of providing additional information to you from the Center. We believe, as we noted to the Court, that we're well within our obligations to respond to your requests, especially in light of the Court's discovery limitation.

Let us know if you have any further matters to discuss at this stage.

Will

**William S. Jankowski**
Federal Programs Branch
Phone: (202) 353-7578
Cell: (202) 598-5325

**From:** Nathaniel Zelinsky <nzelinsky@washingtonlitigationgroup.org>
**Sent:** Friday, October 2, 2026 9:45 AM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Jankowski, William S (CIV) <William.S.Jankowski@usdoj.gov>; Mayers, Brantley T (CIV) <Brantley.T.Mayers@usdoj.gov>
**Cc:** Norman Eisen <norman@democracydefenders.org>; Kyle Freeny