# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOYCE BEATTY,

*Plaintiff*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

Civil Action No. 25-4480 (CRC)

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF EXPEDITED DISCOVERY REQUESTS**

Pursuant to Federal Rules of Civil Procedure 26, 30, 33, and 34; Local Civil Rule 26.2; the Court's Scheduling Order of September 16, 2026 (ECF No. 82); and the Court's September 17, 2026 minute order, Defendants Donald J. Trump, *et al.*, provide the following responses and objections to Plaintiff's discovery requests.

**OBJECTIONS TO INSTRUCTIONS**

1. Defendants object to all of Plaintiff's instructions to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure. Defendants will respond consistent with their obligations imposed by the Federal Rules of Civil Procedure, and not beyond those obligations.

2. Defendants object to Instruction No. 8 to the extent it purports to impose an obligation to produce electronically stored information "a single-page TIFF images or searchable PDFs, in either case with document-level extracted text and standard load files, together with associated metadata (including custodian, author, recipients, date sent/received/created/modified, file name, and file path), except that spreadsheets . . . and other documents that cannot reasonably

be reviewed in image format shall be produced in native format" as unduly burdensome and beyond the obligations imposed by the Federal Rules of Civil Procedure. Defendants object to Instruction No. 8 to the extent it purports to impose an obligation to produce electronically stored information "in entire families, with parent-child relationships between documents preserved in the load file," to produce "[t]ext messages and messages sent through any messaging application" with "full thread context," and to produce each page with a "unique Bates number" as unduly burdensome and beyond the obligations imposed by the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 34(b)(2)(D) and as set forth in the Parties' Joint Rule 26 Report at 11, ECF No. 63, except where a request specifically calls for the production of a document in native form, Defendants will produce any documents in PDF format and in any native digital format for excel files, with "associated metadata preserved where relevant," ECF No. 63 at 11.

3. Defendants object to Instruction No. 16 to the extent it purports to establish the "relevant time period" for Plaintiff's requests as "in the fall of 2025" through "the date of Your response" as unduly burdensome, not proportionate to the needs of the case, and outside the limitation imposed by Court order that discovery be "limited to the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing Arts, at its August 13, 2026 meeting," ECF No. 82 at 2, and to the "subject of [Plaintiff's] Notice of Supplemental Authority [(ECF No. 85)] to the extent permitted by the Federal Rules and the Court's scheduling order," Min. Order (Sep. 17, 2026). Because the Court's scheduling order contemplated discovery only as to the substance, justification, mechanics, and process of the Board of Trustees at its August 13 and September 15 meetings, and omitted any reference to materials developed for other purposes or for other Board meetings, Defendants will construe Plaintiff's requests as addressing the time period from May 29, 2026, the date of the Court's preliminary

injunction, through September 22, 2026, the day before Plaintiff served her requests, unless responsive information or documents outside that time period and specified in a particular response as relevant to the "substance, justification, mechanics, and process" of the Board during its August 13 and September 15 meetings and to the subject of Plaintiff's Notice of Supplemental Authority, are responsive and discoverable.

## OBJECTIONS TO DEFINITIONS

1. Defendants object to Definition No. 3 for "August 13 Decision" to the extent it purports to define an action the Board took by reference to any action the Board did *not* take, *i.e.*, by "including every resolution adopted "at the August 13, 2026 meeting "in every version, including any version filed with the Court by errata or otherwise." Defendants will construe "August 13 Decision" in accordance with the plain meaning of the word "Decision" and will thus limit interpretation of the term to those materials reflecting the affirmative action that the Board took at that meeting, to wit: the resolutions embodied at ECF pages 11–13 and 16–18 of ECF No. 68-3.

2. Defendants object to Definition No. 8 for "Chairman" in that "any person acting on his behalf with respect to the Kennedy Center" is overbroad, vague, and not proportional to the needs of the case because it purports to include, among other individuals, any government employees, contractors from any government agency, and any non-government individual "with respect to the Kennedy Center" regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in these cases. The vague phrase "with respect to the Kennedy Center" could involve an extraordinary number of potential custodians, rendering the definition unduly burdensome. Defendants will construe this definition to refer to President Trump, in his official capacity as Chairman of the Board.

3. Defendants object to Definition No. 9 for "Closure" to the extent that it purports to define multiple independent actions taken by the Board as one singular action. Defendants further object in that any definition referencing any cessation of operations "announced on or about February 1, 2026, or as approved by the Board on March 16" is outside the scope of the Court's limit on discovery to "the substance, justification, mechanics, and process of the Board of Trustees" at "its August 13, 2026 meeting," ECF No. 82 at 2, and to the "subject of [Plaintiff's] Notice of Supplemental Authority [(ECF No. 85)] to the extent permitted by the Federal Rules and the Court's scheduling order," Min. Order (Sep. 17, 2026). Defendants will construe "Closure" to refer to the cessation, in whole or in part, of public performances, programming, events, tours, or other public operations at the Kennedy Center, as approved by the Board on August 13 and September 15, 2026. Any reference to the announcement from management made on September 16, 2026, which was made independently of the Board's decisions on August 13 and September 15, will be referred to in these responses as the "Temporary Closure."

4. Defendants object to Definition No. 12 for "Delta" to the extent that "every other person who performed work on the Kennedy Center engagement" includes any individual other than those who have or had a formal employment relationship with the Delta Consulting Group, whether in a paid or unpaid capacity, related to the substance, justification, mechanics, and process of the Board of Trustees at its August 13 and September 15, 2026 meetings, as outside the possession, custody, or control of Defendants and outside the scope of the discovery limitation enumerated in the Court's scheduling order, *see* ECF No. 82 at 2. Defendants will construe "Delta" as used in this Definition as including any person employed by Delta Consulting Group who performed work on the Kennedy Center engagement as relevant to the substance, justification,

mechanics, and process of the Board at its August 13 and September 15, 2026 meetings and is within the possession, custody, or control of Defendants.

5. Defendants object to Definition No. 22 for "JLL" to the extent that "any affiliate engaged by the Kennedy Center" includes any entity or individual other than those who have or had a formal employment or affiliation relationship with Jones Lang LaSalle related to the substance, justification, mechanics, and process of the Board of Trustees at its August 13 and September 15, 2026 meetings, as outside the possession, custody, or control of Defendants and outside the scope of the discovery limitation enumerated in the Court's scheduling order, *see* ECF No. 82 at 2. Defendants will construe "JLL" as used in this Definition as including any entity or individual both employed by Jones Lang LaSalle and engaged by the Kennedy Center as relevant to the substance, justification, mechanics, and process of the Board of Trustees at its August 13 and September 15, 2026 meetings and is within the possession, custody, or control of Defendants.

6. Defendants object to Definition No. 32 for "September 15 Decision" to the extent it purports to define an action the Board took by reference to any action the Board did *not* take, *i.e.*, by including "every version" of "every resolution adopted" at the Board's September 15, 2026 meeting and any "modification" of that action, to the extent such modification was not duly adopted by the Board. Defendants will construe "September 15 Decision" in accordance with the plain meaning of the word "Decision" and will thus limit interpretation of the term to those materials reflecting the affirmative action that the Board took at its September 15 meeting, to wit: the resolution embodied at ECF pages 12–13 of ECF Nos. 88-9 and 89-10.

## RESERVATION OF RIGHTS AND OBJECTIONS

The foregoing general objections and the following specific objections and responses are based on Defendants' interpretation of Plaintiff's interrogatories, requests for production, and notices of deposition pursuant to Rule 30(b)(6), and on information reasonably available to

Defendants as of today. Defendants reserve the right to supplement these objections or responses if Plaintiff purports to interpret its requests differently than Defendants or if Defendants discover new information supporting additional objections or responses. Defendants also reserve the right to object to the admissibility of any information contained herein on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

**GENERAL OBJECTIONS TO ALL WRITTEN DISCOVERY REQUESTS**

1. Defendants object to Plaintiff's written discovery requests as unduly burdensome and not proportional to the needs of the case as required by Fed. R. Civ. P. 26(b)(1). Defendants object to each and every request for production to the extent it seeks to compel the production of electronically stored information that is not reasonably accessible because of undue burden or cost, in accordance with Fed. R. Civ. P. 26(b)(2)(B). Discovery in this litigation is limited to that information that can reasonably be produced within one week of the service of discovery requests and to those matters concerning "the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing Arts, at its August 13, 2026 meeting, resolving to close the main building of the Center to the public to conduct repairs, as well as the surrounding equities of the decision." ECF No. 82 at 2. Defendants will interpret Plaintiff's written discovery requests in accordance with those limitations and will produce discoverable information that is reasonably accessible and does not impose an undue burden given the extreme time exigencies imposed in this litigation. Further, Defendants will limit their productions to that discoverable information that is relevant to the "substance, justification, mechanics, and process" of the Board's August 13 and September 15, 2026 meetings. Defendants further object to each and every request as not proportional to the needs of the case to the extent a complete response is not feasible in the time contemplated in the Court's Scheduling Order, ECF No. 82. Defendants further object to each and every request as not proportional to the needs of the case as required by

Federal Rule of Civil Procedure 26, given the nature of the claims at issue, which are limited to the question of whether the Board satisfied the "minimum requirements" of their duties with "due care and some modicum of independence," ECF No. 50 at 92, and did so while "acting bona fide," *Shelton v. King*, 229 U.S. 90, 94 (1913).

2. Defendants object to Plaintiffs' interrogatories, requests for production, and requests for admission to the extent that they seek information protected against disclosure by: (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection.

