**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOYCE BEATTY,**<br>Plaintiff,<br>v.<br>**DONALD J. TRUMP *et al.*,**<br>Defendants. | Case No. 25-cv-4480 (CRC) |

**OPINION AND ORDER**

Pending before the Court is Defendants' [65] Motion to File Under Seal and Plaintiff's [74] Motion to Unseal. For the reasons described below, the Motion to File Under Seal will be granted, and the Motion to Unseal granted in part. The Delta PowerPoint will be unsealed in full. The JLL Plan will also be unsealed, pending an opportunity for Defendants to propose narrowly tailored redactions and for Plaintiff to respond.

## I. Background

On August 13, 2026, the Board of the John F. Kennedy Center for the Performing Arts held a meeting to discuss, among other things, whether to close the Center's main building for renovations. See Bd. of Trs. Meeting Mins. (Aug. 13, 2026), Dkt. 68-3 at 5–12. According to the government, two documents informed the Board's deliberations:

1. a 163-page report, prepared by the company JLL, setting out construction details ("JLL Plan"); and
2. a short PowerPoint presentation, prepared by the Delta Construction Group, discussing the proposed renovations ("Delta PowerPoint").

See Dkt. 65-1 (JLL Plan); Dkt. 65-2 (Delta PowerPoint).

On August 18, 2026, Defendants attached both documents under seal as exhibits to the parties' joint status report. See Joint Status Report (Aug. 18, 2026), Dkt. 65 at 4 n.1. Defendants

explained that they "intend to rely on these materials in their forthcoming dispositive motion, but they must take steps to ensure that all sensitive information is properly redacted prior to those materials being made public." Id.

Plaintiff has since moved to unseal both documents in full. See Mot. to Unseal, Dkt. 74 at 1–2. As to the Delta PowerPoint, Defendants do not oppose unsealing. See Resp., Dkt. 80 at 1. As to the JLL Plan, however, Defendants oppose unsealing, either in full or in part with redactions. See id. at 5–6. Defendants state that the JLL Plan "includes sensitive information concerning the Center, a federal public building with high foot traffic in the D.C. area, including structural schematics, floor plans, points of ingress and egress, utility and maintenance infrastructure, and detailed information on restricted access areas." Id. at 3. In Defendants' view, the "public release of this kind of physical information of a federal public building of this nature would be unprecedented and could pose a material security risk to the building and those within." Id.

## II. Discussion

It is undisputed that the Delta PowerPoint should be unsealed in full. See Mot. at 11; Resp. at 1. The Court independently sees no reason to rebut the "strong presumption in favor of public access" to that document, which has become a flashpoint in these proceedings. Metlife, Inc. v. Fin. Stability Oversight Council, 865 F.3d 661, 665 (D.C. Cir. 2017) (citation omitted). Accordingly, the Clerk of Court will be ordered to unseal the Delta PowerPoint in full.

The only remaining dispute involves the JLL Plan. The dispute raises two issues: unsealing and redactions.

A. Unsealing

"The common law right of access attaches to 'judicial records,'" or documents intended to "influence a judge's decisionmaking." In re Los Angeles Times Commc'ns LLC, 28 F.4th 292, 296 (D.C. Cir. 2022) (citation omitted). The JLL Plan is a "judicial record," as Defendants seem to acknowledge. See Resp. at 3. Defendants rely on it extensively to support their motion for partial summary judgment and for dissolution of the preliminary injunction. See Defs.' Consol. Mem. in Support of Partial Summ. J. & Mot. to Dissolve the Prelim. Inj., Dkt. 89-1 at 9–11, 26, 30, 32.

"[T]here is a 'strong presumption in favor of public access to . . . judicial records." Leopold v. United States, 964 F.3d 1121, 1127 (D.C. Cir. 2020) (quoting United States v. Hubbard, 650 F.2d 293, 317 (D.C. Cir. 1980)). "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 599 (1978). In Hubbard, the D.C. Circuit laid out a six-factor test for deciding whether to seal court records:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Leopold, 964 F.3d at 1131 (quoting Metlife, 865 F.3d at 665). Judicial records may be kept under seal only if, after weighing the Hubbard factors, the court "concludes that justice so requires." Metlife, Inc., 865 F.3d at 666 (internal quotation marks omitted). "The burden to rebut the presumption of disclosure rests with the objecting party." In re McCormick & Co.,

Inc., Pepper Prods. Mktg. & Sales Pracs. Litig., 316 F. Supp. 3d 455, 464 (D.D.C. 2018).

