**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>*Defendants.* | Civil Action No. 25-4480 (CRC) |

**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

On Monday, October 5, 2026, Plaintiff filed her motion to compel discovery to which Defendants have objected pursuant to the Presidential Communications Privilege. On the evening of Tuesday, October 6, 2026, the Court *sua sponte* ordered Defendants to file a response by Friday, October 9, three business days later. Defendants respectfully request an extension of two additional business days, to Wednesday, October 14, 2026. There is good cause for this request, for the reasons set forth below.

1. Defendants will be prejudiced by being required to file their response by October 9, for a number of reasons. Plaintiff's motion is relatively long—25 pages—on a complex and weighty issue of law that warrants a reasonable time to provide a response.

2. Beyond the ordinary burdens of responding to a complex motion, Plaintiff's motion poses particular burdens and unique separation-of-powers concerns that militate against the exceedingly short time ordered by the Court for a response and support a slightly longer schedule. As the Supreme Court has recognized in *Cheney v. District Court*, 542 U.S. 367 (2004), and its progeny, the burden on the Executive of asserting the privilege itself is significant, and requiring

the Executive to do so is itself a significant exercise impacting separation of powers concerns. *Id.* at 388 ("*Nixon* does not require the Executive Branch to bear the onus of critiquing the unacceptable discovery requests line by line. Our precedents suggest just the opposite."); *Trump v. Mazars USA, LLP*, 591 U.S. 848, 864 (2020) ("[I]nformation subject to executive privilege deserves 'the greatest protection consistent with the fair administration of justice.' " (quoting *United States v. Nixon,* 418 U.S. 683, 715 (1974))).

3. The tightly compressed schedule further prejudices Defendants in light of other obligations of counsel, both in this case and outside it. Under the ordinary operation of Local Civil Rule 7(b), and as Plaintiff effectively conceded was appropriate by her failure to seek expedited consideration of her motion when she filed it, Defendants would have until Monday, October 19, 2026 to file their response. Consistent with Plaintiff's failure to seek expedited treatment of their motion, Defendants expected at the time they received Plaintiff's motion, through the time of the Court's order, that they would have until October 19 to file their response.

4. The majority of Defendants' counsel has spent the full business days from Monday October 5 to Wednesday October 7 in depositions in the instant case, consistent with the schedule set forth in the Court's Scheduling order, ECF No. 82, further limiting their ability to work on a response.

5. In addition, certain counsel for Defendants are unavailable on October 9—the date the Court ordered Defendants' response—and the Holiday weekend that follows as a result of pre-scheduled travel, and are unable to work on the response during that time.

6. In contrast to the prejudice to Defendants if the requested extension is granted, there is no prejudice to Plaintiff if the limited 2-business day extension is granted. As of this filing, Plaintiffs have obtained the full amount of discovery they requested for merits discovery in the

case. This includes: five depositions and 25 interrogatories, as well as approximately 6,800 pages of documents and responses to 44 requests for admission. *See* ECF No. 63 at 14 (Proposed scheduling order seeking "viii. Limits on numbers of interrogatories per side – 25[;] ix. Limits on number of depositions per side – 5 plus number of designated experts . . ."). This is more than sufficient for Plaintiff to respond to Defendant's pending motion to dissolve the preliminary injunction, which was the basis on which the Court ordered discovery in the first place. As explained in that motion, upon the showing that a board adequately and in good faith considered sufficient information and prudently undertook a decision made in light of the purposes of the trust, a court "will not . . . interfere." *Shelton v King*, 229 U.S. 90, 94 (1913). The finding that the trustees satisfied the "minimum requirements" of their duties with "due care and some modicum of independence," ECF No. 50 at 92, and did so while "acting bona fide," *Shelton*, 229 U.S. at 94, ends a court's inquiry into the lawfulness of the action at issue. *See* ECF No. 88-1 at 40-41. All of the discovery Plaintiff has received supplements the more than 1500 pages of analysis and documents provided to the Board over the course of two meetings over the course of over a month, which are sufficient to resolve the motion in Defendants' favor.

7. Pursuant to Local Civil Rule 7(m) Defendants requested Plaintiff's position on the relief requested in this motion. Plaintiff provided the following response:

> Plaintiff would not normally oppose an extension in the interests of collegiality. But it is untenable for her response to Defendants' motion to vacate and for summary judgment to be due before the Court has papers from the government that would enable it to evaluate the privilege dispute, and its relationship to Defendants' failure to produce responsive documents to which they do not claim privilege. Plaintiff's position is that any extension of Defendants' response to the motion to compel should be accompanied by a modest 1–2-week extension of the deadline to complete discovery, and a corresponding adjustment of the briefing schedule. Plaintiff otherwise must respectfully oppose an extension.

Dated: October 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*