**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br>*Plaintiff*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 25-4480 (CRC) |

**PARTIES' PROPOSED BRIEFING SCHEDULE**

Pursuant to the Court's October 9, 2026 Order, the parties provide their respective positions on bifurcated briefing for Defendants' pending motion to vacate/dissolve the preliminary injunction (ECF No. 88) and their pending motion for partial summary judgment (ECF No. 89).

**A. Defendants' Statement:**

On October 9, the Court issued a scheduling order that, in large part, adopted Defendants' view of the scope of remaining discovery in this litigation, save for the production of FY26 financial data "sufficient to show the Center's financial performance and condition over FY 2026" and the production of any additional communications (*i.e.*, text messages) "falling with the scope of the discovery order." ECF No. 103 at 4, 6. The Court also ordered that briefing of Defendants' pending motions be bifurcated to two different schedules, noting that "[b]oth parties seem amenable to bifurcating briefing on the two pending motions." *Id.* at 8 (citing Defs.' Resp. to Pl.'s Discovery Position Statement at 2 n.1, ECF No. 97). Indeed, as they noted in their response, Defendants "maintain" that "any extension of the briefing schedule for the dissolution motion would significantly prejudice Defendants" and "do not oppose bifurcation of the consideration of

the motions so long as the extension of the summary judgment briefing schedule is 'very brief.' " ECF No. 97 at 2 n.1.

In that vein, Defendants oppose Plaintiff's request to extend the briefing schedule for the pending dissolution motion. The extensive discovery already conducted provides Plaintiff more than sufficient opportunity to oppose the pending motion without further extension of that briefing schedule. Indeed, Defendants understand the Court's recent discovery order to bear primarily on the extent of discovery warranted for full consideration of Defendants' pending summary-judgment, not on the necessary discovery that might be (and has been) obtained to meaningfully litigate the dissolution motion, which concerns a *preliminary* merits determination rather than a final one.[1] Defendants below propose retaining the existing briefing schedule for the dissolution motion that the Court previously entered:

| | |
|---|---|
| Plaintiff's Opposition to Defendants' Motion to Dissolve or Vacate the Preliminary Injunction | **October 16, 2026** |
| Defendants' Reply in Support of their Motion to Dissolve or Vacate | **October 23, 2026** |

Defendants have acquiesced in bifurcation of the pending preliminary-injunction and summary-judgment motions, though any extension of the summary-judgment briefing schedule should be "very brief." *Id.* at 2 n.1. Only a brief extension of the summary-judgment schedule is warranted given the unnecessary and non-proportional burdens that any extended discovery would impose on Defendants, considering the limited scope of review that this Court applies to decisions made by boards of trustees. *See, e.g.*, ECF No. 97 at 6–7 (explaining that Defendants have a right

[1] Plaintiff outlines a set of requests she believes Defendants have failed to satisfy. Other than FY26 financial data, which Defendants are in the process of producing, Defendants have yet to finalize their views on whether those assertions are accurate. But Defendants anticipate informing Plaintiff that, largely, she has either already received much of the information she alleges is outstanding or that her additional requests are out of scope.

to enforce the limitations in the Court's discovery orders); *see also* ECF No. 103 at 5–6 (endorsing the government's view of the limitations of the Court's discovery order as applied to a withdrawn Board resolution and to information "bearing on the reasoning behind the Board's now-enjoined initial decision to close the Center"). Because the Court has unequivocally ordered that no new discovery requests be made, *see* ECF No. 103 at 8, and in the interests of judicial economy, Defendants now join Plaintiff's proposal to defer summary judgment briefing until the resolution of the motion to dissolve or vacate the preliminary injunction, though Defendants ask that the Court set Plaintiff's response deadline for two weeks after the Court's resolution of the dissolution motion. But Defendants continue to oppose strongly any further extension or expansion of discovery.

**B. Plaintiff's Statement:**

Consistent with the only reasonable reading of the Court's recent order, Plaintiff's response to Defendants' motion to vacate the preliminary injunction should remain due 1-week following the close of discovery on October 23, 2026. Setting that deadline any sooner would unfairly require Plaintiff to brief the motion before Defendants are even required to produce discovery that the Court expressly found relevant to its resolution, effectively nullifying the Court's discovery order. In light of the parties' agreement regarding bifurcating the proceedings, Plaintiff proposes that her response to Defendants' summary judgment motion and any summary judgment motion she files should be deferred pending the Court's resolution of the motion to vacate. This schedule would enable the parties to litigate summary judgment with the benefit of this Court's decision on the motion to vacate.

Plaintiff understood the Court's order to extend the close of discovery to October 23, and to contemplate at minimum a corresponding adjustment of the time to file her response to the motion to vacate. Plaintiff's intent was, consistent with the Court's original schedule, to file her

response to the motion to vacate 1 week after the close of discovery, meaning Plaintiff would not ask for any additional time beyond the additional 2 weeks the Court ordered to complete discovery. Plaintiff was very surprised, therefore, when Defendants stated by email that they "are not open to negotiating any extension of the dissolution-motion briefing period." Defendants instead believe that Plaintiff should be required to file a response to the motion to vacate by October 16, even though discovery—including discovery this Court found to be directly relevant to the equities of that motion—will not be complete for another week thereafter. Under Defendants' proposed schedule, Plaintiff would be required to submit her opposition before she has had an opportunity to resolve outstanding discovery disputes relevant to that motion and before Defendants are even required to produce the evidence the Court has ordered them to provide.

