UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOYCE BEATTY,<br>Plaintiff,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>Defendants. | Civil Action No. 25-4480 (CRC)<br><br>**DECLARATION OF JOSHUA T. HOYT** |

## DECLARATION OF JOSHUA T. HOYT

I, Joshua T. Hoyt, declare:

1. I currently hold the position of Deputy Assistant to the President and Deputy Counsel to the President. In this capacity, I am responsible for, among other things, providing legal advice to the President and White House staff, including advice on matters involving the invocation of the presidential communications privilege.

2. At the direction of the President, I submit this declaration formally invoking the presidential communications privilege with respect to information, documents, and communications requested in discovery by Plaintiff. I base this declaration on my personal knowledge, information made available to me in the performance of my duties, and my knowledge of the issues being litigated in the above-captioned case.

3. I am aware that, upon consultation with the Office of the Counsel to the President, the United States has withheld certain information, documents, and communications on the basis of the presidential communications privilege.

4. On behalf of the Office of the President, to the extent that Plaintiff requests information, documents, or communications shared between the President, his advisors, and/or employees of the

Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center, I hereby assert presidential communications privilege over that information or those materials.

5. The fact that my assertion is limited to the presidential communications privilege is in no way intended to suggest that the information, documents, or communications are not protected in whole or in part by other privileges.

6. The information, documents, or communications as to which the presidential communications privilege is being asserted consist of information, documents, and communications shared between the President, his advisors (government and non-government), and Kennedy Center staff, pertaining to the management and operation of the John F. Kennedy Center for the Performing Arts. This includes communications that do not include the President but are to or from his advisors and/or Kennedy Center staff and for the purpose of gathering information, exploring alternatives, and preparing recommendations for the President concerning the management and operation of the Center, or for the purpose of communicating the President's decisions.

7. To the extent that Requests for Production 1, 4, 6, 12, 13, 15, 23, 38, 39, and 45 request documents and communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center, I hereby assert presidential communications privilege over those documents or communications.

8. To the extent that Interrogatories 5, 6, 13, 19, 21, and 23 request information concerning documents and communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center, I hereby assert presidential communications privilege over that information or those documents and communications.

9. To the extent that Requests for Admission 42, 43, 44, 46, 48, 49, 50, 51, 53, 54, and 55 request information concerning documents and communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center, I hereby assert presidential communications privilege over that information and those documents and communications.

10. Additionally, the communications as to which presidential communications privilege is being asserted include, but are not limited to, any discussions within the scope of any answer to the questions in the deposition transcript of Joe LaFauci at 72:10-12, 218:21-22, 221:5-7, and 227:3-5 to the extent those answers would disclose communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center. This includes, for example, communications involving Secretary Howard Lutnick that relayed presidential decision-making or were intended to inform presidential deliberations.

11. Additionally, the communications as to which presidential communications privilege is being asserted include, but are not limited to, any discussions that would be within the scope of any answer to the questions in the deposition of Matthew Floca at 34:6-8, 147:3-7, 162:13-15, 194:8-11, 195:11-12, 273:6-8, and 274:16-276:11 to the extent those answers would disclose communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center. This includes, for example, communications involving Secretary Howard Lutnick that relayed presidential decision-making or were intended to inform presidential deliberations.

12. Additionally, the communications as to which presidential communications privilege is being asserted include, but are not limited to, any discussions that would be within the scope of any answer to the questions in the deposition of Matthew Floca, in his capacity as a Rule 30(b)(6) witness,

at 95:12-15, 96:12-15, 206:16-17, 207:9-14, 215:5-10, 216:8-14, 235:6-10, 251:3-5, 253:15-17, 297:21-298:2, 299:11-301:14 to the extent those answers would disclose communications between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the President's duties and the effective functioning of the Kennedy Center. This includes, for example, communications involving Secretary Howard Lutnick that relayed presidential decision-making or were intended to inform presidential deliberations.

13. The President appoints general trustees of the Kennedy Center's Board. *See* 20 U.S.C. § 76h(b). The President must familiarize himself with the Kennedy Center's management, operations, and performance to ensure that these trustees and any trustees to be appointed in the future are well-suited to meeting the challenges facing the Kennedy Center, are capable of managing the Center ably and in accordance with their duties and statutory obligations, and are in fact managing the Center ably and in accordance with their duties and statutory obligations. Relatedly, the President appoints members of the Advisory Committee on the Arts, which is tasked with advising and consulting with the Board and making recommendations to the Board regarding existing and prospective cultural activities to be carried out by the Center, along with assisting the Board in the solicitation and acceptance of gifts. *See id.* § 76h(c). The President must familiarize himself with current and planned cultural activities, along with the Board's fundraising efforts, to ensure that the committee members he designates are well-suited to meeting the challenges facing the Kennedy Center, are capable of advising and assisting the Board in accordance with their duties and statutory obligations, and are in fact advising and assisting the Board ably and in accordance with their duties and statutory obligations. The President's communications in furtherance of these duties overlap with the President's duties as Chairman of the Board. The communications that Plaintiff seeks are those between the President, his advisors, and/or employees of the Kennedy Center who provided advice to the President and his staff concerning the

President's duties and the effective functioning of the Kennedy Center. These communications were intended to be confidential and have remained confidential.

14. I believe that, without the protection of the presidential communications privilege over the communications described above, presidential advisors and their staff members would be chilled from gathering relevant information, exploring alternatives, and providing fully informed recommendations regarding the performance of the President's duties.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of October 2026.

Joshua T. Hoyt
Deputy Assistant to the President and
Deputy Counsel to the President