**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOYCE BEATTY,

*Plaintiff*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

No. 25 Civ. 4480 (CRC)

## PLAINTIFF'S REQUEST FOR LEAVE TO PRESENT LIVE TESTIMONY

Plaintiff Joyce Beatty respectfully moves, under Federal Rule of Civil Procedure 43(c) and Local Civil Rule 65.1(d), for leave to call Defendant Matthew Floca as a witness at the hearing on Defendants' Motion to Dissolve the Preliminary Injunction, ECF No. 88. Plaintiff estimates that the examination will take no more than 90 minutes. The examination will focus on the Center's financial condition and its relationship to closure, the information management provided to and withheld from the Board, and key documents Defendants produced only after Floca's depositions. Live testimony is necessary to permit the Court to test his credibility on disputed issues of fact and to resolve material discrepancies between his testimony and the documentary record revealed by Defendants' untimely production of documents after the conclusion of depositions.

## LEGAL STANDARD

A party "who wishes to offer live testimony or cross-examine an affiant at the hearing" on a preliminary injunction "shall so request in writing" at least 72 hours in advance, identifying the witness and the time required. LCvR 65.1(d). Although the general practice is to decide such motions without live testimony "where possible," *id.*, the D.C. Circuit has held that "if there are

genuine issues of material fact raised in opposition to a motion for a preliminary injunction," "an evidentiary hearing is required." *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004). "Particularly when a court must make credibility determinations to resolve key factual disputes," "it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing." *Id.* The same principle would apply when a party asks the Court to dissolve an injunction.

## ARGUMENT

### I. The Court Heard Mr. Floca Live Last Time, and His Testimony Mattered

The Court has done this before. At the preliminary injunction hearing in the related *DC Preservation League* case, Mr. Floca testified at the plaintiffs' request, and the Court "allowed Beatty's counsel to briefly cross-examine him." Mem. Op. at 23, ECF No. 50; *see* ECF No. 45-1 ("DCPL Hr'g Tr.") at 87. The Court then relied on that testimony in assessing the feasibility of phased renovation and the lack of key analyses in deciding to close the Center. *Id.* at 13, 16–17, 79. It also expressly evaluated Mr. Floca's credibility, crediting his testimony on the need for repairs while identifying "some conspicuous oddities in Mr. Floca's story" and finding one of his explanations "unconvincing at best." *Id.* at 80 n.32, 81.

Some of the same questions are before the Court again, and Mr. Floca is again the witness through whom Defendants present them. The case for hearing his live testimony is stronger now than it was in April. Discovery has produced a fuller record against which his statements can be tested, and that record reveals significant discrepancies warranting further examination.

### II. Material Factual Disputes and Newly Produced Evidence Warrant Live Testimony

Mr. Floca has already testified in his individual capacity and as the Center's Rule 30(b)(6) designee. But that testimony left significant factual disputes unresolved, and Defendants

subsequently produced critical documents only after those depositions, depriving Plaintiff of an opportunity to question him about them. Among the matters warranting live examination are:

- **The Center's finances.** Mr. Floca helped prepare a resolution warning of "certain fiscal collapse within weeks." ECF No. 88-8 at 56; Floca Dep. 261:16–18. Yet three weeks later, he was evasive in answering questions in his deposition about the accuracy of that representation and further testified that the Center's ability to make payroll was "[g]ood." *See* Pl's Opp. at 44.

- **The origin of the two-year closure.** Mr. Floca previously attested that he recommended a 24-month closure to the President. At his deposition, however, he attributed the decision to Trump's Truth Social announcement. *See* Pl.'s Opp. at Part I.C. A JLL document produced only after his depositions identifies the two-year closure as an absolute constraint "driven by Presidential mandate." *Id.*

- **The feasibility of phased renovation and information withheld from the Board.** Mr. Floca told the Board that phased construction would double the cost and that the consultants were unified in favoring closure. But on October 19, after his depositions, Defendants produced a new JLL plan that analyzed an occupied renovation, found it technically feasible, and estimated a substantially smaller cost premium. *See* Pl's Opp. at 12-13.

- **Management's role in shaping the consultants' work.** Text messages produced after Mr. Floca's deposition reveal that he and Mr. Lutnick were heavily involved in shaping the presentation by Delta Consulting, in ways not previously disclosed. *See* Pl's Opp. at 33-34.

These are not peripheral matters. They bear directly on the financial and operational justifications Defendants advance for dissolving the injunction, the information on which the Board relied, and the circumstances surrounding the closure decision. The existing deposition record leaves important questions about Mr. Floca's testimony unanswered, particularly where Defendants produced key evidence only after his depositions.

Defendants oppose this request for Mr. Floca's live testimony and have requested that Plaintiff convey their position as follows:

> Defendants do not believe a hearing is necessary on Defendants' pending motion to dissolve the preliminary injunction at all, given the extensive record in the case and the narrow scope of the remaining legal issues, as the law provides broad discretion to boards of trustees to make decisions. To the extent the Court believes that a hearing would be

helpful, however, Defendants oppose Plaintiff's request to take the testimony of Matt Floca at any such hearing. Discovery in this litigation has been especially burdensome for Mr. Floca, in particular, who has already sat for two days of depositions and provided extensive record information, through counsel, to Plaintiff. Plaintiff also already had the opportunity to question Mr. Floca at the previous preliminary injunction hearing. Additional live testimony is wholly unnecessary and would be duplicative of extensive record evidence. Indeed, Defendants maintained that no discovery was warranted or necessary to resolve their pending motions to begin with. The extensive discovery propounded since strengthens that position further—no additional evidentiary record (let alone live witness testimony) is required. And the additional burden to Mr. Floca, who is responsible for leading the Center and who faces significant time constraints as a result of that responsibility, would far outweigh any value the testimony might serve. In sum, live testimony at a hearing, to the extent a hearing is even necessary, would be duplicative of extensive existing evidence, would be significantly burdensome, and risks distracting from the Court's resolution of the outstanding legal issues.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff leave to call Mr. Floca as a witness at the hearing on Defendants' Motion to Dissolve the Preliminary Injunction.

Dated: October 30, 2026

Respectfully submitted,

/s/ Kyle R. Freeny
NATHANIEL A.G. ZELINSKY
(D.C. Bar No. 1724093)
KYLE R. FREENY
(D.C. Bar No. 1684764)
ALEXANDER KRISTOFCAK
(D.C. Bar No. 90045623)
ROSA L. BAUM
(D.C. Bar No. 90032839)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

NORMAN EISEN
(D.C. Bar No. 435051)
STEPHEN JONAS
(D.C. Bar No. 90037069)
DAVID W. OGDEN
(D.C. Bar No. 375951)
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*