# H

**In the Matter Of:**

*JOYCE BEATTY vs*

*DONALD J. TRUMP, et al.*

---

*CARISSA FAROUGHI*

*October 02, 2026*

---

LEXITAS™

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - -x

JOYCE BEATTY, :

Plaintiff, :

v. : Case No.

DONALD J. TRUMP, et al., : 25 Civ 4480 (CRC)

Defendants. :

- - - - - - - - - - - - - - - -x

Friday, October 2, 2026
Washington, D.C.

Deposition of:

CARISSA FAROUGHI,

called for oral examination by counsel for the Plaintiff, pursuant to notice, at the law offices of Washington Litigation Group, 1717 K Street, Northwest, Suite 1120, Washington, D.C. 20006, before Christina S. Hotsko, RPR, CRR, CA CSR, of Lexitas, a Notary Public in and for the District of Columbia, beginning at 9:25 a.m., when were present on behalf of the respective parties:

A P P E A R A N C E S

On behalf of Plaintiff:
ALEXANDER KRISTOFCAK, ESQUIRE
KYLE R. FREENY ESQUIRE
Washington Litigation Group
1717 K Street, Northwest, Suite 1120
Washington, D.C. 20006
(202) 521-8750

On behalf of Defendants:
BRANTLEY MAYERS, ESQUIRE
STEPHEN TAGERT, ESQUIRE
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, Northwest
Washington, D.C. 20530-0001
(202) 514-2000

On behalf of the Witness:
DAVID SEIDE, ESQUIRE
Government Accountability Project
1612 K Street, Northwest, Suite 808
Washington, D.C. 20006
(202) 457-0034

C O N T E N T S


| EXAMINATION BY: | PAGE |
|---|---|
| Counsel for the Plaintiff | 06 |
| Counsel for the Defendants | 97 |

| FAROUGHI DEPOSITION EXHIBITS: * | | PAGE |
|---|---|---|
| Exhibit 9 | 2021 Comprehensive Building Plan | 12 |
| Exhibit 10 | 2022 Comprehensive Building Plan | 12 |
| Exhibit 11 | Field Observation Report | 46 |
| Exhibit 12 | The Kennedy Center Waterproofing and Leak Investigation and Repairs, 6 May 2024 | 46 |
| Exhibit 13 | ECF 88-8 | 67 |
| Exhibit 14 | JFKC Funds Requisition 08/08/2025 | 82 |
| Exhibit 15 | Requisition Processing Portal CANCEL - AE Design Services Contract | 83 |
| Exhibit 16 | JFKC Funds Requisition 09/10/2025 | 90 |
| Exhibit 17 | Kennedy Center Exterior/Interior Paint Project, Budget Sheet | 92 |


* (Exhibits attached to transcript.)

Q. Did you review any of the documents?
A. I have seen the documents.
Q. How did you see the documents?
A. They were provided to me by my attorney.
Q. Okay. Do you know how he received the documents?
MR. SEIDE: Objection. Direct the witness not to answer on attorney-client privilege grounds. You're asking her how I got the document, correct? That's attorney work product.
MR. TAGERT: No, it's not.
MR. SEIDE: Well, you can note it for the record. I direct the witness not to answer.
BY MR. MAYERS:
Q. To clarify, you haven't discussed your testimony with plaintiff's counsel?
A. Pardon me?
Q. You have not discussed your testimony today with plaintiff's counsel before the start of the deposition?
A. No. We did meet earlier this week.

MR. SEIDE: With counsel present.

THE WITNESS: With counsel present.

MR. SEIDE: With counsel present, i.e., me.

MR. TAGERT: It's not privileged just because you were there.

MS. FREENY: So I'm going to --

MR. SEIDE: It's privileged if there's a common interest.

MS. FREENY: Yeah, I'm going to say it is covered by the work product privilege. We've looked this up.

So I think -- you're entitled to know if she talked to counsel -- you know, had discussions with us, and she has said yes. You are not entitled to talk about the -- like, what we asked her. There's actually pretty clear case law. And I think we would instruct her also not to answer if you're going to probe attorney work product.

MR. TAGERT: You're deposing her as -- not as your witness.

MS. FREENY: Yeah. So that's -- she is a witness, and it's covered by the attorney work product privilege.

MR. SEIDE: The witness' counsel is independently objecting to this and is directing the witness not to answer.

MR. MAYERS: What is the common interest?

MR. SEIDE: I'm not going to put on the record anything about this. If you need to know more, communicate in writing or file a pleading.

MS. FREENY: Yeah. Our position is that questions about what we asked the witness is covered by the attorney -- or the attorney work product privilege. In the same way that -- right? -- if you guys talk to somebody who is a third party and we try to then say, like, oh, hey, we need to get whatever -- you know, we want to know, like -- we want your notes, we want your whatever, that is covered by the attorney work product privilege. And we have case law on this.

But if you want to -- do whatever you want, but that's our position.

MR. TAGERT: Okay.

BY MR. MAYERS:

Q. I can ask -- how many times did you meet?

MR. SEIDE: Direct the witness not to answer.

MR. TAGERT: No, that's not privileged. There's no way that's privileged. I have --

MR. SEIDE: Okay. Direct the witness not to answer.

MR. TAGERT: Okay.

MR. SEIDE: We'll see you in front of the magistrate.

MR. TAGERT: Okay.

BY MR. MAYERS:

Q. Were any documents shown during the meeting?

A. Yes.

Q. How many?

A. I don't recall.

Q. More than five?

MR. SEIDE: We'll stipulate for the record it was more than one.

BY MR. MAYERS:
     Q. And what documents were they?
          MR. SEIDE: Object. Direct the witness not to answer.
          MS. FREENY: Yeah. And we would also assert work product privilege over that. Those are documents that we, as plaintiff's counsel, selected, in our judgment and legal assessment of the case, to show the witness, covered by the work product privilege.
BY MR. MAYERS:
     Q. There have been a number of meetings?
          MR. SEIDE: Excuse me, I've already directed the witness not to answer that.
          MR. MAYERS: Okay.
BY MR. MAYERS:
     Q. When was the first meeting?
          MR. SEIDE: Direct the witness not to answer on the same grounds as...
BY MR. MAYERS:
     Q. Was it after May 1st?
          MR. SEIDE: Direct the witness not to

answer.
BY MR. MAYERS:
Q. Was it within the past week?
MR. SEIDE: Same objection.
BY MR. MAYERS:
Q. Did plaintiff's counsel reach out to you or did you reach out to them?
MR. SEIDE: That's the same objection as work product.
MR. MAYERS: How is that in and of itself work product?
MR. SEIDE: If you want to make a record and if you want to file a pleading, be my guest.
MR. TAGERT: That's what we're doing right now.
MR. SEIDE: I understand, and we respectfully object.
MR. MAYERS: That's your right --
MR. SEIDE: Thank you.
MR. MAYERS: -- as well. I'm not saying I don't understand --
MS. FREENY: So I'll just put on the