**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Civil Action No. 25-4480 (CRC) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

On November 9, 2026, Plaintiff moved for leave to file a sur-reply, *see* ECF No. 116, in further opposition to Defendants' Motion to Dissolve the Preliminary Injunction (ECF No. 88). Defendants oppose. Plaintiff identifies no new, material information for which a sur-reply might be warranted. She seeks only to reiterate prior arguments. Granting her leave to file her proposed sur-reply would be improper.

The only "new" information Plaintiff identifies is Mr. Floca's November 6 declaration, ECF No. 116-2 at 1, which the Court requested at the most recent status conference hearing. That declaration provides an update to the status of the temporary closure of the Center that Mr. Floca ordered in light of the emergent life-safety issues that developed at the Center in September 2026. But this temporary closure to address specific emergent safety needs has no bearing on the propriety of the Board's votes to close the Center for two years to conduct the full slate of necessary repairs and renovations of the building. And in no way does Mr. Floca's proposal to keep specific areas of the Center closed to public access (while reopening access elsewhere) undermine the Center's assertions that the building remains unsafe for full public occupancy. The remainder of

Plaintiff's arguments are simply a reiteration of her prior briefing. *See* ECF No. 116-1 at 1–3.

Plaintiff's sur-reply also demonstrates (again) why Plaintiff's requested testimony of Mr. Floca at the forthcoming hearing on Defendants' pending motion is neither necessary nor proper. Plaintiff contends that Mr. Floca should testify (in addition to his two days of deposition testimony and prior testimony in court) to address the Center's finances. But as described in Defendants' reply, Plaintiff has received audited financials for FY 2023 and FY 2024. And she further received complete transaction-level data for FY 2025 and FY 2026, as well as granular financial data underlying the Center's future-facing financial projections. Moreover, there is no dispute that the Center's finances have faced significant headwinds in recent months and years. Either way, Plaintiff offers nothing to indicate that the financial issues confronting the Center militate against the Board's closure decision—which would be the only reason further information about the finances, through live testimony from Mr. Floca, would be relevant to the motion at issue.

Plaintiff simply seeks to get the last word on Defendants' motion, in violation of the Federal Rules of Civil Procedure and the District's local rules, which contemplate that the movant has that right. The Court should deny the motion and disregard Plaintiff's proposed brief.

Dated: November 10, 2026

Respectfully submitted,

ERIC J. HAMILTON
Deputy Assistant Attorney General

BRANTLEY MAYERS
Counsel to the Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Branch Director

CHRISTOPHER M. LYNCH
Chief Litigation Counsel

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
(202) 353-7578
william.s.jankowski@usdoj.gov

*Counsel for Defendants*