**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br>*Plaintiff*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 25-4480 (CRC) |

**PLAINTIFF'S STATEMENT**

Plaintiff respectfully submits the following statement in response to the Court's November 4, 2026, minute order. For context, counsel for both parties were affected by the Outlook email outage occurring today. It is Plaintiff's understanding that Defendants will be seeking an extension to file the Joint Status Report due to the outage. Plaintiff also understands that Defendants will later be filing a document detailing the communications that were not disclosed pursuant to the presidential communications privilege. Given the upcoming hearing on November 19, 2026, however, Plaintiff wanted to file this statement today to provide the Court input on procedures that can resolve the outstanding privilege issues prior to the hearing.

~

Plaintiff believes that the Court can deny Defendants' motion to lift the preliminary injunction without resolving questions regarding the presidential communications privilege. The Court can instead rule in her favor based on the existing record, which makes clear that Defendants engaged in a sham process designed to rubber stamp a foreordained outcome. But the converse is not true. Because the withheld information goes directly to Defendants' claim for relief from the PI, the Court cannot *grant* Defendants' motion and lift the preliminary injunction without first

resolving their assertions of the presidential communications privilege. The withheld communications—which include 180 messages between Howard Lutnick and Matthew Floca, as well as numerous answers to questions in deposition—will almost certainly confirm what other documentary evidence suggests: the two-year closure is being driven by the Chairman's unreasoned and "absolute" "mandate," not the best interests of the Kennedy Center. Ex. F. at 15.

At this juncture, in the interests of limiting the issues the Court needs to resolve, Plaintiff does not seek to have the Court resolve any further discovery in connection with Defendants' pending motion aside from her pending motion to compel. To be clear: Plaintiff maintains her position that Defendants have not produced the kind of discovery normally expected in any case, let alone one of this magnitude. Should this case proceed to summary judgment, Plaintiff would certainly be entitled to additional discovery, including discovery that was not provided or could not have been sought previously (*e.g.*, because Defendants withheld key documents until after the production deadline). But to narrow the issues before the Court, Plaintiff does not seek that discovery at this time. Plaintiff also does not challenge Defendants' assertions of attorney-client privilege or work-product protection, including the portions of Log Nos. 4, 6, and 9 withheld on those grounds.

Instead, Plaintiff solely challenges each of Defendants' assertions of the presidential-communications privilege, which fall into three categories:

(1) **Withheld documents.** Log Nos. 1 through 9 of Defendants' October 23, 2026 privilege log, ECF No. 111-1, to the extent withheld on the basis of the presidential-communications privilege.

(2) **Written discovery responses.** Defendants' responses to Interrogatories 5, 6, 13, 19, 21, and 23; and RFAs 42, 43, 44, 46, 48, 49, 50, 51, 53, 54, and 55, to the extent Defendants withheld information on the basis of the privilege. *See* ECF No. 96 at 10 n.3; ECF No. 106-1 ¶¶ 7–12.

(3) **Deposition testimony.** Defense counsel's instructions not to answer at the depositions of Mr. Floca in his individual capacity and as the Center's Rule

> 30(b)(6) designee. *See* ECF No. 102-1 at 34:6–36:12, 147:4–148:21, 162:13–164:13, 195:11–197:4, and 273:6–277:7, and ECF No. 102-2 at 95:12–96:21, 206:16–209:1, 215:5–217:5, 235:6–20, and 297:21–301:15.

Plaintiff proposes that the Court resolve these disputes in the following manner.

*First, the withheld documents.* The Court should resolve the status of the logged documents first, whether based solely on the log or through *in camera review* as necessary. In Plaintiff's view, the log's own descriptions establish that the privilege does not attach at all to these documents. The entries concern the "operations," "management," and "renovation" of a non-profit. These are plainly not the kind of presidential decisions to which executive privilege attaches. *See* ECF No. 111 at 2-4; *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997).

Indeed, to determine whether privilege attaches, the Court does *not* ask whether the documents might have a political valence, as the Court posited during the most recent hearing. Instead, the narrow question, as defined by Defendants, is whether the communications reflect the President's deliberations concerning his exercise of his Article II powers to appoint members to the Board and to the President's Advisory Council on the Arts—the only two hypothetical powers Defendants have even identified as the basis of their privilege assertions. Based purely on the descriptions provided in the log, none of the withheld documents fit that bill. It also deserves repeating: the presidential communications privilege is qualified and can be overcome by the need for the evidence—as is surely the case here.

Plaintiff believes the logs themselves resolve these questions. But to the extent that the Court deems it necessary, Plaintiff would encourage the Court to conduct *in camera* review of the documents.

*Second, issue a ruling on documents prior to November 19, 2026.* The Court should rule on the withheld documents before the November 19 hearing. The Court should then require—at a

minimum—that Floca testify at that hearing as to those documents the Court has found not to be privileged.

*Third, provide guidance about the oral communications*. Plaintiff is optimistic that resolving the assertions of privilege with respect to the documents would provide guidance about the application of the privilege to any oral communications in advance of Floca's live testimony. The Court can provide further guidance *in limine* as to the additional oral communications that Defendants have identified as responsive to the deposition testimony. The Court could then entertain and resolve privilege-based objections at the hearing on a question-by-question basis, including with any *ex parte* proffers that may be necessary.

Plaintiff is hopeful this sequence would avoid the need for further briefing, but she stands ready to brief any issues that the Court may find helpful. To the extent that the Court concludes it cannot provide the necessary guidance *in limine* prior to Floca's testimony because Defendants have not provided sufficient information about the oral communications to evaluate the privilege inquiry, the Court should require Defendants to promptly provide any additional information necessary. If this cannot occur prior to November 19, then the Court should permit Plaintiff to reopen the depositions and should thereafter require further briefing on the relevance of that testimony.

Dated: November 12, 2026

Respectfully submitted,

/s/ Alexander Kristofcak
ALEXANDER KRISTOFCAK
(D.C. Bar No. 90045623)
NATHANIEL A.G. ZELINSKY
(D.C. Bar No. 1724093)
KYLE R. FREENY
(D.C. Bar No. 1684764)
ROSA L. BAUM
(D.C. Bar No. 90032839)
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
akristofcak@washingtonlitigationgroup.org

NORMAN EISEN
(D.C. Bar No. 435051)
STEPHEN JONAS
(D.C. Bar No. 90037069)
DAVID W. OGDEN
(D.C. Bar No. 375951)
DEMOCRACY DEFENDERS ACTION
600 Pennsylvania Avenue SE #15180
Washington, D.C. 20003
202-594-9958
norman@democracydefenders.org

*Attorneys for Plaintiff Joyce Beatty*