3. Defendants object to any interrogatories, requests for production, and requests for admission seeking discovery from the Chairman, who is also the President of the United States, and to any person acting on his behalf who is employed at the White House or in the Executive Office of the President, as unduly burdensome and disproportionate to the needs of the case. *See generally Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 385 (2004). Plaintiff's discovery requests propounded on the Chairman (and anyone acting on his behalf), which includes White House officials, would create an undue burden, distract them from their critical executive responsibilities, and violate the separation of powers. *See id.* at 385; *see also U.S. DOGE Serv. v. Citizens for Resp. & Ethics in Wash.*, 145 S. Ct. 1981 (2025) ("[S]eparation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications.") Plaintiff's requests, to the extent they can be construed to implicate or seek information from the President or the White House, are unduly burdensome and disproportionate to the needs of the case when Plaintiff has not first exhausted all available opportunities to seek

related information from other sources. *See, e.g.*, Order, *Centro Presente v. Biden*, No. 1:18-cv-10340 (D. Mass. May 15, 2019) (requiring the plaintiff to exhaust all discovery on other defendants before considering whether there was a "continuing need for discovery sought on the White House"); *Wagafe v. Trump*, No. C17-94-RAJ, 2017 WL 5990134, at *3 (W.D. Wash. Oct. 19, 2017) ("[I]ntruding on the Executive in this context is a matter of last resort[.]"); *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC JCGX, 2014 WL 1647385, at *13 (C.D. Cal. Apr. 15, 2014); *cf. Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019) (vacating "district court's discovery orders because the district court did not fulfill its obligation 'to explore other avenues, short of forcing the Executive to invoke privilege' " (quoting *Cheney*, 542 U.S. at 390)); *Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 532 F.3d 860, 867 (D.C. Cir. 2008) (acknowledging the same *Cheney* limitation).

Moreover, to the extent the discovery requests seek communications involving the President or White House personnel, they are inappropriate because they may have the effect of seeking information protected by the presidential communications privilege, a "presumptive privilege" "fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution" that attaches to presidential communications. *United States v. Nixon*, 418 U.S. 683, 708 (1974); *see In re Sealed Case*, 121 F.3d 729, 743–44 (D.C. Cir. 1997). Although the presidential communications privilege can be overcome by showing a "specific need for evidence in a pending criminal trial," *In re Sealed Case*, 121 F.3d at 743 (citation omitted), the presumption against disclosure is even higher in a civil case like this one, *Am. Hist. Ass'n v. Nat'l Archives & Recs. Admin.*, 402 F. Supp. 2d 171, 181 (D.D.C. 2005). And because Plaintiff would generally not be entitled to such information, requests seeking information involving the President or White House personnel impose burdens on executive officials to locate documents, review

them, and justify their withholdings that are disproportionate to the benefit (if any) that Plaintiff might derive from the possibility of responsive, non-privileged documents. *See Cheney*, 542 U.S. at 389. Such discovery violates the separation of powers and creates an undue burden and distraction from those individuals' critical executive responsibilities. *See id.*

4. Defendants object to Plaintiff's written discovery requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation. To the extent that such material may be produced only after a court order authorized under the Privacy Act, Defendants are willing to confer on the terms of a joint proposed protective order.

5. Defendants object to each interrogatory, request for production, and request for admission to the extent it exceeds the scope of permissible discovery as defined by Fed. R. Civ. P. 26(b)(1)—*i.e.*, not relevant to any party's claim or defense.

6. Defendants object to each interrogatory, request for production, and request for a admission as overly burdensome and not proportional to the needs of the case because the requests encompass an excessive temporal scope and fall outside the limitation imposed by Court order that discovery be "limited to the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing Arts, at its August 13, 2026 meeting," ECF No. 82 at 2, and to the "subject of [Plaintiff's] Notice of Supplemental Authority [(ECF No. 85)] to the extent permitted by the Federal Rules and the Court's scheduling order," Min. Order (Sep. 17, 2026). Defendants will generally construe the requests to address the time period from May 29, 2026, the date of the Court's preliminary injunction, through September 22, 2026, the day before Plaintiff served her requests, unless outside that time period and specified in a particular response as relevant to the "substance, justification, mechanics, and process" of the Board during

its August 13 and September 15 meetings and to the subject of Plaintiff's Notice of Supplemental Authority, to the extent permitted by the Court's scheduling order.

7. Defendants object to each request for production to the extent it is duplicative of other requests. Documents responsive to multiple requests for production will be produced only once.

8. Defendants object to each request for production to the extent it seeks to require production of documents not in Defendants' possession, custody, or control.

9. Defendants object to each interrogatory, request for production, and request for admission to the extent it seeks information or documents that are publicly available, or are accessible to Plaintiff, have been filed publicly on the docket in this litigation, or would be less burdensome for Plaintiff to obtain than Defendants. *See* Fed. R. Civ. P. 26(b)(2)(C).

10. Defendants object to each interrogatory, request for production, and request for admission to the extent it seeks information or documents that are not within the custody, control, or possession of the Center's Management (defined here as the officers and executive employees of the John F. Kennedy Center for the Performing Arts) as unduly burdensome and not proportional to the needs of the case, considering the need for the completion of discovery on a highly expedited timeline. Defendants will construe each request to seek only information currently in the custody, control, or possession of the Center and its officers, and not information in the custody of any Trustee of the Center, other federal entity, or (for the above reasons as well as those set forth in General Objection No. 3) the White House.

11. Defendants object to each interrogatory, request for production, and request for admission to the extent it seeks information or documents generated and disseminated entirely within the Center's Office of General Counsel, which is protected by the attorney-client and

attorney–work product privileges. As the parties have previously agreed, Defendants will not produce documents or information created, maintained, or disseminated entirely within the Center's Office of General Counsel as protected by the attorney-client and attorney–work product privileges.

12. Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a specific request. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

13. Defendants' response to a request for production indicating that documents will be produced shall not be deemed or construed to meant that there are, in fact, responsive documents, that Defendants performed any of the acts described in the document request, or that Defendants agree with the characterization of the conduct or activities described in the document request.

14. Defendants do not waive, and hereby expressly reserve their rights to assert any and all objections to the admissibility of their responses to Plaintiff's interrogatories into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the responses herein without in any manner implying or admitting that the discovery requests are relevant or material to the subject matter of this action.

15. Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections here, and to assert additional objections or privileges, in one or more of the subsequent supplemental response(s).

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION**

1. All Documents and Communications concerning the decision to present Closure to the Board for another vote on September 15, 2026, including the purpose of that vote and its relationship to the August 13 Decision.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendants construe this Request, and all Requests, as seeking only materials in the custody of Center Management (defined herein as "executive officers of the Center, excluding personnel within the Office of General Counsel"). Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. To that end, and as previously agreed by the parties, Defendants will not search for documents in the possession, custody, or control of the Center's Office of General Counsel.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

2. All Documents and Communications relating to the selection, retention, objectives, and scope of the engagement of Delta, including the statement of work, any task order, or GSA schedule order, any engagement letter, all modifications to any of the foregoing, all invoices, and any Documents or Communications concerning the alternatives or Scenarios that Delta was asked, instructed, or expected to evaluate.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants and Defendants construe this request as seeking only communications between Center Management and Delta.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

3. All Documents provided to Delta, instructions or assumptions given to Delta, and documents Delta requested but did not receive.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants construe this request as seeking only communications between Center Management and Delta.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

4. All Communications between Delta and any officer, employee, trustee, or representative of the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. Defendants further object to this Request—to the extent proportional to the needs of the case--as duplicative of Requests 2 & 3 above.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

5. All Documents and Communications relating to the selection, retention, objectives, and scope of the engagement of JLL, including the statement of work, any task order or GSA schedule order, any engagement letter, all modifications to any of the foregoing, all invoices, and

any Documents or Communications concerning the alternatives or Scenarios that JLL was asked, instructed, or expected to evaluate.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and outside the scope of the Court's scheduling order insofar as it refers to "all documents and communications," and insofar as it seeks invoices from JLL or other documents related to the financial terms of the Center's relationship with JLL or as it relates to work not the subject of meetings of the Center's Board of Trustees on August 13 and September 15, 2026. Defendants construe this request as seeking only communications between Center Management and JLL.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

6. All Communications between the Chairman and any officer, employee, or trustee of the Kennedy Center relating to either of the Board Decisions, the Delta engagement, Demolition, any Scenario, or the facts described in Paragraphs 3 and 4 of Defendants' Statement of Undisputed Material Facts (ECF No. 89-2), and any Documents or Communications memorializing or discussing any such communication (whether written or oral).

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling

Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendants further object to this Request as beyond the scope of discovery permitted by the Court's Scheduling order to the extent it seeks materials relating to "the facts described in Paragraphs 3 and 4 of Defendants' Statement of Undisputed Material Facts (ECF No. 89-2)." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege and because it implicates the separation of powers concerns addressed in *Cheney*, 542 U.S. at 385, and similar cases, as set forth in General Objections No. 2 and 3.

**Response:** In keeping with the above objections, Defendants will not produce any documents in response to this Request.

7. For each Scenario, all financial, budget, revenue, expense, cost, and cash-flow projections, including projected revenue from attendance and donations; all data and assumptions underlying those projections, including the data underlying any revenue, attendance, and contribution assumptions; all related workpapers; and all communications regarding the same, including, in native format, the Comparative Cost Assessment Workbook (Delta Report, App. T), the FY25 financial statement (App. W), the FY27 Budget Scenarios (App. X), and the Sources and Uses table (App. Y).

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as duplicative of multiple other requests,

including, but not limited to RFP Nos. 2-5 & 24-30. Defendants incorporate by reference herein their objections to each of those requests. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks "all communications" regarding multiple topics. Defendants construe this request as limited to seeking native format versions of Appendices T, W, X, & Y of the Delta Report.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which they are not claiming a privilege.

8. The JLL Plan, in native format, and all communications with JLL relating to the duration, sequencing, phasing, or cost of the Renewal Project, including any re-baselining of the construction start date.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as duplicative of multiple other requests including, but not limited to RFP No. 5. Defendants further object to this request as outside of the scope of the Court's Scheduling Order insofar as it requests materials related to "any re-baselining of the construction start date. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks "all communications" regarding multiple topics. Defendants construe this request as limited to seeking a native format version of the JLL plan.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which they are not claiming a privilege.

9. All Documents and Communications relating to the consideration by any committee of the Board (including but not limited to the Audit and Finance Committee) of the Closure or any Scenario on or after May 29, 2026, including all materials for the Audit and Finance Committee's August 3, 2026, meeting, every version of any multi-option or scenario analysis, and all minutes and notes.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request as unduly burdensome and unduly vague to the extent it refers to all "notes." Defendants construe this request as limited to seeking materials provided to any subcommittee of the Board related to any potential closure or renovation of the Center's main building for a subcommittee meeting between May 29, 2026, and September 15, 2026, and the minutes of any such meeting.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege.