Defendants have not met their burden to rebut the presumption of disclosure. The first Hubbard factor strongly favors unsealing. The JLL Plan was created for and used by the Board of a public trust deliberating how to use public funds to renovate a public building. Cf. In re L.A. Times Commc'ns LLC, 628 F. Supp. 3d 55, 64 (D.D.C. 2022) (concluding disclosure was warranted where documents related to "actions taken by a public official in his public capacity") (citation omitted).

The second factor likewise favors unsealing. It is undisputed that several national media outlets have already reported at least some of the contents of the JLL Plan. See Mot. at 8–9 nn.2–5 (collecting sources); Resp. at 4–5 (Defendants conceding that "the public is already well-informed about the Board's decision" in part due to "the fact of public reporting"). And several documents already on the public docket—which include hundreds of detailed photographs and many building schematics—reveal information about the Center's facilities. See, e.g., Dkt. 29-15 (2022 Comprehensive Building Plan); Dkt. 29-16 (2021 Comprehensive Building Plan: Presentation of Facts and Findings); Dkt. 29-18 at 25–64 (2024 Leak Investigation Report); Dkt. 88-3 at 80–298 (2021 Comprehensive Building Plan); see Wash. Post v. Robinson, 935 F.2d 282, 291 (D.C. Cir. 1991) (disfavoring sealing where other sources already confirm information at issue). When "much of the critical information is already in the public forum . . . this factor weighs in favor of unsealing[.]" In re Application of N.Y. Times Co. for Access to Certain Sealed Ct. Recs., 585 F. Supp. 2d 83, 93 (D.D.C. 2008).

Due to Defendants' objection, the third factor favors sealing, but only weakly since "there is no third party objection." Hyatt v. Lee, 251 F. Supp. 3d 181, 185 (D.D.C. 2017). The fourth factor likewise tips toward sealing, given the safety and security interests ostensibly at

stake. See In re N.Y. Times Co., No. MC 21-91 (JEB), 2021 WL 5769444, at *8 (D.D.C. Dec. 6, 2021).

The fifth factor weighs toward unsealing. Defendants do not argue that the release of the JLL Plan will cause "prejudice in future litigation." Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021); see United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020) (discussing "legal prejudice"). Nor does the Court see any legal prejudice that will result.

Finally, the sixth factor strongly militates toward unsealing. Again, Defendants introduced and extensively rely on the JLL Plan in this case. That alone heavily favors unsealing. See Vanda Pharms., 539 F. Supp. 3d at 57–58 (explaining that the sixth factor favors disclosure where, as here, "the parties explicitly intended the Court to rely on the sealed materials in adjudicating their dispute" and the documents are "relevant to the central claims of the litigation" (citations and internal quotation marks omitted)).

On balance, the Hubbard factors favor unsealing the JLL Plan.

B. Redactions

Although wholesale sealing of the JLL Plan is inappropriate, the Court out of an abundance of caution will exercise its discretion and allow Defendants to propose narrowly tailored redactions within one week of this Order. See Abdelhady v. George Wash. Univ., 89 F.4th 955, 959 (D.C. Cir. 2024) (citing Rule 5.2(d) and explaining that a court has "the option to order sealing of the entire document or the filing of a redacted version on the public docket"). Plaintiff indicates her amenability to that approach, see Reply at 6, and Defendants offer no reason why targeted redactions will not suffice to protect any safety and security interests. The vast majority of the JLL Plan appears to contain information that is non-sensitive or already

publicly available. The Court makes clear that any redactions proposed by Defendants "must be narrowly tailored and specifically supported." In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Pracs. Litig., 316 F. Supp. 3d 455, 468 (D.D.C. 2018).

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' [65] Motion to File Under Seal is GRANTED. It is further

**ORDERED** that Plaintiff's [74] Motion to Unseal is GRANTED IN PART. The Clerk of the Court shall unseal in full the [65-2] Delta PowerPoint. Defendants shall submit to Plaintiff and the Court any proposals for narrowly tailored redactions to the [65-1] JLL Plan, accompanied by particularized and substantial written justifications, no later than October 14, 2026. Plaintiff shall file any response to the proposed redactions no later than October 19, 2026. The Court will then review the proposals and rule by separate order.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: October 7, 2026