Defendants' proposal to require Plaintiff to oppose their motion to vacate before expedited discovery closes is practically infeasible and would render the Court's order extending discovery meaningless. For example, as the Court explained, the FY26 financial documents "implicate the equities of lifting the current injunction." But Plaintiff has not received any of those documents as of Tuesday morning. When Defendants produce the documents, Plaintiff will need adequate time to analyze them so that she can meaningfully respond to the motion to vacate. Defendants' insistence that Plaintiff brief the motion *without* the discovery the Court ordered makes no sense.

The FY26 financial documents, moreover, are just one example of the outstanding discovery to which Plaintiff is entitled. There are numerous other requests that are highly pertinent to the motion to vacate, including, to pick a few: information in text messages, which Defendants did not search at all, but which depositions confirmed were used by Kennedy Center

management to communicate; multiple questions which Mr. Floca was unable to answer, when testifying as a 30(b)(6) witness; communications with JLL and Delta which were not provided to Plaintiff; and multiple specific documents Plaintiff identified and which were not provided. Even if Defendants disclose all of that information immediately, it would be practically impossible for Plaintiff to analyze it and meaningfully prepare and submit briefing for the Court in three days. On top of that, the Court also contemplated allowing Plaintiff additional time to meet-and-confer with Defendants on outstanding disputes about Defendants' search process (which she has begun to do) and to seek Court resolution if necessary, which Defendants' briefing proposal would render a nullity. Moreover, under Defendants' approach, Defendants could withhold producing documents until October 23—and thereby deprive Plaintiff of the ability to rely on the discovery the Court ordered for the very purpose of adjudicating the motion to vacate.

Contrary to Defendants' assertion, Plaintiff did not understand the Court to have "adopted Defendants' view of the scope of remaining discovery in this litigation," or to have decided that Plaintiff has "obtained" all the discovery to which she is entitled "to meaningfully litigate the dissolution motion." Quite the opposite. Defendants had requested the Court "immediately" close discovery and "immediately" grant Defendants' pending motion to vacate or dissolve the preliminary injunction," without even waiting for Plaintiff's response. ECF No. 90 at 1-2. The Court did not adopt that approach. Instead, the Court explained that it had enabled Plaintiff to develop "evidence related to the merits of the Board's decision and the equities surrounding its request to lift the preliminary injunction." ECF No. 103 at 2. Consistent with Plaintiff's request in her discovery position statement, the Court extended discovery for 2 weeks; sided "mostly with Plaintiff" with respect to the FY26 financials; reiterated that "the

circumstances surrounding the [DEMOLITION] photograph, and what it may say about any intention to deviate from the renovation plans that have been presented to the Court, are within the scope of the Court's discovery order"; confirmed that the government must produce text messages; confirmed that the government must produce documents regarding "the duration of the availability of appropriated funds"; directed "the parties to interpret" its discovery "order in good faith" with respect to other ongoing disputes; reiterated that "the Court stands ready to resolve specific disputes"; and "enlarged" "the discovery period" "slightly to accommodate the resolution of" "disputes." *Id*. at 7, 3. The Court should not allow Defendants to relitigate its order.

The motion to vacate is extraordinarily important. It will potentially determine whether Defendants will be permitted to change the facts on the ground in ways that could impact the course of this litigation. Meanwhile, as this Court has consistently reiterated, Defendants can conduct renovations. The Court should not require Plaintiff to submit a response to the government's motion in **three days**, without the discovery the Court ordered and based on Defendants' unilateral assertion that Plaintiff has had all the discovery to which she is entitled. If the Court adopts Defendants' schedule, Plaintiff would have no option but to move for an extension of that date based on the practical infeasibility of filing in three days.

Accordingly, Plaintiff submits that the only fair schedule for briefing on Defendants' Lift Motion, that does not reward Defendants for delays and deficiencies in their responses to discovery to date, is as follows:

| | |
|---|---|
| Plaintiff's Opposition to Defendants' Motion to Dissolve or Vacate the Preliminary Injunction | **October 30, 2026** |
| Defendants' Reply in Support of their Motion to Dissolve or Vacate | **November 6, 2026** |

Plaintiff agrees with Defendants to defer summary judgment briefing until the resolution of the motion to dissolve or vacate the preliminary injunction. Plaintiff proposes that, following the Court's decision, the parties should confer and propose an appropriate schedule for further proceedings. Plaintiff opposes Defendants' request to preset now a lightening-fact schedule under which she must rapidly file for summary judgment two weeks after the Court decides the motion to vacate. Instead, the Court should defer establishing a briefing schedule until after deciding whether to lift the preliminary injunction, at which point the parties can evaluate any outstanding issues in light of the Court's decision, including whether the discovery completed by that point is sufficient to decide the merits of the case and whether the preliminary injunction could be converted to a final judgment under Rule 65.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Nathaniel A.G. Zelinsky*
NATHANIEL A.G. ZELINSKY
(D.C. Bar No. 1724093)
KYLE R. FREENY
(D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
(D.C. Bar No. 90045623)

WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
kfreeny@washingtonlitigationgroup.org
nzelinsky@washingtonlitigationgroup.org

NORMAN EISEN
(D.C. Bar No. 435051)
STEPHEN JONAS
(D.C. Bar No. 90037069)
DAVID OGDEN
(D.C. Bar No. 375951)

DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, William S. Jankowski, hereby certify that on October 13, 2026, I electronically filed the foregoing, and all its attachments, using the Court's CM/ECF system, which automatically serves this document upon all counsel of record, in keeping with LCvR 5.4(d).

*/s/ William S. Jankowski*
William S. Jankowski

*Counsel for Defendants*