10. All Documents relating to the Closure, the Renewal Project, or the Kennedy Center's financial condition that were provided to one or more, but fewer than all, trustees, together with documents sufficient to show the recipients and dates of transmittal.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling

Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents." Defendants further object to this request as duplicative of RFP No. 9.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents not duplicative of those provided in response to RFP No. 9 located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

11. All Documents relating to the Closure, the Renewal Project, or the Kennedy Center's financial condition that were prepared for the Board, but were not provided to the Board.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents." Defendants further object to this request as unduly vague.

**Response:** At present, Defendants understand that there are no documents responsive to this request. However, subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

12. All Documents and Communications reflecting any analysis of the deadline by which the Appropriated Funds must be obligated or expended, or of whether any Scenario could meet that deadline, including any such analysis by the Kennedy Center, JLL, Delta, or any budget or finance office.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. Defendants further object to this request on the ground that it seeks documents already in the possession of or equally available to Plaintiff as Defendant, as set forth in General Objection No. 9.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, that are not already in the possession of Plaintiff or equally available to Plaintiff as Defendant, subject to additional conferral to limit the scope of the request. At present, Defendants do not understand any such materials to exist.

13. All Documents and Communications relating to any Scenario considered but not presented to the full Board, including the scenarios reported in Cuneyt Dil, Scoop: Inside Kennedy Center's Renovation Scenarios, Axios (Aug. 11, 2026), https://www.axios.com/local/washington-dc/2026/08/11/kennedy-center-national-symphony-orchestra.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar

as it refers to "all documents and communications." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

14. All Documents and Communications concerning whether any Document, information, analysis, recommendation, or Scenario concerning Closure or the Renewal Project would, would not, should, or should not be provided or presented to the Board in connection with either Board Decision, including any decision to provide, present, withhold, omit, summarize, or modify such material.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it is duplicative of RFP No. 9.

**Response:** At present, Defendants understand that there are no documents and communications responsive to this request. Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

15. All Documents and Communications reflecting any analysis, performed in connection with either of the Board Decisions, of the effect of the Closure on programming, performers, staffing, audiences, donors, finances, the Kennedy Center's memorial function, or the Kennedy Center's reputation.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. Defendants further object to this request on the ground that it seeks documents already in the possession of or equally available to Plaintiff as Defendant.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, that are not already in the possession of Plaintiff or equally available to Plaintiff as Defendant, subject to additional conferral to limit the scope of the request. At present, Defendants do not understand any such materials to exist.

16. All Documents and Communications reflecting any engineering, structural, mechanical, electrical, plumbing, or building-envelope findings that bear on the scope, duration, or cost of the Renewal Project, including any draft or final report by Walter P Moore, and all documents reflecting whether the Renewal Project schedule or cost estimates were revised in light of those findings.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request as unduly vague to the extent it seeks materials that purportedly "bear on" certain issues. Defendants object to this request as overbroad, unduly burdensome, and outside the scope of the Court's scheduling order insofar as it refers to "all documents and communications," and insofar as it seeks materials relating to work not the subject of meetings of the Center's Board of Trustees on August 13 and September 15, 2026.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

17. Documents sufficient to show every booking, contract, engagement, residency, or rental for the Main Building that was declined, deferred, canceled, left unbooked, or not renewed during the Interim Period.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to this Request as unduly burdensome, not proportional to the needs of the case, and outside the scope of the Court's Scheduling Order, ECF No. 82, insofar as it seeks information related to engagements "declined," "deferred," or "left unbooked," or "not renewed." Defendants further in particular insofar as it seeks Defendants object to this request as unduly vague insofar as it refers

to "documents sufficient to show " certain items. Defendants further object to this Request as more properly presented as an Interrogatory. Defendants will construe this request as seeking a document identifying each engagement for the main building canceled in the period between May 29, 2026 and August 13, 2026.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

18. All instructions, directives, and communications during the Interim Period concerning whether to book, schedule, or contract for performances or events in the Main Building and outside the Main Building occurring on or after July 6, 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all . . . communications." Defendants will construe this request as seeking instructions or directives between May 29, 2026, and August 13, 2026, regarding whether to schedule performances inside the Center's main building on or after July 6, 2026.

**Response:** At present, Defendants understand that there are no directives or instructions responsive to this request. Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over

which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

19. All Documents and Communications during the Interim Period concerning staffing actions taken in connection with the Closure, including separations, non-renewals, furloughs, hiring freezes, hiring or termination of vendors, and workforce planning.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications." Defendants further object to this request as outside the scope of the Court's Scheduling Order, ECF No. 82, insofar as it does not relate to "the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing Arts, at its August 13, 2026 meeting, resolving to close the main building of the Center to the public to conduct repairs." Defendants will construe this request to be limited to any formal planning document identifying planned changes in staffing the Center during any closure of the Center's main building prepared between May 29, 2026 and August 13, 2026.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

20. All Documents and Communications on or after August 13, 2026, concerning staffing actions taken in connection with the Closure, including separations, non-renewals, furloughs, hiring freezes, hiring or termination of vendors, and workforce planning.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications." Defendants note that, as framed, no responsive documents exist to this request, as no actions described in this request have been "taken in connection with the Closure." Defendants will construe this request as seeking a list of personnel separated from the Center since August 13, 2026, regardless of the reason for the separation.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

21. All Documents and Communications dated on or before August 13, 2026, reflecting a decision, assumption, or plan that the Main Building would be closed for renovations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and

communications." Defendants further object to this request as duplicative of other requests, including, but not limited to RFPs 2-5, 11-14, 35-36, & 45. In the context of that duplication, Defendants further object to this request as unduly vague and failing to describe what is sought with reasonable particularity as required by the Federal Rules of Civil Procedure. Defendants further object to this request to the extent as overbroad, unduly burdensome, and not proportionate to the needs of the case insofar as it seeks documents dated on or before August 13, 2026 without specifying a beginning date.

**Response:** Consistent with the foregoing objections, Defendants will not produce any additional documents in response to this request, subject to additional conferral clarifying the request.

22. All Documents and Communications reflecting the Kennedy Center's prior plans to conduct renovations in phases in an occupied building, as admitted by Mr. Floca in his April 29, 2026 testimony, relied upon by the Board or management in evaluating or rejecting any Scenario under which the Main Building would remain open in whole or in part.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications." Defendants further object to this request as outside the scope of the Court's Scheduling Order, ECF No. 82, insofar as it does not relate to "the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing

Arts, at its August 13, 2026 meeting, resolving to close the main building of the Center to the public to conduct repairs."

**Response:** Consistent with the foregoing objections, Defendants will not produce documents in response to this request.

23. All Documents and Communications dated on or after May 29, 2026, concerning or referring to (i) the February 1 Announcement; (ii) the Board's March 16, 2026, vote concerning Closure; or (iii) Mr. Floca's conclusion prior to February 1, 2026, that a 24-month closure was the best path forward, see ECF No. 88-1 at 4, including any such Documents or Communications concerning the effect of the Court's May 29, 2026, Opinion and Order or the steps to be taken in response thereto.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications." Defendants further object to this request as outside the scope of the Court's Scheduling Order, ECF No. 82, insofar as it does not relate to "the substance, justification, mechanics, and process of the Board of Trustees of the John F. Kennedy Center for the Performing Arts, at its August 13, 2026 meeting, resolving to close the main building of the Center to the public to conduct repairs." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection from disclosure.

**Response:** Consistent with the foregoing objections, Defendants will not produce documents in response to this request.

24. Documents sufficient to show the data underlying the revenue, attendance, and contribution assumptions used in any Scenario, for the periods reflected in the Fiscal Year 2025 financial statement and the Fiscal Year 2027 Budget Scenarios.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this Request because the phrase "documents sufficient to show" various data is unduly vague. Defendants construe this request to seek the underlying materials used to prepare the Fiscal Year 2025 financial statement and 2027 budget projections presented to the Board at its August 13, 2026 meeting and included in the Delta report, which was distributed to the Board in advance of its September 15, 2026 meeting.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege.

25. Documents sufficient to show, on a monthly basis from January 1, 2024, through the present, the Kennedy Center's revenues, expenses, cash and other available fiscal resources, accounts payable, and other liabilities, including revenues from ticket sales, donations and other contributed revenue, memberships, sponsorships, and other material sources of revenue.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling

Order, ECF No. 82, Defendants object to this Request because the phrase "documents sufficient to show" various data is unduly vague. Defendants further object to this Request as unduly burdensome, not proportional to the needs of the case, outside of the scope of the Court's Scheduling Order, ECF No. 82, unduly vague, incorporating materials already in the possession of or equally available to Plaintiff, and duplicative of RFP No. 24. As previously discussed between the parties, Plaintiff already has access to the Center's audited financial statements for Fiscal Years 2023 and 2024.

**Response:** Consistent with the foregoing objections and prior discussions between the parties, Defendants will not produce additional documents responsive to this Request, beyond those being produced in response to RFP No. 24.

26. Documents sufficient to show, from January 1, 2025, through the present, the balance of each cash, deposit, investment, reserve, sustainability fund, endowment, or other account or fund maintained by or available to the Kennedy Center; all restrictions or limitations on the use of each such account or fund; and all transfers into or out of such accounts or funds.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this Request because the phrase "documents sufficient to show" various data is unduly vague. Defendants further object to this Request as unduly burdensome, not proportional to the needs of the case, outside of the scope of the Court's Scheduling Order, ECF No. 82, unduly vague, incorporating materials already in the possession of or equally available to Plaintiff, and duplicative of RFP No. 24. As previously discussed

between the parties, Plaintiff already has access to the Center's audited financial statements for Fiscal Years 2023 and 2024.

**Response:** Consistent with the foregoing objections and prior discussions between the parties, Defendants will not produce additional documents responsive to this Request, beyond those being produced in response to RFP No. 24.

27. The January 21, 2025, Finance Committee Presentation (as referenced in the Sept. 15, 2026 Board materials), together with Documents sufficient to show the data underlying the financial information (including historical financial information) reflected therein.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as unduly vague insofar as it seeks "documents sufficient to show" various data. Defendants further object to the request insofar as it seeks any "data underlying the financial information" referenced in the identified presentation beyond the presentation itself as overbroad, unduly burdensome, not proportionate to the needs of the case, and duplicative of RFP No. 24, and construe the request as seeking only the referenced presentation.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of the presentation referenced in the above Request over which Defendants are not claiming any privilege.

28. The Kennedy Center's general ledger, trial balances, and chart of accounts, in native electronic format, for FY2022 through the present.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants further object to this Request as unduly burdensome, not proportional to the needs of the case, outside of the scope of the Court's Scheduling Order, ECF No. 82, unduly vague, incorporating materials already in the possession of or equally available to Plaintiff, and duplicative of RFP No. 24. As previously discussed between the parties, Plaintiff already has access to the Center's audited financial statements for Fiscal Years 2023 and 2024.

**Response:** Consistent with the foregoing objections and prior discussions between the parties, Defendants will not produce additional documents responsive to this Request, beyond those being produced in response to RFP No. 24.

29. All cash-flow, liquidity, or treasury forecasts prepared from January 1, 2026, through the present, including weekly or daily cash forecasts and all versions of any forecast projecting that the Kennedy Center would be unable to satisfy payroll, vendor, maintenance, or other obligations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as unduly burdensome, overbroad, and disproportionate to the needs of the case and outside the scope of the Court's Scheduling Order.

Defendants further object to this request—to the extent it is within the scope of the Court's Scheduling Order and proportionate to the needs of the case—as duplicative of RFP No. 24.

**Response:** Consistent with the foregoing objections and prior discussions between the parties, Defendants will not produce additional documents responsive to this Request, beyond those being produced in response to RFP No. 24.

30. Bank and investment-account statements and reconciliations from January 1, 2025, through the present.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants further object to this Request as unduly burdensome, not proportional to the needs of the case, outside of the scope of the Court's Scheduling Order, ECF No. 82, unduly vague, incorporating materials already in the possession of or equally available to Plaintiff, and duplicative of RFP No. 24.

**Response:** Consistent with the foregoing objections and prior discussions between the parties, Defendants will not produce additional documents responsive to this Request, beyond those being produced in response to RFP No. 24.

31. Documents sufficient to substantiate the draft resolution presented to the Board in connection with its September 15, 2026, meeting that the Kennedy Center had "exhausted its fiscal resources," would be unable to "support its payroll obligations" or "routine maintenance contracts within a matter of weeks," and faced "certain fiscal collapse within weeks."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular

those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this Request because the phrase "documents sufficient to substantiate" various statements is unduly vague. Defendants further object to this Request as unduly burdensome, disproportionate to the needs of the case, and outside of the scope of the Court's Scheduling Order, as it addresses a withdrawn proposed resolution never considered by the Board.

**Response:** Consistent with the foregoing objections, Defendants will not produce documents in response to this Request.

32. Documents sufficient to show each messaging platform, account, or application (including any personal account and any application with auto-delete or ephemeral functionality) used by Defendants Floca and Grenell to communicate regarding either of the Board Decisions, and all documents reflecting the steps taken to preserve those communications.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to this Request as unduly burdensome, not proportional to the needs of the case, and outside the scope of the Court's Scheduling Order, ECF No. 82, particularly, but not limited to, insofar as it seeks information related to Mr. Grenell, who ceased to have any role at the Center as of March 12, 2026, at the latest. Defendants further in particular insofar as it seeks Defendants object to this request as unduly vague insofar as it refers to "documents sufficient to show" various actions. Defendants further object to this Request as more properly presented as an Interrogatory.

**Response:** Consistent with the foregoing objections, Defendants will not produce any documents in response to this Request.

33. All Documents and Communications relating to Delta's presentation to, or discussion with, the Board on September 15, 2026, including all materials presented, all preparation materials, and all communications relating to arranging that presentation.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this Request Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it seeks materials in the possession of Delta and not provided to Center Management and to the extent it incorporates materials previously made available to Plaintiff in her capacity as a Trustee and/or that have been filed on the docket in this case or are otherwise publicly available. Defendants further object to this request to the extent it is duplicative of RFP Nos. 2-4, and Defendants incorporate their objections to those responses here. Defendants further object that "communications relating to arranging [Delta's September 15, 2026] presentation" to the Board are not proportional to the needs of the case.

**Response:** Consistent with the foregoing objections, Defendants will not produce additional materials in response to this Request beyond those provided in response to RFP Nos. 2-4.

34. All Documents and Communications relating to the September 4 Incident, including incident reports, photographs, video, engineering or safety assessments, work orders, insurance notices, and all communications regarding the September 4 Incident, together with all inspection, maintenance, and repair records for the affected area of the Grand Foyer.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks "all documents and communications," "work orders," and "insurance notices." Defendants further object to this Request to the extent it seeks materials not previously made available to Plaintiff in her capacity as a Trustee of the Center. Defendants construe this Request as seeking any reports relating to the "life-safety incident in the Grand Foyer" of the Center's main building on September 4, 2026, described in paragraph 12 of the Declaration of Matthew Floca, filed with the Court as ECF No. 91-1.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any reports referenced in ECF No. 91-1 relating to the partial ceiling collapse in the Grand Foyer of the Center's main building on September 4, 2026, that can be located after a reasonable search over which Defendants are not claiming a privilege.

35. All Documents and Communications reflecting any determination or opinion, by Delta or by any officer or employee of the Kennedy Center, that the Main Building is unsafe for continued occupancy, including all documents reflecting when each such determination or opinion was formed and its basis.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar

as it refers to "all documents and communications." Defendants further object to this Request to the extent it is outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case. Defendants further object to this Request to the extent it seeks materials already filed on the docket of this case or otherwise available to Plaintiff in her capacity as a Trustee of the Center, as set forth in General Objection No. 9.

**Response**: Consistent with the foregoing objections, Defendants refer Plaintiff to the Declaration of Matthew Floca, filed with the Court as ECF No.91-1. Defendants will produce the materials cited therein over which they are not claiming any privilege and that can be located after a reasonable search.

36. All Documents and Communications supporting the statements in the September 15, 2026 resolution concerning continued programming at the REACH, continued support for the National Symphony Orchestra at offsite venues, presentation of the Kennedy Center Honors and the Mark Twain Prize offsite, and temporary relocation of the Memorial to President John F. Kennedy to the REACH, including all venue agreements, cost estimates, feasibility analyses, and plans for the relocation of the Memorial and for public access to it.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," Defendants object to this Request because the phrase "all documents and communications supporting" various statements is unduly vague. Defendants further object to this request on the ground that it seeks documents already in the

possession of or equally available to Plaintiff as Defendant as such materials were provided to Plaintiff as a Trustee and/or have been filed on the Court docket.

**Response:** Consistent with the objections stated above, Defendants will not produce any documents in response to this Request.

37. All Documents and Communications relating to Demolition or to construction of any new structure on the Kennedy Center campus, including feasibility studies, drawings, renderings, schedules, scopes of work, and cost estimates.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it refers to a "any new structure" as unduly vague.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

38. All Documents and Communications relating to the Demolition Statements, including any placard, briefing paper, memorandum, or talking points referring to demolition of the Kennedy Center, and all documents relating to their preparation or transmittal.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling

Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendant further objects to this Request to the extent it seeks documents in the possession, custody, or control of the White House, for the reasons set forth in General Objection No. 3. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege, as set forth in General Objections No. 2 and 3. Defendants construe this Request, as all Requests, as seeking only materials in the custody of Center Management.

**Response:** Consistent with the above-stated objections, Defendants will not produce any documents responsive to this Request, although Defendants are not aware of any such responsive documents.

39. All Documents and Communications relating to the Naming Condition, including any statement reflecting that renovation, construction, or funding will or may not proceed unless a name is placed on the Kennedy Center's exterior or other recognition is extended to Chairman Trump.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendant further objects to this Request to the extent it seeks documents in the possession, custody, or control of the White House, for the reasons

set forth in General Objection No. 3. Defendants construe this Request, as all Requests, as seeking only materials in the custody of Center Management. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. Defendants further object to this Request to the extent it seeks publicly available materials and/or materials equally available to Plaintiff as Defendant.

**Response:** Consistent with the above-stated objections, Defendants will not produce any documents responsive to this Request, although Defendants are not aware of the existence of any non-public documents responsive to this Request.

40. All Documents and Communications relating to the decision to implement the September 16 Closure, including documents reflecting who made it, when, the source of that person's authority, and any Board approval or notification.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this Request as outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case. Defendants further object to this request to the extent it seeks documents protected by the attorney/client privilege and/or the attorney work product doctrine, particularly, but not exclusively, insofar as it requests documentation about "the source of the person's authority." Defendants further object to the request for documentation about "the source of the person's authority" and "any Board approval or notification" as seeking materials equally available

to Plaintiff. Defendants further incorporate herein their objections and responses to Requests no 34 & 35 and object to this Request to the extent it is duplicative of those requests.

**Response**: Consistent with the foregoing objections, Defendants refer Plaintiff to the Declaration of Matthew Floca, filed with the Court as ECF No.91-1. To the extent this request seeks the materials cited therein, Defendants refer Plaintiff to their responses to RFP Nos. 34 & 35 and will not produce any additional documents in response to this request.

41. All Documents and Communications relating to the procurement, specification, ordering, delivery, preparation, and installation of the fencing or barricades installed at the Main Building in September 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this Request as outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case.

**Response**: Consistent with the foregoing objections, Defendants will not produce any documents in response to this request.

42. All Documents and Communications relating to the investigation of the alarm described in ECF No. 86-1 ¶ 9, and all documents relating to any communication or announcement to the public or to Kennedy Center personnel on September 15 or 16, 2026, stating that the Main Building was closed.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this Request as outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case.

**Response**: Consistent with the foregoing objections, Defendants will not produce any documents in response to this request.

43. All Documents and Communications relating to the Walter P Moore roof terrace canopy assessment and the preliminary ceiling-plaster analysis described in ECF No. 86-1 ¶¶ 4–5, including all drafts, transmittal communications, and documents sufficient to show when each was provided to any officer or trustee.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, incorporate by reference all objections in response to Plaintiff's RFP No. 40. Defendants further object to this Request as duplicative of RFP. No. 40.

**Response:** Consistent with the foregoing objections, Defendants will not produce any materials in response to this request beyond those produced in response to ECF No. 40.

44. All Documents and Communications relating to any work performed, scheduled, or contracted for in the Main Building on or after September 15, 2026, that involves removal or alteration of structural elements, façade elements, or public means of ingress or egress.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this Request as outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce those portions of any responsive documents located after a reasonable search over which Defendants are not claiming a privilege, subject to additional conferral to limit the scope of the request.

45. All agendas, notices, minutes, transcripts, recordings, notes, chat logs, and vote tallies from the Board's August 13, 2026, and September 15, 2026, meetings, including notes taken by any staff member.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications," and to the extent it seeks materials in the possession of any Trustee of the Kennedy Center. Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the Presidential Communications Privilege or any other form of executive privilege. Defendants further object to this request on the ground that it seeks documents already in the

possession of or equally available to Plaintiff as Defendant. Defendants understand that Plaintiff has nearly all documents responsive to this request in her possession or available to her already. Plaintiff was present for the meeting, received all materials provided to any trustee in advance of the meetings, and has access to the minutes or draft minutes of those meetings that have been filed with the Court and/or presented to the Trustees. Defendants specifically object to searching or producing any "chat logs," to the extent that term is unduly vague and refers to any item in the possession, custody control of Defendants, or "notes taken by any staff member" as unduly burdensome and disproportionate to the needs of the case.

**Response:** Consistent with the foregoing objections, Defendants will not produce additional documents in response to this Request.

46. All drafts of each resolution constituting the Board Decisions, and all communications relating to the drafting or revision thereof.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this request to the extent it seeks documents protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection from disclosure.

**Response:** Consistent with the foregoing objections, Defendants understand all materials sought by this Request not already in the possession of Plaintiff are protected by the attorney-client privilege and the work product doctrine. Accordingly, Defendants will not produce any documents in response to this request.

47. All Documents and Communications relating to the $17 million which according to the Chairman's September 15, 2026, Truth Social post were "raised by President Trump" and have "been put into the Kennedy Center account."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this request as overbroad and unduly burdensome insofar as it refers to "all documents and communications." Defendants further object to this Request as outside the scope of the discovery permitted by the Court's Scheduling Order and not proportional to the needs of the case. As discussed in and consistent with Defendants' objections and responses to RFP Nos. 24–30, above, Defendants are providing Plaintiff with financial information germane to the decisions at the Board's August 13 and September 15 meetings.

**Response:** Consistent with the foregoing objections, Defendants will not produce any documents in response to this request.

**<u>OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES</u>**

1. Identify each person who participated in selecting, retaining, or defining the scope of work for Delta and/or in providing input to Delta on the scope or output of the engagement in any form, and state the date and nature of each person's participation.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants object to this interrogatory to the extent it seeks information about "each person," to the extent that includes individuals outside and not known to Center Management (e.g. Delta personnel not identified to Center Management). Defendants further object to this

Interrogatory for the reasons set forth in their objections to RFP No. 2, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY0001-0306.

2. Describe each instruction, assumption, constraint, or directive given to Delta by any person acting for the Kennedy Center, the Board, or the Chairman, including whether Delta was asked to evaluate any Scenario other than full closure of the Main Building, and identify the person who gave each instruction.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants construe this interrogatory, as all interrogatories, as seeking information limited to that known by Center Management. Defendants further object to this interrogatory to the extent it purports to require the identification of specific individuals who provided instructions that were made collectively by Center Management. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 3, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY0001-0306.

3. Identify each person who prepared or was involved in preparing the revenue, expense, and cost figures presented to the Board at the August and September Board Meetings.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Donna Arduin, Alex Antkowiak, and Kasama Apfelbaum.

4. Identify each Document related to the Closure, the Renewal Project or Mr. Floca's recommendation to close the Center during renovations that were provided to or shared with one or more, but fewer than all, the Trustees, and state the date and method of transmittal.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 10, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1089-1105 & 1109-1112.

5. Identify each person who has participated in any Communication concerning whether to withhold or delay the start of renovation of the Kennedy Center (including as referenced in ECF No. 78 and 85) or otherwise alter the plan(s) with respect to the Center's future, if the Chairman's name is not affixed to the façade or grounds of the Center or if any other condition related to "recognition" of Chairman or his Administration is not met, and the substance of such communication.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants will construe this request to include only that information within Defendants' possession, custody, or control under the expedited discovery timeline in this litigation, to wit: those persons known to Center Management as having participated in any Communication regarding the above. Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants further object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure. Defendants further object to this request to the extent "participated in any conversation" is unduly vague and construe this interrogatory as seeking only information as to communications among those in Center Management with authority to act on any such delay as to withhold or delay the start of any renovations about whether or not to do so for the reasons described in this interrogatory. Defendants construe this request, as all requests, as seeking information only as to Center Management and excluding Center counsel. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** No one.

6. Identify each person who has participated in any consideration, planning, or approval of Demolition or the construction of a new structure on the Kennedy Center campus (including but not limited to an amphitheater); state whether any Defendant currently contemplates Demolition or of construction of a new structure on the Kennedy Center campus and, if so, its

scope and status; and identify each communication with the Chairman or any government official concerning Demolition or the Naming Condition.

**Objections:** Defendants object that this interrogatory contains three subparts: (1) to "[i]dentify each person . . .," (2) to "state whether any Defendant currently contemplates . . .," and (3) to "[i]dentify each communication . . .," and thus consists of three interrogatories. *See* Fed. R. Civ. P. 33(a)(1). Pursuant to the agreement of the parties, Defendants will consider their answers to this interrogatory to satisfy two of Plaintiff's 25 allotted interrogatories. *See* ECF No. 82 at 2. Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants will construe this request to include only that information within Defendants' possession, custody, or control under the expedited discovery timeline in this litigation, to wit: those persons known to Center Management as having participated in any Communication regarding the above. Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that the term "construction of a new structure" is vague and undefined. Defendants will construe the term to contemplate the full demolition or destruction of the existing building located 2700 F Street NW, Washington, DC 20566 and the independent erection of a new building without the reuse of any portion of the existing building. To the extent that this request seeks information about "each communication with the Chairman," Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** No one.

7. Identify each person with professional expertise in performing-arts management who was consulted by the Kennedy Center, the Board, or Delta on a matter related to either of the Board Decisions, and for each state the subject of the consultation and the nature of that person's performing-arts management professional experience.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants will construe this request to include only that information within Defendants' possession, custody, or control under the expedited discovery timeline in this litigation, to wit: those persons known to Center Management as having participated in any consultation under the above conditions. Defendants object that the phrase "professional expertise in performing-arts management" is vague and undefined. Defendants will construe the phrase according to the primary dictionary definitions of each constituent term, to wit: of, or relating to, a "principal calling, vocation, or employment" of one with "special skill or knowledge" regarding the "conducting or supervising" of "types of art (such as music, dance, or drama) that are performed for an audience." *See Profession*, Merriam-Webster, https://www.merriam-webster.com/dictionary/profession; *Expert*, Merriam-Webster, https://www.merriam-webster.com/dictionary/expert; *Management*, Merriam-Webster, https://www.merriam-webster.com/dictionary/management; *Performing Arts*, Merriam-Webster, https://www.merriam-webster.com/dictionary/performing%20arts. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Matt Floca; Rick Canny; Jeffrey Finn; Kevin Couch. In general, the subject of these consultations was the feasibility of presenting programming in the main building during

construction; the desirability of continuing to present certain programming that was financially burdensome; the feasibility of presenting programming in the Reach; and the feasibility of presenting special events and programming off-site.

8. Describe each instruction given during the Interim Period, by any officer or employee of the Kennedy Center, to any other Kennedy Center officer or employee, concerning whether to book, schedule, or contract for performances or events occurring after July 6, 2026, and identify the person who gave it.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants will construe this request to include only that information within Defendants' possession, custody, or control under the expedited discovery timeline in this litigation, to wit: whether any such instruction is known by Center Management to have been given beginning May 29, 2026. Due to the expedited nature of this discovery, it is unduly burdensome to produce each instance where such a communication occurred; Defendants construe the request to seek information as to whether any such instructions were given in the normal course of business. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 18, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Center Management communicated in the course of normal business to Center staff and personnel that performances should continue to be booked for the National Symphony Orchestra, for the series of Fortas Chamber Music Concerts, and for the Millennium Stage.

9. Identify each employee whose employment ended, was not renewed, or was materially altered between May 29, 2029, and September 16, 2026, and for each state the date and reason for that action.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 20, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1114-1119 & KC-BEATTY1285.

10. Identify each Scenario or recommendation that was prepared or evaluated but not presented to the full Board, and state why it was not presented.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 13, which are incorporated here by reference. Defendants further object to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** In addition to the two Scenarios presented to the Board, management briefly considered a full closure of the entire Center campus, including the Reach and memorial, with no

programming at all for a two year period. This idea was discarded without being presented to the Board because management determined that it went beyond what was necessary and did not appropriately serve the Center's mission. Other scenarios, set forth on the document branded with the identifier KC-BEATTY0304, were abandoned as impracticable or otherwise insufficiently distinct.

11. Describe each analysis, whether by the Kennedy Center, JLL, Delta, or any other person, of the deadline by which the Appropriated Funds must be obligated or expended, and for each state whether and when it was communicated to the Board.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 12, which are incorporated here by reference. Defendants further object to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Defendants refer Plaintiff to the statements in Delta Consulting Group's "Construction Program Assessment Report," ¶ 168. This report was provided to the Board on August 31, 2026.

12. Describe the Audit and Finance Committee's consideration of the Closure on or after May 29, 2026, including the options it considered, the materials it reviewed, its members in attendance, and any recommendation it made.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 9, which are incorporated here by reference. Defendants further object to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1089-1105 & 1109-1112.

13. Identify each person who drafted, reviewed, or approved the Board presentations or the resolutions provided to the Board in connection with the Board Decisions.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 45, which are incorporated here by reference. Defendants further object that Plaintiff's definition of the term "Board Decisions," which relies on the definitions of "August 13 Decision" and "September 15 Decision," as improperly defining Board actions by reference to actions that the Board did *not* take, as set forth in Definitional Objections Nos. 1 and 6. Defendants will construe this request to concern those resolutions adopted by the Board at the August 13 and September 15 meetings. Defendants further object to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine.

Defendants further object to this interrogatory to the extent it calls for information protected by the Presidential Communications Privilege or any other form of executive privilege and because it implicates the separation of powers concerns addressed in *Cheney*, 542 U.S. at 385, and similar cases, as outlined in General Objection No. 3. Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other privilege or protection from disclosure. Defendants further object to the use of the term "reviewed" or "approved" in context of this interrogatory as vague and overbroad. Defendants further object to this request as the undefined term "Board presentations" is unduly vague. Defendants construe this interrogatory to seek the identity of any drafter of the text of any resolution considered by the board to the extent such individuals were part of Center Management, excluding either in-house or outside counsel. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** No one within the scope of this request as construed above drafted the text of any resolution considered by the Board at the August 13, 2026, or September 15, 2026, Board meetings.

14. Identify each performance, engagement, residency, or rental in the Main Building that was declined, deferred, canceled, left unbooked, or not renewed during the Interim Period, and for each state the date, identify the decisionmaker, and state the reason given.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their

objections to RFP No. 17, which are incorporated here by reference. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Due to the financial performance of the production, the Center and the producers of the production *Bluey* began negotiating an early termination of the production prior to the Interim Period, a termination that was consummated during the Interim Period.

15. Describe the reason or reasons that Chief Financial Officer Donna Arduin ceased to be employed by the Kennedy Center.

**Objections and response:** Withdrawn, pursuant to the parties' agreement.

16. Identify each contract, purchase order, or commitment that was canceled or not renewed during the Interim Period in connection with the Closure, and for each identify who authorized the decision and state the reason for it.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants object that the definition of "Closure" is vague and overbroad, in that it improperly conflates multiple independent actions taken by the Board into one defined term, as set forth in Definitional Objection No. 3. Defendants further object that, to the extent "Closure" is defined to include any cessation of operations "announced on or about February 1, 2026, or as approved by the Board on March 16," the definition is outside the scope of the Court's limitations on discovery, as set forth in Definitional Objection No. 3. Defendants will construe "Closure" to refer to the cessation, in whole or in part, of public performances, programming, events, tours, or other public operations at the Kennedy Center, as approved by the Board on August 13 and September 15, 2026. Defendants object that the term "not renewed" is vague and overbroad, in

that it could include a vast universe of commitments that lapsed for any of many independent reasons, and that the production of information here regarding each and every such instance is unduly burdensome and not proportional to the needs of this case. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** None in connection with the Closure.

17. Describe all steps taken during the Interim Period to determine whether the Main Building could remain open during the Renewal Project, including any analysis of phased or partial renovation, and identify each Document reflecting that work.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants object that the term "all steps" is vague and overbroad, in that it could include a vast universe independent actions related to any analysis of whether the Center's Main Building could remain open during the Renewal Project, and that the production of information here regarding each and every such instance is unduly burdensome and not proportional to the needs of this case. Defendants will construe the request to seek information regarding the primary steps Defendants took to determine whether the Main Building of the Center could remain open during the Renewal Project. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Defendants engaged JLL and Delta to consider these issues. Defendants refer Plaintiff to the JLL Report and the Delta Report, ECF Nos. 65-1, 88-3, 88-4, 88-5, 88-6, 88-7.

18. State what Kennedy Center personnel communicated during the Interim Period to Kennedy Center personnel, performers, vendors, or donors regarding the Main Building's

operating status after July 6, 2026, and identify the person who authorized each such communication.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this request as grossly overbroad insofar as "Kennedy Center personnel" involve numerous individuals who could have had any number of communications not known to management, including, as drafted in this interrogatory, to each other. Similarly, "donors," "vendors," and "performers" could encompass thousands of individuals, if not more. Defendants construe this request as seeking only the content of statements made by Center Management to Center employees or personnel. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1279-1282 and filed on the docket at ECF No. 86-2.

19. Describe the September 4 Incident, including its cause, each assessment or inspection performed in response to it, each person who evaluated it, and each communication regarding it with any trustee or with the Chairman.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 34, which are incorporated here by reference. Defendants further object to this interrogatory to the extent it purports to seek any information in the possession of any trustee

or the White House. Defendants further object to this request to the extent it calls for information protected by the Presidential Communications Privilege, and decline to answer to the extent this seeks information concerning communications with the President. Defendants further object to this interrogatory to the extent it calls for information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1171-1179. Defendants refer Plaintiff to the Declaration of Charles Matthew ("Matt") Floca, filed on the court's docket in this action as ECF No. 91-1.

20. State when, and on what basis Walter P Moore or any officer, employee, or representative of the Kennedy Center concluded that the Main Building is unsafe for continued occupancy, identify each person who reached that conclusion, and identify each Document reflecting that conclusion.

**Objections:** Defendants hereby incorporate by reference the foregoing general objections and objections to definitions and instructions set forth above, including, but not limited to those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82. Defendants further object to this Interrogatory for the reasons set forth in their objections to RFP No. 43, which are incorporated here by reference. Defendants further object to the extent the phrase "other representative of the Kennedy Center" is unduly vague. Pursuant to the agreement of the parties, the portion of this interrogatory stating "and identify each Document reflecting that conclusion" has been withdrawn by the Plaintiff. Accordingly, Defendants will not

respond to that portion of the interrogatory. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendants refer Plaintiff to the documents branded with the identifiers KC-BEATTY1181-1250 & KC-BEATTY1286-1322. Defendants also refer Plaintiff to the Declaration of Charles Matthew ("Matt") Floca, filed on the court's docket in this action as ECF No. 91-1.

21. Identify the person(s) who decided to implement the September 16 Closure, state the date and time of that decision and the source of the decisionmaker's authority, identify each person consulted, state whether any trustee was informed before implementation, and identify the criteria governing reopening.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other privilege or protection from disclosure. Defendants construe this interrogatory to not seek information as to any counsel, either in house at the Center or outside counsel. Pursuant to the agreement of the parties, the portion of this interrogatory stating "and identify the criteria governing reopening" has been withdrawn by the Plaintiff. Accordingly, Defendants will not respond to that portion of the interrogatory. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Defendants refer Plaintiff to the Declaration of Charles Matthew ("Matt") Floca, filed on the court's docket in this action as ECF No. 91-1. Mr. Floca's authority to close

the Center's main building is vested in his position as Executive Director and Chief Operating Officer of the Center.

22. Identify the precise amount raised, the dates the funding was secured, the date funds were transmitted into accounts controlled by the Kennedy Center, and the source or sources of the $17 million, which according to the Chairman's September 15, 2026, Truth Social post were "raised by President Trump" and have "been put into the Kennedy Center account."

**Objections and response:** Withdrawn, pursuant to the parties' agreement.

23. Identify each person who provided factual information used in, or otherwise substantively assisted in preparing, Your answers to these Interrogatories, and identify the Interrogatory or Interrogatories as to which each person provided information or assistance.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, in particular those related to burden, proportionality, and feasibility in the context of the Court's Scheduling Order, ECF No. 82, Defendants object to this interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney work product doctrine, or any other privilege or protection from disclosure. Defendants construe this interrogatory to not seek information as to any counsel, either in house at the Center or outside counsel. Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Response:** Matt Floca, LaTa'sha Bowens, Bob Sellappan, Rob Watkins, Kelvin Brown, Cecelia Royster.

**OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS FOR ADMISSION**

1. Admit that the Kennedy Center first engaged Delta on or after July 15, 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants

object that "Delta" is overbroad and outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 4.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

2. Admit that no trustee was provided a copy of the Delta Report, in draft or final form, before the Board voted on August 13, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

3. Admit that Joyce Beatty was not provided with a copy of the Delta Report, in draft or final form, before the Board vote on August 13, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

4. Admit that the Kennedy Center did not transmit the Comparative Cost Assessment Workbook to any trustee before the Board voted on August 13, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

5. Admit that the Kennedy Center did not transmit the FY27 Budget Scenarios to any trustee before the Board voted on August 13, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

6. Admit that Delta did not perform physical testing, code inspection, or an engineering condition assessment of the Main Building.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that "Delta" as defined is overbroad and outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 4.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

7. Admit that Delta did not conclude that renovation of the Main Building while it remains open in whole or in part is infeasible.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that "Delta" is overbroad and outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 4. Defendants object that the term "infeasible" is vague and undefined. Defendants will construe the term in accordance with its dictionary definition, to wit: "impracticable," or "incapable of being performed or accomplished by the means employed or at command." *See Infeasible*, Merriam-Webster, https://www.merriam-

webster.com/dictionary/infeasible; *Impracticable*, Merriam-Webster, https://www.merriam-webster.com/dictionary/impracticable.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

8. Admit that no person with professional expertise in performing-arts management advised the Board in connection with either of the Board Decisions.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

9. Admit that no Document presented to the Board in connection with the August 13, 2026, and September 15, 2026, votes quantified, or attempted to estimate, the effect of the Closure on the Kennedy Center's programming, performers, audiences, or donors.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

10. Admit that the FY27 Budget Scenarios contain no scenario under which the Main Building remains open.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

11. Admit that JLL did not develop an Integrated Project Schedule for a scenario where the Center remains open.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that "JLL" is overbroad and outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 5.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

12. Admit that no Document presented to the Board before the August 13, 2026, and September 15, 2026, votes stated that the Appropriated Funds need only be obligated, rather than expended, by September 30, 2029.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request is irrelevant to the claims remaining in this litigation and outside the scope of the discovery limitation enumerated in the Court's scheduling order. Defendants further object to the extent that this request calls for the production of information reflecting a conclusion of law as to the Center's legal obligations with respect to funding appropriated to the Center under the July 4, 2025 reconciliation act, and thus seeks to elicit information protected by the attorney-client privilege.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

13. Admit that no analysis of whether a phased or partial renovation could obligate the Appropriated Funds by September 30, 2029, was presented to the Board before the August 13, 2026, and September 15, 2026, votes.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request is irrelevant to the claims remaining in this litigation and outside the scope of the discovery limitation enumerated in the Court's scheduling order. Defendants further object to the extent that this request calls for the production of information reflecting a conclusion of law as to the Center's legal obligations with respect to funding appropriated to the Center under the July 4, 2025 reconciliation act, and thus seeks to elicit information protected by the attorney-client privilege.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

14. Admit that the financial projections presented to the Board in connection with either of the Board Decisions did not separately account for any effect of the renaming of the Kennedy Center on revenue, attendance, or donations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that the terms "financial projections" and "in connection with" are vague, undefined, and overbroad. Defendants will interpret this request to seek information about financial projections included in the Delta and JLL reports provided to trustees and information about financial projections presented to trustees at the August 13 and September 15, 2026 meetings.

**Response:** Subject to the foregoing general and specific objections, admitted that the projections did not analyze the issues as a separate line item. Otherwise denied.

15. Admit that the Kennedy Center has not revised its estimated duration for the Renewal Project since August 13, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

16. Admit that during the Interim Period the Kennedy Center did not book any public performance to take place in the Main Building after July 6, 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request is irrelevant to the claims remaining in this litigation and outside the scope of the discovery limitation enumerated in the Court's scheduling order as being unrelated to the substance, justification, mechanics, and process of the Board of Trustees at its August 13 and September 15, 2026 meetings.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

17. Admit that during the Interim Period, the Kennedy Center notified one or more employees that their employment would end or change in connection with the Closure.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that the phrase "in connection with" is vague, undefined, and overbroad. Defendants will

interpret the term "connection" in accordance with its primary dictionary definition, to wit: a "causal or logical relation or sequence." *See Connection*, Merriam-Webster, https://www.merriam-webster.com/dictionary/connection. Defendants further object that Plaintiff's definition of "Closure" improperly conflates multiple independent events and falls outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 3. Defendants thus interpret this request as seeking information about any change in any employee's employment that is or was causally or logically related to the cessation, in whole or in part, of public performances, events, tours, or other public operations at the Kennedy Center, as approved by the Board on August 13 and September 15, 2026.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

18. Admit that on or after August 13, 2026, the Kennedy Center notified one or more employees that their employment would end or change in connection with the Closure.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that the phrase "in connection with" is vague, undefined, and overbroad. Defendants will interpret the term "connection" in accordance with its primary dictionary definition, to wit: a "causal or logical relation or sequence." *See Connection*, Merriam-Webster, https://www.merriam-webster.com/dictionary/connection. Defendants further object that Plaintiff's definition of "Closure" improperly conflates multiple independent events and falls outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 3. Defendants thus interpret this request as seeking information about any change in any employee's employment that is or was causally or logically related to the cessation, in whole

or in part, of public performances, events, tours, or other public operations at the Kennedy Center, as approved by the Board on August 13 and September 15, 2026.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

19. Admit that during the Interim Period, the Kennedy Center informed one or more performers or vendors that the Main Building would not be available after July 6, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above. Defendants object that this request is unduly burdensome and not proportional to the needs of the case, particularly on an expedited discovery timeline, as it requires confirming the timing of communications with, potentially, an extraordinary number of individuals or entities who have not been identified in the request, as noted in General Objection No. 1.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit that such conversations occurred before the Interim Period. Subject to the objections identified above, Defendants do not currently have sufficient information to admit or deny this request insofar as it requires determining whether such ongoing conversations continued past the beginning of the Interim Period.

20. Admit that none of the Engineering Reports recommend closing the Main Building to the public in its entirety.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

21. Admit that the Board was not provided a revised construction schedule or a revised cost estimate reflecting engineering findings received after August 13, 2026, before voting on September 15, 2026.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

22. Admit that before September 15, 2026, no trustee met with the principal of Delta concerning Delta's recommendation that the Main Building close for renovations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that "Delta" is overbroad and outside the scope of the discovery limitation enumerated in the Court's scheduling order, as set forth in Definitional Objection No. 4.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

23. Admit that no written analysis of the cost or feasibility of presenting the Kennedy Center Honors or the Mark Twain Prize at an offsite venue was provided to the Board before the September 15, 2026, vote.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above. Defendants object that time period at issue in this request seeks information outside the limitation imposed by the Court's scheduling order, as noted in General Objection No. 6.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

24. Admit that the Walter P Moore assessment described in ECF No. 86-1 ¶ 4 was completed in July 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that "completed" is vague and undefined and could admit of multiple definitions as applied to an assessment that, as described in the referenced filing, occurred over multiple months. Defendants will construe the term in accordance with its primary dictionary definition, to wit: "having all necessary parts, elements, or steps." *Complete*, Merriam-Webster, https://www.merriam-webster.com/dictionary/completed.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

25. Admit that the Walter P Moore assessment described in ECF No. 86-1 ¶ 4 was not provided to the Board in advance of the August 13, 2026, vote.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

26. Admit that before September 16, 2026, the Kennedy Center had restricted public access to the Grand Foyer.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that the relevant time period for this request, as established in Plaintiff's Instruction No. 16, is unduly burdensome, not proportionate to the needs of the case, and outside the discovery

limitation imposed by the Court's scheduling order, as set forth in Instructional Objection No. 3. Defendants will construe the relevant time period as between May 29, 2026 and September 23, 2026, as set forth in Instructional Objection No. 3.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

27. Admit that before September 16, 2026, the Kennedy Center had restricted public access to areas beneath the outdoor soffits.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that the relevant time period for this request, as established in Plaintiff's Instruction No. 16, is unduly burdensome, not proportionate to the needs of the case, and outside the discovery limitation imposed by the Court's scheduling order, as set forth in Instructional Objection No. 3. Defendants will construe the relevant time period as between May 29, 2026 and September 23, 2026, as set forth in Instructional Objection No. 3.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

28. Admit that on September 15, 2026, the Chairman stated publicly that "the closing" of the Center "will take place immediately, however, the Renovation and Reconstruction . . . cannot begin until such time as the D.C. Circuit rules on the Board's approved name."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

29. Admit that on September 15, 2026, the Chairman stated publicly that, if the D.C. Circuit's ruling concerning the Board's approved name is adverse and is not overturned by the Supreme Court, "the Reconstruction and the Renovation of The Kennedy Center will not take place."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

30. Admit that, as of September 15, 2026, the Chairman's statement that renovation and reconstruction "cannot begin" until the D.C. Circuit rules accurately described the Kennedy Center's plan concerning when renovation and reconstruction would begin.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

31. Admit that if the Chairman directs Mr. Floca not to commence renovation or reconstruction of the Kennedy Center, Mr. Floca will comply with that direction.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants further object that the term "directs" is vague and undefined, and admits of multiple possible scenarios that could lead to independent results—including, but not limited to, if any "direction" comes at the behest of a full Board vote "not to commence renovation or reconstruction" or a Court order "not to commence renovation or reconstruction." Defendants will construe the request to seek information as to whether if the Chairman directs Mr. Floca not to commence renovation or reconstruction of the Kennedy Center in the absence of any other independent source of authority, Mr. Floca will comply with that direction.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

32. Admit that Kennedy Center personnel will not commence or complete renovation or reconstruction of the Kennedy Center contrary to the Chairman's direction.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants further object that the term "direction" is vague and undefined, and admits of multiple possible scenarios that could lead to independent results—*e.g.*, if any "direction" comes at the behest of a full Board vote not to "commence or complete renovation or reconstruction" or a Court order not to "commence or complete renovation or reconstruction." Defendants will construe the request to seek information

as to whether Kennedy Center personnel will not commence or complete renovation or reconstruction contrary to the Chairman's direction, in the absence of any other independent source of authority.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

33. Admit that the Kennedy Center will remain closed to the public for a period during which no renovation or reconstruction is being performed because litigation concerning the Board's approved name remains pending.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

34. Admit that the Kennedy Center will remain closed to the public for a period during which no renovation or reconstruction is being performed because the Chairman's name has not been returned to the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

35. Admit that Kennedy Center personnel prepared the proposed Board resolution at ECF No. 75-2.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting. Defendants object to this request to the extent it seeks to obtain information protected by the attorney client privilege and work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

36. Admit that, when the proposed resolution appearing at ECF No. 75-2 was prepared, Kennedy Center personnel who prepared the resolution contemplated that the Chairman would be involved in overseeing and/or managing the renovation of the Kennedy Center's main building.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either

meeting. Defendants further object that the phrase "involved in overseeing and/or managing" the Center's renovation is vague, undefined, and is not subject to any reasonable limitation, as there is no specified degree of requisite involvement in the renovation. Defendants will construe the phrase without the qualifier "involved in," to wit: whether the President, in his official capacity as Chairman of the Board, would be overseeing and/or managing the renovation of the Kennedy Center's main building. Defendants object to this request in that it seeks to obtain information protected by the attorney client privilege and work product doctrine.

**Response:** Consistent with the foregoing objections, Defendants decline to answer this interrogatory.

37. Admit that, when the proposed resolution at ECF No. 75-2 was prepared, Kennedy Center personnel who prepared the resolution believed that, absent "appropriate recognition" of the Chairman, it was unlikely that Trump would provide "fundamental oversight of the renovation of the main building."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting. Defendants object to this request in that it seeks to obtain information protected by the attorney client privilege and work product doctrine.

**Response:** Consistent with the foregoing objections, Defendants decline to answer this interrogatory.

38. Admit that, when the proposed resolution at ECF No. 75-2 was prepared, Kennedy Center personnel who prepared the resolution believed that, absent "appropriate recognition" of the Chairman, it was unlikely that the Chairman would "lead the fiscal rescue of the Center."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting. Defendants object to this request in that it seeks to obtain information protected by the attorney-client privilege and work-product doctrine.

**Response:** Consistent with the foregoing objections, Defendants decline to answer this interrogatory.

39. Admit that, when the proposed resolution at ECF No. 75-2 was prepared, Kennedy Center personnel believed the Center would be unable to support its payroll obligations or routine maintenance contracts "within a matter of weeks."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation enumerated

in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting. Defendants object to this request as the phrase "Kennedy Center personnel" is overbroad and unduly vague, and object to this request to the extent it seeks information protected by the attorney-client privilege and the work product doctrine. Defendants construe this request, as all requests, of seeking information only as to Center Management and excluding Center counsel.

**Response:** Subject to the foregoing general and specific objections, admit.

40. Admit that the proposed resolution at ECF No. 75-2 was distributed to Board members on or about September 12, 2026, contemporaneously with a proposed resolution related to closure of the Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

41. Admit that the distribution of the proposed resolution at ECF No. 75-2 was the first time the Board, as a whole, was informed that the Center was at risk of financial collapse before the end of the fiscal year.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the resolution identified in ECF No. 75-2 was not presented for the Board's consideration at either meeting.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

42. Admit that the Chairman was informed of the Center's financial condition during one or more conversations with Center personnel about potential closure of the Center, prior to his announcement about the Center's closure on February 1, 2026.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because information requested concerns a period months before the relevant time period for Plaintiff's

remaining claims and under the discovery limitation enumerated in the Court's scheduling order. Defendants object that this request seeks information protected by the attorney-client and executive privileges, as well as any other privilege or protection from disclosure, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

43. Admit that, before the Chairman's February 1, 2026, announcement, Kennedy Center personnel informed the Chairman that the Center was experiencing financial difficulties.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because information requested concerns a period months before the relevant time period for Plaintiff's remaining claims and under the discovery limitation enumerated in the Court's scheduling order. Defendants object that this request seeks information protected by the attorney-client and executive privileges, as well as any other privilege or protection from disclosure, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

44. Admit that, before the Chairman's February 1, 2026, announcement, the Chairman was informed that the Center's financial condition could require it to cease or substantially curtail operations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because information requested concerns a period months before the relevant time period for Plaintiff's remaining claims and under the discovery limitation enumerated in the Court's scheduling order. Defendants object that this request seeks information protected by the attorney-client and executive privileges, as well as any other privilege or protection from disclosure, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

45. Admit that concerns about the Center's financial condition were among the matters considered by personnel in deciding whether to recommend closure of the Center for two years during renovation.

**Objections:** Defendants incorporate by reference here the foregoing general objections and objections to definitions and instructions set forth above. Defendants further object that

"personnel" is vague and unduly broad. Defendants construe this request as referring to Center Management.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

46. Admit that concerns about the Center's financial condition were discussed with the Chairman in connection with the possibility of closing the Center during renovations.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested concerns purported conversations with the Chairman and does not, by its terms, relate to the "substance, justification, mechanics, and process" of the Board at its August and September meetings. Defendants object that this request seeks information protected by the attorney-client and executive privileges, as well as any other privilege or protection from disclosure, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

47. Admit that on September 16, 2026, the Chairman stated publicly that if his Administration does not receive recognition for its involvement with the Kennedy Center, the Center "will end up being ripped down."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested concerns purported conversations with the Chairman and does not, by its terms, relate to the "substance, justification, mechanics, and process" of the Board at its August and September meetings.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

48. Admit that the Chairman's statement that the Center would "end up being ripped down" was a reference to demolition of the Kennedy Center's main building.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested concerns a statement by the Chairman that does not, by its terms, relate to the "substance, justification, mechanics, and process" of the Board at its August and September

meetings.. Defendants will construe the phrase as seeking information on whether the statement "would end up being ripped down" was a reference to the current Board's hypothetical demolition of the Kennedy Center's main building. Defendants construe this request, and all requests, as seeking information only in the possession of Center Management, and that this request thus calls for speculation on the Center's part. Defendants object to this request to the extent that it purports to seek any information from the White House or into the personal motivations of the President as violative of the separation of powers and protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, Defendants decline to answer this request.

49. Admit that the photograph attached to Plaintiff's Supplemental Authority at ECF No. 85 accurately depicts the Chairman viewing a placard bearing the words "Kennedy Center DEMOLISHED."

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested, while the "subject" of Plaintiff's Notice of Supplemental Authority and facially within the Court's minute order, does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is

thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

50. Admit that the placard bearing the words "Kennedy Center DEMOLISHED," depicted in the photograph attached to ECF No. 85, was provided to the Chairman by an officer, employee, or agent of the United States.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested, while the "subject" of Plaintiff's Notice of Supplemental Authority and facially within the Court's minute order, does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information not within the custody, control, or possession of Defendants, given that Plaintiff's request seeks information implicating an "officer, employee, or agent of the United States," and the scope of such a request is beyond the scope of information reasonably accessible to Defendants,

as noted in General Objections No. 1 and 10. Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

51. Admit that, before September 16, 2026, the Chairman discussed the possible demolition of the Kennedy Center's main building with at least one officer, employee, or trustee of the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested, while the "subject" of Plaintiff's Notice of Supplemental Authority and facially within the Court's minute order, does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information that is unduly burdensome to obtain under an expedited discovery timeline to the extent it seeks information outside the custody, control, or possession of Center Management. Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

52. Admit that the Chairman has stated to one or more Kennedy Center officers, employees, or trustees that he will not provide support for the renovation of the Kennedy Center if his name is not placed on the Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested, while the "subject" of Plaintiff's Notice of Supplemental Authority and facially within the Court's minute order, does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information that is unduly burdensome to obtain under an expedited discovery timeline to the extent it seeks information outside the custody, control, or possession of Center Management. Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

53. Admit that the Chairman communicated to one or more Kennedy Center officers, employees, or trustees that the renovation approved on August 13, 2026, was contingent upon his receiving the recognition he seeks for his involvement with the Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object to the definition of "Chairman" as overbroad, vague and not proportional to the needs of the case, as set forth in Definitional Objection No. 2. Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested, while the "subject" of Plaintiff's Notice of Supplemental Authority and facially within the Court's minute order, does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information that is unduly burdensome to obtain under an expedited discovery timeline to the extent it seeks information outside the custody, control, or possession of Center Management. Defendants object that this request seeks information protected by the executive privilege, as set forth in General Objection Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

54. Admit that one or more of the Defendants have discussed the prospect of constructing an outdoor amphitheater on the site of the Kennedy Center's main building.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation enumerated in the Court's scheduling order because it concerns information outside the "substance, justification, mechanics, and process of the Board of Trustees" at its August 13, 2026 meeting or September 15, 2026 meeting, because the information requested is not the "subject" of Plaintiff's Notice of Supplemental Authority and does not seek information related to the "substance, justification, mechanics, and process" of the Board at its August and September meetings, and is thus not within the Court's requirement that discovery on Plaintiff's Notice be conducted "to the extent permitted" by the Court's scheduling order. Defendants object that this request seeks information that is unduly burdensome to obtain under an expedited discovery timeline to the extent it seeks information outside the custody, control, or possession of Center Management, as set forth in General Objection No. 10. Defendants object to the extent that this request seeks information protected by the attorney-client and executive privileges, as set forth in General Objection Nos. 2 and 3. Defendants will construe this request as seeking non-privileged information regarding the prospect of constructing an outdoor amphitheater on the site of the Kennedy Center's main building in the custody, control, or possession of the Center's Management.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: deny.

55. Admit that Defendants' statement in ECF No. 68 that the Kennedy Center may be "required to be taken down" was based, in whole or in part, on communications with the Chairman.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request, which requests information about the basis of a statement of argument made in a legal filing, directly seeks information protected by the attorney-client and attorney–work product privileges, as noted in General Objection No. 2. Defendants object that this request seeks information protected under the executive privilege, as set forth in General Objections Nos. 2 and 3.

**Response:** Consistent with the foregoing objections, defendants decline to answer this request.

56. Admit that the Kennedy Center experienced a decrease in total revenue from sources other than congressional appropriations after the Chairman's name was added to the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation imposed in the Court's scheduling order, because both the temporal scope and subject matter of this request fall outside the "substance, justification, mechanics, and process" of the Board at its August 13 and September 15, 2026 meetings, as set forth in General Objection No. 6. Defendants further object that this request seeks information that is publicly available, is accessible to Plaintiff, and would be less burdensome for Plaintiff to obtain than Defendants.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

57. Admit that the Kennedy Center experienced a decrease in ticket sales after the Chairman's name was added to the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation imposed in the Court's scheduling order, because both the temporal scope and subject matter of this request fall outside the "substance, justification, mechanics, and process" of the Board at its August 13 and September 15, 2026 meetings, as set forth in General Objection No. 6. Defendants further object that this request seeks information that is publicly available, is accessible to Plaintiff, and would be less burdensome for Plaintiff to obtain than Defendants.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

58. Admit that the Kennedy Center experienced a decrease in contributed revenue after the Chairman's name was added to the Kennedy Center.

**Objections:** In addition to the foregoing general objections and objections to definitions and instructions set forth above, which Defendants incorporate by reference here, Defendants object that this request seeks information outside the scope of the discovery limitation imposed in the Court's scheduling order, because both the temporal scope and subject matter of this request fall outside the "substance, justification, mechanics, and process" of the Board at its August 13 and September 15, 2026 meetings, as set forth in General Objection No. 6. Defendants further object that this request seeks information that is publicly available, is accessible to Plaintiff, and would be less burdensome for Plaintiff to obtain than Defendants.

**Response:** Subject to and without waiving the foregoing objections, Defendants respond as follows: admit.

As to the interrogatory responses, see attached verification.

Dated: September 30, 2026

As to all but the interrogatory responses:

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that Defendants' foregoing interrogatory responses are true and correct, to the best of my knowledge based on information that was made known to me in the course of my official duties.

Dated: September 30, 2026